**Exhibit F**

# **Exhibit F-1**



June 16, 2023

*Via Overnight Mail and Email*

| | |
|---|---|
| Louis Blouin | Mathew Kabatoff |
| 376 Gin Lane | 376 Gin Lane |
| Southampton, New York 11968 | Southampton, New York 11968 |
| accounts@ltbholding.com | accounts@ltbholding.com |
| | |
| Brickchurch Enterprises (BVI) Ltd. | Aberdeen Enterprises (BVI) Ltd. |
| 165 Broadway, 23rd Floor | 165 Broadway, 23rd Floor |
| New York, NY 10006 | New York, NY 10006 |
| accounts@ltbholding.com | accounts@ltbholding.com |

Brickchurch Enterprises Holdings (BVI) Ltd.
165 Broadway, 23rd Floor
New York, NY 10006
accounts@ltbholding.com

Re:   First Notice of Event of Default and Reservation of Rights

Dear Ladies and Gentlemen:

Reference is made herein to (i) that certain Guaranty Agreement, dated December 9, 2022 (the "Guaranty"), by and between Louise Blouin, Mathew Kabatoff, Brickchurch Enterprises (BVI) Ltd., Aberdeen Enterprises (BVI) Ltd., and Aberdeen Enterprises Holdings Ltd., as Guarantors (collectively, "Guarantors," and each a "Guarantor") on one hand, and Bay Point Capital Partners II, LP ("Lender"), as lender on the other hand; (ii) that certain Loan and Security Agreement, dated as of November 9, 2022, by and between Lender, on one hand, and Brickchurch Enterprises, Inc. and Aberdeen Enterprises, Inc. (collectively, "Borrowers," and each a "Borrower"), on the other hand (the "Loan Agreement"); and (iii) that certain Promissory Note, dated as of December 9, 2022, by and between Lender and Borrowers (the "Note"); and (iv) those documents, instruments, pledges and other agreements executed in connection with or otherwise related to the Guaranty, the Loan Agreement, and the Note (collectively, as the same has been and may be from time to time amended, restated or otherwise modified in accordance with the relevant provisions thereof, together with the Loan Agreement and the Note, the "Loan Documents").

Lender hereby provides notice of (i) the occurrence and continuance of the Specified Event of Default (as defined herein); and (ii) the application of the Default Rate (as defined below).

### *Notice of Continuing Event of Default*

Pursuant to Section 8.1 of the Loan Agreement, it shall be an Event of Default if:

> (a) If any Borrower fails to pay, when due, any principal due and payable under this Agreement, or (b) if any Borrower fails to pay, when due, any

John.Allerding@ThompsonHine.com   Fax: 216.566.5800   Phone: 216.566.5748

THOMPSON HINE LLP    3900 Key Center                www.ThompsonHine.com
ATTORNEYS AT LAW     127 Public Square              O: 216.566.5500
                     Cleveland, Ohio  44114-1291    F: 216.566.5800



June 16, 2023
Page 2

> interest or other amounts due and payable under this Agreement or any other portion of the Obligations.

Loan Agreement, § 8.1. Pursuant to Section 3 of the Note, consistent with Section 2.3 of the Loan Agreement:

> Unless otherwise accelerated, or extended pursuant to the terms of Section 2.9 of the Loan Agreement, the Obligations arising hereunder and in the Loan Agreement, including all principal, interest, and fees, costs and expenses reimbursable by Borrowers, and all other sums due or required to be paid to Lender under any of the Loan Documents, including any extensions, renewals, modifications, or substitutions thereof, shall mature and become due and payable on June 9, 2023 (the "<u>Stated Maturity Date</u>").

Note, § 3.

Borrowers failed to timely remit the payment required by Section 3 of the Note and, as such, Lender has declared an Event of Default under Section 8.2 of the Loan Agreement (the "<u>Specified Event of Default</u>"). Lender hereby provides notice of the Specified Event of Default. The Specified Event of Default has not been waived and is continuing on the date hereof. Further, the foregoing identification of the Specified Event of Default does not imply that one or more other Events of Default under the Loan Agreement, the Note, or the other Loan Documents do not exist on the date hereof.

### *Notice of Assessment of Late Fee*

Pursuant to Section 5 of the Note and Section 2.8(c) of the Loan Agreement:

> If Lender has not received the full amount of any Borrowers' regularly scheduled monthly interest payments, or any payment due on the Maturity Date, within five (5) days after the due date thereof, then Borrowers shall, jointly and severally, pay a late fee equal to ten percent (10.00%) of the amount of such late payment (including, without limitation, the outstanding principal balance of the Loan owed on the Maturity Date or following an acceleration of the Obligations by Lender; *provided,* that payments due on the Maturity Date shall not have a five (5) day grace period and any such payments are deemed late as of the date immediately after the Maturity Date.

Lender hereby provides notice that it has assessed Borrowers a late fee in the amount of Six Million Fifty-Six Thousand One Hundred Ninety-Five and 81/100 Dollars ($6,056,195.81) in accordance with Section 5 of the Note and Section 2.8(c) of the Loan Agreement.



June 16, 2023
Page 3

For the avoidance of doubt, Lender hereby expressly reserves its right to pursue any additional remedy provided for pursuant to the Loan Agreement, the Note, or any other Loan Document, or under applicable law, and its stated intention herein to charge a late fee shall not be deemed a waiver or a release of any such right, claim, defense, or interest.

### *Notice of Application of Default Interest Rate*

Pursuant to Section 5 of the Note and Section 2.4(b) of the Loan Agreement, upon the occurrence of an Event of Default, and continuing through that date upon which all Obligations under the Note are paid in full, all outstanding principal, interest, and other Obligations owed under any of the Loan Documents accrue interest at the rate of twenty-four percent (24.00%) *per annum* or the maximum rate permitted by law, whichever is less.

Lender hereby provides courtesy notice that (i) it is charging interest ("Default Interest") on the principal amount due and owing under the Note and/or Loan Agreement at the rate of twenty-four percent (24.00%) *per annum* (the "Default Rate"); and (ii) it has been charging Default Interest at the Default Rate since June 10, 2023. For the avoidance of doubt, Lender hereby expressly reserves its right to pursue any additional remedy provided for pursuant to the Loan Agreement, the Note, any other Loan Document, or under applicable law, and its stated intention herein to charge Default Interest on the principal amount due under the Note shall not be deemed a waiver or a release of any such right, claim, defense, or interest.

### *Demand for Payment*

Pursuant to Section 2 of the Guaranty, each Guarantor unconditionally and irrevocably, jointly and severally, guaranteed to Lender the full and timely payment (and not merely the collectability) of all of the Obligations under the Loan Documents, including, without limitation, (i) the aggregate outstanding principal amount of the Note; (ii) all interest accruing and unpaid thereon, regardless of whether such interest accrues prior to or after the Maturity Date, and including, without limitation, all interest accruing prior or subsequent to any Event of Default, at the applicable rate under the Loan Documents; and (iii) all other sums and charges which may at any time be due and payable in accordance with, or secured by, the Loan Agreement, the Note, any other Loan Document, or any other document evidencing or securing the Loan, including, without limitation, all late charges and costs and expenses incurred by Lender in connection with the collection and enforcement of the Note, or any other Loan Document, and all attorneys' fees (up to the maximum amount permitted by applicable law) and expenses.

Lender hereby demands immediate payment of all amounts due and owing under the Loan Documents, including those amounts due and owing under the Guaranty. As of June 10, 2023, the amount due under the Loan Documents was Sixty-Seven Million Three Hundred Eighty-Eight Thousand Five Hundred Twenty-Eight and 58/100 U.S. Dollars ($67,388,528.58). Default Interest has been accruing since such date, and is currently accruing, at the *per diem* rate of Forty Thousand Three Hundred Seventy-Four and 64/100 U.S. Dollars ($40,374.64). Default Interest, fees (including, without limitation, legal fees and expenses), and other applicable charges as set forth in the Loan Documents will continue to accrue each day until full payment is made.



June 16, 2023
Page 4

The exact amount due and owing to Lender on the date of payment may be ascertained by contacting Greg Jacobs at (404) 963-6031. Time is of the essence in your compliance with these demands and the complete performance of your Obligations under the Loan Documents.

**Please be advised that Lender also hereby invokes the provisions in the Loan Documents concerning payment by Borrowers and Guarantors of attorneys' fees to Lender in addition to any principal and interest and other amounts due to Lender. Without limiting any prior notices, pursuant to O.C.G.A. §13-1-11, Borrowers and Guarantors are hereby advised that they are also responsible for payment of attorneys' fees owing under the Loan Documents. Borrowers and Guarantors shall have ten (10) days after receipt of this notice to cure completely the defaults identified in this notice to avoid incurring the obligation to pay attorneys' fees as more particularly provided pursuant to O.C.G.A. §13-1-11; provided, however, that this 10-day notice period pertains only to the obligation to pay attorneys' fees and does not afford Borrowers or Guarantors additional time to cure an Event of Default or avoid other repercussions of their failure cure any default under the Loan Documents.**

As of the date of this letter, the Specified Default has not been waived by Lender and is continuing. Notwithstanding anything to the contrary contained in this letter, Lender reserves all rights and remedies available to it under the Loan Documents, any other applicable agreements, and at law and in equity. Lender my exercise its rights and remedies without further notice or demand. The foregoing identification of the Specified Default does not imply that one or more other Defaults or Events of Default under the Loan Documents do not exist on the date hereof.  Please be advised that nothing contained herein shall (i) constitute an accord, novation, or satisfaction, or (ii) waive any of Lender's rights or remedies with respect to any other Defaults or Events of Default that may have, may now, or may hereafter exist. Lender continues to reserve and has every intention of pursuing each and every right and remedy available to it under the Laon Documents. **Pursuant to O.C.G.A. § 13-4-4, you are hereby notified that Lender intends to rely on the exact terms of the Loan Documents notwithstanding any alleged prior departure from the respective terms thereof.** Nothing contained in this letter, nor in any prior communications or actions, (i) establishes any course of dealing or obligations among Lender and any Guarantor that is inconsistent with the express terms of the Loan Documents; or (ii) render, or in any way shall be deemed to render, Lender a mortgagee in possession of any property.

Sincerely,

John C. Allerding

Cc:   Brett L. Messinger, Esq., Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103 and via email at blmessinger@duanemorris.com
        Charles Andros (charlesandros@baypointadvisors.com)
        John F. Isbell (john@jfi-law.com)

# **<u>Exhibit F-2</u>**



July 5, 2023

*Via Overnight Mail and Email*

| | |
|---|---|
| Louis Blouin<br>376 Gin Lane<br>Southampton, New York 11968<br>accounts@ltbholding.com | Mathew Kabatoff<br>376 Gin Lane<br>Southampton, New York 11968<br>accounts@ltbholding.com |
| Brickchurch Enterprises (BVI) Ltd.<br>165 Broadway, 23rd Floor<br>New York, NY 10006<br>accounts@ltbholding.com | Aberdeen Enterprises (BVI) Ltd.<br>165 Broadway, 23rd Floor<br>New York, NY 10006<br>accounts@ltbholding.com |

Aberdeen Enterprises Holdings (BVI) Ltd.
165 Broadway, 23rd Floor
New York, NY 10006
accounts@ltbholding.com

Re:    Amended First Notice of Event of Default and Reservation of Rights

Dear Ladies and Gentlemen:

Reference is made herein to (i) that certain Guaranty Agreement, dated December 9, 2022 (the "Guaranty"), by and between Louise Blouin, Mathew Kabatoff, Brickchurch Enterprises (BVI) Ltd., Aberdeen Enterprises (BVI) Ltd., and Aberdeen Enterprises Holdings (BVI) Ltd., as Guarantors (collectively, "Guarantors," and each a "Guarantor") on one hand, and Bay Point Capital Partners II, LP ("Lender"), as lender on the other hand; (ii) that certain Loan and Security Agreement, dated as of November 9, 2022, by and between Lender, on one hand, and Brickchurch Enterprises, Inc. and Aberdeen Enterprises, Inc. (collectively, "Borrowers," and each a "Borrower"), on the other hand (the "Loan Agreement"); and (iii) that certain Promissory Note, dated as of December 9, 2022, by and between Lender and Borrowers (the "Note"); and (iv) those documents, instruments, pledges and other agreements executed in connection with or otherwise related to the Guaranty, the Loan Agreement, and the Note (collectively, as the same has been and may be from time to time amended, restated or otherwise modified in accordance with the relevant provisions thereof, together with the Loan Agreement and the Note, the "Loan Documents," each being a "Loan Document").

Lender hereby provides notice of (i) the occurrence and continuance of the Specified Event of Default (as defined herein); and (ii) the application of the Default Rate (as defined below).

### *Notice of Continuing Event of Default*

Pursuant to Section 8.1 of the Loan Agreement, it shall be an Event of Default if:

>(a) If any Borrower fails to pay, when due, any principal due and payable under this Agreement, or (b) if any Borrower fails to pay, when due, any

John.Allerding@ThompsonHine.com   Fax: 216.566.5800   Phone: 216.566.5748

THOMPSON HINE LLP    3900 Key Center          www.ThompsonHine.com
ATTORNEYS AT LAW     127 Public Square        O: 216.566.5500
                     Cleveland, Ohio 44114-1291   F: 216.566.5800



July 5, 2023
Page 2

> interest or other amounts due and payable under this Agreement or any other portion of the Obligations.

Loan Agreement, § 8.1. Pursuant to Section 3 of the Note, consistent with Section 2.3 of the Loan Agreement:

> Unless otherwise accelerated, or extended pursuant to the terms of Section 2.9 of the Loan Agreement, the Obligations arising hereunder and in the Loan Agreement, including all principal, interest, and fees, costs and expenses reimbursable by Borrowers, and all other sums due or required to be paid to Lender under any of the Loan Documents, including any extensions, renewals, modifications, or substitutions thereof, shall mature and become due and payable on June 9, 2023 (the "Stated Maturity Date").

Note, § 3.

Borrowers failed to timely remit the payment required by Section 3 of the Note and, as such, Lender has declared an Event of Default under Section 8.2 of the Loan Agreement (the "Specified Event of Default"). Lender hereby provides notice of the Specified Event of Default. The Specified Event of Default has not been waived and is continuing on the date hereof. Further, the foregoing identification of the Specified Event of Default does not imply that one or more other Events of Default under the Loan Agreement, the Note, or the other Loan Documents do not exist on the date hereof.

### *Notice of Assessment of Late Fee*

Pursuant to Section 5 of the Note and Section 2.8(c) of the Loan Agreement:

> If Lender has not received the full amount of any Borrowers' regularly scheduled monthly interest payments, or any payment due on the Maturity Date, within five (5) days after the due date thereof, then Borrowers shall, jointly and severally, pay a late fee equal to ten percent (10.00%) of the amount of such late payment (including, without limitation, the outstanding principal balance of the Loan owed on the Maturity Date or following an acceleration of the Obligations by Lender; *provided,* that payments due on the Maturity Date shall not have a five (5) day grace period and any such payments are deemed late as of the date immediately after the Maturity Date.

Lender hereby provides notice that it has assessed Borrowers a late fee in the amount of Six Million Fifty-Six Thousand One Hundred Ninety-Five and 81/100 Dollars ($6,056,195.81) in accordance with Section 5 of the Note and Section 2.8(c) of the Loan Agreement.



July 5, 2023
Page 3

For the avoidance of doubt, Lender hereby expressly reserves its right to pursue any additional remedy provided for pursuant to the Loan Agreement, the Note, or any other Loan Document, or under applicable law, and its stated intention herein to charge a late fee shall not be deemed a waiver or a release of any such right, claim, defense, or interest.

### *Notice of Application of Default Interest Rate*

Pursuant to Section 5 of the Note and Section 2.4(b) of the Loan Agreement, upon the occurrence of an Event of Default, and continuing through that date upon which all Obligations under the Note are paid in full, all outstanding principal, interest, and other Obligations owed under any of the Loan Documents accrue interest at the rate of twenty-four percent (24.00%) *per annum* or the maximum rate permitted by law, whichever is less.

Lender hereby provides courtesy notice that (i) it is charging interest ("Default Interest") on the principal amount due and owing under the Note and/or Loan Agreement at the rate of twenty-four percent (24.00%) *per annum* (the "Default Rate"); and (ii) it has been charging Default Interest at the Default Rate since June 10, 2023. For the avoidance of doubt, Lender hereby expressly reserves its right to pursue any additional remedy provided for pursuant to the Loan Agreement, the Note, any other Loan Document, or under applicable law, and its stated intention herein to charge Default Interest on the principal amount due under the Note shall not be deemed a waiver or a release of any such right, claim, defense, or interest.

### *Demand for Payment*

Pursuant to Section 2 of the Guaranty, each Guarantor unconditionally and irrevocably, jointly and severally, guaranteed to Lender the full and timely payment (and not merely the collectability) of all of the Obligations under the Loan Documents, including, without limitation, (i) the aggregate outstanding principal amount of the Note; (ii) all interest accruing and unpaid thereon, regardless of whether such interest accrues prior to or after the Maturity Date, and including, without limitation, all interest accruing prior or subsequent to any Event of Default, at the applicable rate under the Loan Documents; and (iii) all other sums and charges which may at any time be due and payable in accordance with, or secured by, the Loan Agreement, the Note, any other Loan Document, or any other document evidencing or securing the Loan, including, without limitation, all late charges and costs and expenses incurred by Lender in connection with the collection and enforcement of the Note, or any other Loan Document, and all attorneys' fees (up to the maximum amount permitted by applicable law) and expenses.

Lender hereby demands immediate payment of all amounts due and owing under the Loan Documents, including those amounts due and owing under the Guaranty. As of June 10, 2023, the amount due under the Loan Documents was Sixty-Seven Million Three Hundred Eighty-Eight Thousand Five Hundred Twenty-Eight and 58/100 U.S. Dollars ($67,388,528.58). Default Interest has been accruing since such date, and is currently accruing, at the *per diem* rate of Forty Thousand Three Hundred Seventy-Four and 64/100 U.S. Dollars ($40,374.64). Default Interest, fees (including, without limitation, legal fees and expenses), and other applicable charges as set forth in the Loan Documents will continue to accrue each day until full payment is made.



July 5, 2023
Page 4

The exact amount due and owing to Lender on the date of payment may be ascertained by contacting Greg Jacobs at (404) 963-6031. Time is of the essence in your compliance with these demands and the complete performance of your Obligations under the Loan Documents.

**Please be advised that Lender also hereby invokes the provisions in the Loan Documents concerning payment by Borrowers and Guarantors of attorneys' fees to Lender in addition to any principal and interest and other amounts due to Lender. Without limiting any prior notices, pursuant to O.C.G.A. §13-1-11, Borrowers and Guarantors are hereby advised that they are also responsible for payment of attorneys' fees owing under the Loan Documents. Borrowers and Guarantors shall have ten (10) days after receipt of this notice to cure completely the defaults identified in this notice to avoid incurring the obligation to pay attorneys' fees as more particularly provided pursuant to O.C.G.A. §13-1-11; provided, however, that this 10-day notice period pertains only to the obligation to pay attorneys' fees and does not afford Borrowers or Guarantors additional time to cure an Event of Default or avoid other repercussions of their failure cure any default under the Loan Documents.**

As of the date of this letter, the Specified Default has not been waived by Lender and is continuing. Notwithstanding anything to the contrary contained in this letter, Lender reserves all rights and remedies available to it under the Loan Documents, any other applicable agreements, and at law and in equity. Lender my exercise its rights and remedies without further notice or demand. The foregoing identification of the Specified Default does not imply that one or more other Defaults or Events of Default under the Loan Documents do not exist on the date hereof.  Please be advised that nothing contained herein shall (i) constitute an accord, novation, or satisfaction, or (ii) waive any of Lender's rights or remedies with respect to any other Defaults or Events of Default that may have, may now, or may hereafter exist. Lender continues to reserve and has every intention of pursuing each and every right and remedy available to it under the Laon Documents. **Pursuant to O.C.G.A. § 13-4-4, you are hereby notified that Lender intends to rely on the exact terms of the Loan Documents notwithstanding any alleged prior departure from the respective terms thereof.** Nothing contained in this letter, nor in any prior communications or actions, (i) establishes any course of dealing or obligations among Lender and any Guarantor that is inconsistent with the express terms of the Loan Documents; or (ii) render, or in any way shall be deemed to render, Lender a mortgagee in possession of any property.

Sincerely,

John C. Allerding

Cc:   Brett L. Messinger, Esq., Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103 and via email at blmessinger@duanemorris.com
       Charles Andros (via email at charlesandros@baypointadvisors.com)
       John F. Isbell (via email at john@jfi-law.com)