# Exhibit P

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

# Aberdeen Enterprises, Inc.

Two Buckhead Plaza
3050 Peachtree Road NW
Suite 740
Atlanta, Georgia 30305

July 20, 2023

Aberdeen Enterprises (BVI) Ltd.
c/o Trident Trust Company (B.V.I.) Limited
Trident Chambers
P.O. Box 146
Road Town
Tortola
VG1110
Virgin Islands, British

    Re:   Certain Actions of the Board of Directors and Officers of Aberdeen Enterprises, Inc.

Dear Aberdeen Enterprises (BVI) Ltd.:

       I am writing to advise you that the Board of Directors and Officers of Aberdeen Enterprises, Inc. have taken certain actions as further described in the enclosed documents. Should you have any questions, please do not hesitate to reach out to me.

           Sincerely,

*Charles Andros*

AEF31A8C84EB43C...

           Charles Andros, Director, Chief Executive Officer, Treasurer, and Secretary of Aberdeen Enterprises (BVI) Ltd.

cc:     John F. Isbell, via email at John@JFI-Law.com
       John C. Allerding, via email at John.Allerding@ThompsonHine.com
       Brett Messinger, via email at BLMessinger@DuaneMorris.com

Enclosures.

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

**UNANIMOUS WRITTEN CONSENT OF**
**THE BOARD OF DIRECTORS OF**
**ABERDEEN ENTERPRISES, INC.**

**JULY 18, 2023**

The undersigned, being the sole member of the board of directors (the "***Board***") of Aberdeen Enterprises Inc., a Delaware corporation (the "***Corporation***"), hereby adopts, by this action by written consent in lieu of a meeting (this "***Written Consent***") in accordance with the Delaware General Corporation Law, the following resolutions with the same force and effect as if they had been adopted at a duly convened meeting of the Board:

**Election of Officers**

RESOLVED, that the following individuals shall be, and each hereby is, appointed to the office appearing opposite his name below, to serve until his respective successor is duly elected and qualified or until the earlier resignation or removal:

| Name | Office |
|------|--------|
| Charles Andros | President and Chief Executive Officer |
| Charles Andros | Treasurer |
| Charles Andros | Secretary |

FURTHER RESOLVED, that all other individuals serving as officers, and not appointed herein, are hereby removed from office.

**Delaware Annual Reports and Franchise Taxes**

FURTHER RESOLVED, that the officers of the Corporation shall be, and each of them hereby is, authorized, empowered and directed to file the Corporation's 2022 and 2023 annual reports with the Secretary of State of Delaware and pay the associated Delaware franchise taxes for such years.

**Enabling Resolution**

FURTHER RESOLVED, that any act taken or done by any officer or agent of the Corporation to facilitate the transactions contemplated by these resolutions is hereby ratified and approved; and the officers and agents of the Corporation are authorized and directed to do such further acts and deeds, and to execute, acknowledge, file, and deliver for and on behalf of the Corporation such other agreements, documents, papers, and instruments as they deem necessary, appropriate, advisable, or required, in order to effectuate the purpose and intent of these resolutions and to resolve, in their individual discretion, all questions of method, form, and detail; and the taking of any such acts and deeds, and the execution and delivery of any such documents, papers, and instruments is hereby ratified and approved;

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

FURTHER RESOLVED, any copy, facsimile or other reliable reproduction of this action by Written Consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used;

FURTHER RESOLVED, that an executed copy of this Written Consent shall be filed with the minutes of the proceedings of the Board.

[*Signature page follows*]

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

IN WITNESS WHEREOF, the undersigned director has duly executed this Written Consent as of the date set forth above.

DIRECTOR:

*Charles Andros*

0E767AEAAE204BE...

Charles Andros

*Signature Page to Written Consent of Directors (Aberdeen Enterprises, Inc.)*

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

**UNANIMOUS WRITTEN CONSENT OF
THE BOARD OF DIRECTORS OF
ABERDEEN ENTERPRISES, INC.**

**JULY 18, 2023**

The undersigned, being the sole member of the board of directors (the "***Board***") of Aberdeen Enterprises, Inc., a Delaware corporation (the "***Corporation***"), hereby adopts, by this action by written consent in lieu of a meeting (this "***Written Consent***") in accordance with the Delaware General Corporation Law, the following resolutions with the same force and effect as if they had been adopted at a duly convened meeting of the Board:

<u>**Issuance of Shares**</u>

WHEREAS, Bay Point Capital Partners II, LP (the "***Lender***") issued notices to Aberdeen Enterprises (BVI), Ltd., a British Virgin Islands limited company (the "***Stockholder***") on June 16, 2023 and July 5, 2023, and notice to the Corporation on June 16, 2023, of, inter alia, the occurrence and continuance of a Specified Event of Default and the application of the Default Rate (as defined in the notices) under and pursuant to certain loan documents, including (i) that certain Loan and Security Agreement, dated as of November 9, 2022, by and between the Lender, on one hand, and Brickchurch Enterprises, Inc. and the Corporation as borrowers, on the other hand; (ii) that certain Promissory Note, dated as of December 9, 2022, by and between the Lender, on one hand, and Brickchurch Enterprises, Inc. and the Corporation as borrowers, on the other hand, (iii) that certain Guaranty Agreement, dated as of December 9, 2022, by and between Louise Blouin, Mathew Kabatoff, Brickchurch Enterprises (BVI) Ltd., the Stockholder, and Aberdeen Enterprises Holdings (BVI) Ltd., as guarantors on one hand, and the Lender, on the other hand; and (iv) that certain Pledge and Security Agreement, dated as of December 9, 2022, by and between the Stockholder, as pledgor on one hand, and the Lender, on the other hand (the "***Security Agreement***");

WHEREAS, pursuant to the terms of the Security Agreement, the Stockholder, inter alia, pledged and granted a security interest in all of the shares of common stock of the Corporation (the "***Shares***") as Collateral (as defined in the Security Agreement) to secure Stockholder's obligations to the Lender;

WHEREAS, pursuant to Section 9(a) of the Security Agreement, upon an Event of Default (as defined in the Security Agreement), the Lender is entitled to "transfer or register in its name or the name of its nominee (if the same has not already been done) any of the Collateral…";

WHEREAS, the certificate for the Shares ("***Certificate No. 1***") has been surrendered to the Corporation, duly endorsed or accompanied by proper evidence of succession, assignment, or authority to transfer, and proper evidence of compliance with other conditions to rightful transfer the Shares from the Stockholder to Lender;

NOW, THEREFORE, BE IT RESOLVED, that the Corporation shall cancel Certificate No. 1 and issue to the Lender a certificate of shares relating to the issuance of common stock of the Corporation, par value $0.01 per share, in the respective amounts listed below, the form, terms and conditions of which are hereby adopted:

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

| Certificate No. | Name | Number of Shares of Common Stock |
|---|---|---|
| 2 | Bay Point Capital Partners II, LP | 100 |

FURTHER RESOLVED, that the form, terms and conditions for certificates of shares of common stock attached hereto as <u>Exhibit A</u> and incorporated herein by reference is hereby adopted, and that stock certificates in such form and with such terms and provisions, appropriately completed, may be signed by the appropriate officers of the Corporation as set forth in the Corporation's bylaws; and

FURTHER RESOLVED, that the Corporation shall record the above transactions upon its books.

## **Enabling Resolution**

FURTHER RESOLVED, that any act taken or done by any officer or agent of the Corporation to facilitate the transactions contemplated by these resolutions is hereby ratified and approved; and the officers and agents of the Corporation are authorized and directed to do such further acts and deeds, and to execute, acknowledge, file, and deliver for and on behalf of the Corporation such other agreements, documents, papers, and instruments as they deem necessary, appropriate, advisable, or required, in order to effectuate the purpose and intent of these resolutions and to resolve, in their individual discretion, all questions of method, form, and detail; and the taking of any such acts and deeds, and the execution and delivery of any such documents, papers, and instruments is hereby ratified and approved;

FURTHER RESOLVED, any copy, facsimile or other reliable reproduction of this action by Written Consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used;

FURTHER RESOLVED, that an executed copy of this Written Consent shall be filed with the minutes of the proceedings of the Board of Directors.

[*Signature Page Follows*]

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

IN WITNESS WHEREOF, the undersigned director has duly executed this Written Consent as of the date set forth above.

DIRECTOR:

DocuSigned by:

*Charles Andros*

0E767AFAAF204BE...

Charles Andros

*Signature Page – Written Consent to Issue Shares (Aberdeen Enterprises, Inc.)*

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

**<u>Exhibit A</u>**

**Form of Stock Certificate**

See Attached

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

NUMBER

--2--

SHARES

--100--

Incorporated Under
The Laws Of The
State of Delaware

THESE SHARES ARE SUBJECT TO
RESTRICTIONS. SEE REVERSE.

# ABERDEEN ENTERPRISES, INC.

This certifies that **Bay Point Capital Partners II, LP** is owner of **one hundred (100)** fully paid and non-assessable share of the Common Stock, $0.01 par value, of the above named Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officer this 18th day of July, 2023.

Charles Andros, President

Charles Andros, Secretary

© 2011 ALLSTATE LEGAL® A DIVISION OF ALLSTATE INTERNATIONAL, INC.  www.aslegal.com  800.222.0510  99C11

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

## EXPLANATION OF ABBREVIATIONS

The following abbreviations, when used in the inscription of ownership on the face of this certificate, shall be construed as if they were written out in full according to applicable laws or regulations. Abbreviations, in addition to those appearing below, may be used.

| | | | |
|---|---|---|---|
| JT TEN | As joint tenants with right of survivorship and not as tenants in common | TEN ENT | As tenants by the entireties |
| | | UNIF GIFT MIN ACT | Uniform Gifts to Minors Act |
| TEN COM | As tenants in common | CUST | Custodian for |
| | | UNIF TRANS MIN ACT | Uniform Transfers to Minors Act |

*For Value Received,* _____ *hereby sell, assign and transfer unto* _____

PLEASE INSERT SOCIAL SECURITY OR OTHER
IDENTIFYING NUMBER OF ASSIGNEE

_____ *Shares represented by the within*

*Certificate, and do hereby irrevocably constitute and appoint*

_____ *Attorney*

*to transfer the said Shares on the books of the within named Corporation with full power of substitution in the premises.*

*Dated* _____ *A.D. 20* ____

*In presence of*

_____



THE SHARES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR UNDER ANY OTHER APPLICABLE SECURITIES LAWS AND MAY NOT BE TRANSFERRED, SOLD, ASSIGNED, PLEDGED, HYPOTHECATED OR OTHERWISE DISPOSED EXCEPT (A) PURSUANT TO A REGISTRATION STATEMENT EFFECTIVE UNDER SUCH ACT AND LAWS, OR (B) PURSUANT TO AN EXEMPTION FROM REGISTRATION THEREUNDER.

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

# ABERDEEN ENTERPRISES, INC.

Registration # 2887158
(Delaware Corporation)

July 18, 2023

## REGISTER OF SHAREHOLDERS

| Certificate Number | Name of Member | Address | Number & Class/Series of Shares | Date of Issue | Date Ceased to be Member | Date of Transference | New Certificate Number |
|---|---|---|---|---|---|---|---|
| 1 | Aberdeen Enterprises (BVI) Ltd. | Tortola, British Virgin Islands | 100 Shares of Common Stock, par value of US $.01 | April 22, 1998 (replaced as lost on December 9, 2022) | July 18, 2023 | July 18, 2023 | 2 |
| 2 | Bay Point Capital Partners II, LP | 3050 Peachtree Road NW, Suite 740, Atlanta, GA, 30305, USA | 100 Shares of Common Stock, par value of US $.01 | July 18, 2023 | | | |

The above-referenced Company hereby certifies that the foregoing Register of Shareholders accurately reflects the shareholder(s) of the Company identified above.

ABERDEEN ENTERPRISES, INC.

By: _____
Charles Andros, President and CEO

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

**UNANIMOUS WRITTEN CONSENT OF**
**THE BOARD OF DIRECTORS OF**
**ABERDEEN ENTERPRISES, INC.**

**JULY 18, 2023**

The undersigned, being the sole member of the board of directors (the "***Board***") of Aberdeen Enterprises, Inc., a Delaware corporation (the "***Corporation***"), hereby adopts, by this action by written consent in lieu of a meeting (this "***Written Consent***") in accordance with the Delaware General Corporation Law ("***DCGL***"), the following resolutions with the same force and effect as if they had been adopted at a duly convened meeting of the Board:

**Certificate of Amendment of Certificate of Incorporation**

WHEREAS, the Board deems it advisable and in the best interests of the Corporation and its stockholders to amend the Certificate of Incorporation of the Corporation;

RESOLVED, that the Certificate of Incorporation of the Corporation be amended in the form of the Certificate of Amendment of Certificate of Incorporation attached hereto as <u>Exhibit A</u> (the "***Certificate of Amendment***") and incorporated herein by reference, and it hereby is, adopted and approved in all respects;

FURTHER RESOLVED, that the Certificate of Amendment be submitted to the stockholders of the Corporation for approval in compliance with the DGCL;

FURTHER RESOLVED, that the officers of the Corporation be, and they hereby are, and each individual hereby is, authorized and directed to submit the Certificate of Amendment to the stockholders of the Corporation for approval; and

FURTHER RESOLVED, that upon approval of the Certificate of Amendment by the stockholders of the Corporation, the officers of the Corporation, be, and hereby are, authorized and directed to execute and deliver the Certificate of Amendment on to the Delaware Secretary of State in the name and on behalf of the Corporation (the time upon which the Secretary of State of the State of Delaware has accepted such filing, the "***Effective Time***").

**First Amendment to the Bylaws**

WHEREAS, the Board deems it advisable and in the best interests of the Corporation and its stockholders to amend the Corporation's bylaws in effect as of the date hereof (the "***Existing Bylaws***");

RESOLVED, that the Existing Bylaws be amended in the form of the First Amendment to the By-Laws of the Corporation attached hereto as <u>Exhibit B</u> and they hereby are, authorized, adopted and approved in all respects.

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

**<u>Enabling Resolution</u>**

FURTHER RESOLVED, that any act taken or done by any officer or agent of the Corporation to facilitate the transactions contemplated by these resolutions is hereby ratified and approved; and the officers and agents of the Corporation are authorized and directed to do such further acts and deeds, and to execute, acknowledge, file, and deliver for and on behalf of the Corporation such other agreements, documents, papers, and instruments as they deem necessary, appropriate, advisable, or required, in order to effectuate the purpose and intent of these resolutions and to resolve, in their individual discretion, all questions of method, form, and detail; and the taking of any such acts and deeds, and the execution and delivery of any such documents, papers, and instruments is hereby ratified and approved;

FURTHER RESOLVED, any copy, facsimile or other reliable reproduction of this action by Written Consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used;

FURTHER RESOLVED, that an executed copy of this Written Consent shall be filed with the minutes of the proceedings of the Board.

[***Signature Page Follows***]

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

IN WITNESS WHEREOF, the undersigned director has duly executed this Written Consent as of the date set forth above.

DIRECTOR:

*Charles Andros*
0E767AFAAF204BE...

Charles Andros

*Signature Page – Board Written Consent to Amend Certificate*
*of Incorporation and Bylaws (Aberdeen Enterprises, Inc.)*

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

## **Exhibit A**

### Certificate of Amendment

See Attached

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

## CERTIFICATE OF AMENDMENT OF

## CERTIFICATE OF INCORPORATION OF

## ABERDEEN ENTERPRISES, INC.

(Pursuant to Sections 228 and 242 of the
General Corporation Law of the State of Delaware)

The undersigned, for the purposes of amending the Certificate of Incorporation of Aberdeen Enterprises, Inc., filed on April 22, 1998, hereby certifies as follows:

1.      The name of the corporation (hereinafter called the "***Corporation***") is Aberdeen Enterprises, Inc. The date of the filing of its original Certificate of Incorporation with the Secretary of State of the State of Delaware was April 22, 1998 (the "***Existing Certificate***").

2.      The Existing Certificate is hereby amended to delete Article Seventh of the Existing Certificate and replace it in its entirety with a new Article Seventh of the Existing Certificate as follows:

"SEVENTH.   To the fullest extent permitted by law, a director or officer of the Corporation shall not be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director or officer.  If the General Corporation Law or any other law of the State of Delaware is amended after approval by the stockholders of this Article Seventh to authorize corporate action further eliminating or limiting the personal liability of directors or officers, then the liability of a director or officer of the Corporation shall be eliminated or limited to the fullest extent permitted by the General Corporation Law as so amended.

Any repeal or modification of the foregoing provisions of this Article Seventh by the stockholders of the Corporation shall not adversely affect any right or protection of a director or officer of the Corporation existing at the time of, or increase the liability of any director or officer of the Corporation with respect to any acts or omissions of such director or officer occurring prior to, such repeal or modification.

The provisions of this Article Seventh shall not confer any right or protection hereunder upon any person in respect of any act or omission occurring prior to the Effective Time."

3.      The Existing Certificate is hereby amended to add an Article Tenth of the Existing Certificate as follows:

"TENTH.   Notwithstanding anything to the contrary in the By-Laws of the Corporation or in Section 211(b) or Section 228(a) of the Delaware General Corporation Law, stockholders may not (i) act by written consent to elect or remove directors of the Corporation, (ii) take any action to elect or remove directors of the

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

Corporation at any special meeting of the stockholders, (iii) act by written consent to alter, amend, or repeal the By-Laws of the Corporation, or (iv) take any action to alter, amend, or repeal the By-Laws of the Corporation at any special meeting of the stockholders."

4.     The Existing Certificate is hereby amended to add an Article Eleventh of the Existing Certificate as follows:

"ELEVENTH:  The following indemnification provisions shall apply to the persons enumerated below.

1.     <u>Right to Indemnification of Directors and Officers</u>.  The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended, any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding. Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article Eleventh the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized in advance by the Board of Directors of the Corporation.

2.     <u>Prepayment of Expenses of Directors and Officers</u>.  The Corporation shall pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that, to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article Eleventh or otherwise.

3.     <u>Claims by Directors and Officers</u>.  If a claim for indemnification or advancement of expenses under this Article Eleventh is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim.  In any such action the Corporation

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

4.    <u>Indemnification of Employees and Agents</u>.  The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such person in connection with such Proceeding.  The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors of the Corporation in its sole discretion.  Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors of the Corporation.

5.    <u>Advancement of Expenses of Employees and Agents</u>.  The Corporation may pay the expenses (including attorneys' fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions as may be determined by the Board of Directors of the Corporation.

6.    <u>Non-Exclusivity of Rights</u>.  The rights conferred on any person by this Article Eleventh shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of the Certificate of Incorporation, as amended, the Bylaws of the Corporation, or any agreement, or pursuant to any vote of stockholders or disinterested directors or otherwise.

7.    <u>Other Indemnification</u>.  The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

8.    <u>Insurance</u>.  The Board of Directors of the Corporation may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance:  (a) to indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article Eleventh; and (b) to indemnify or insure directors, officers and employees against liability in

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article Eleventh.

9.      <u>Amendment or Repeal</u>.  Any repeal or modification of the foregoing provisions of this Article Eleventh shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification.  The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

10.     <u>Prior to Effective Time</u>. The provisions of this Article Eleventh shall not confer any right or protection hereunder upon any person in respect of any act or omission occurring prior to the effective time of this Certificate of Amendment."

5.      In lieu of a meeting and vote of the stockholders, the holders of at least the requisite number of shares of the Corporation have given their written consent to this amendment in accordance with the provisions of Section 228(a) and Section 228(e) of the General Corporation Law of the State of Delaware.

6.      The aforesaid amendment was duly adopted in accordance with the applicable provisions of Section 242 of the of the General Corporation Law of the State of Delaware.

*[Remainder of page intentionally left blank]*

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

IN WITNESS WHEREOF, the Corporation has caused this certificate to be signed this 18th day of July 2023.

ABERDEEN ENTERPRISES, INC.


By: _____
Name: Charles Andros
Title: President and CEO

[*Signature page to Certificate of Amendment*]

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

## **Exhibit B**

**First Amendment of the By-Laws**

See Attached

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

**FIRST AMENDMENT TO THE**
**BY-LAWS**
**OF**
**ABERDEEN ENTERPRISES, INC.**

On July 18, 2023, the Board of Directors and Shareholders of ABERDEEN ENTERPRISES, INC., a Delaware corporation (the "Corporation"), unanimously approved and adopted the following amendment to the Corporation's By-Laws (the "By-Laws") to be effective immediately (the "Effective Time"):

1. Article I, Section 2 of the By-Laws is deleted in its entirety and replaced with the following:

    Section 2.    Annual Meeting.  An annual meeting of stockholders shall be held on the first Friday in July of each calendar year, at which meeting the stockholders shall elect by a plurality vote a board of directors and shall transact such other business as may be properly brought before the meeting. If no annual meeting is held in accordance with the foregoing provisions, the Board of Directors shall cause the meeting to be held as soon thereafter as convenient, which meeting shall be designated a special meeting in lieu of an annual meeting.

2. Article I of Section 10 of the By-Laws is deleted in its entirety and replaced with the following:

    Section 10.    Action Without Meeting.  Except as set forth in the certificate of incorporation, any action required to be taken at any annual or special meeting of stockholders of record, or any action which may be taken at any annual or special meeting of such stockholders of record, may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be (1) signed and dated by the record holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and (2) delivered to the Corporation within sixty days of the earliest dated consent by delivery to its registered office in the State of Delaware (in which case delivery shall be by hand or by certified or registered mail, return receipt requested), its principal place of business, or an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders are recorded. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall be given to those stockholders of record who have not consented.

3. Article II, Section 1 of the By-Laws is deleted in its entirety and replaced with the following:

    Section 1.    Number, Election, Tenure and Qualification. The number of Directors which shall constitute the whole board shall be not less than one (1).  Within such limit, the number of Directors shall be determined (i) by resolution of the Board of Directors or (ii) by the stockholders at the annual meeting.  The directors shall be elected at the annual meeting of stockholders, except as provided in section 3 of this Article, and

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

each director elected shall hold office until his successor is elected and qualified, unless sooner displaced. Directors need not be stockholders.

4.  Article IV of the By-Laws is amended to add the following new Section 3:

Section 3.        Notice to the Corporation.  Whenever any notice is required to be given to the Corporation under the provisions of law or of the certificate of incorporation or of these Bylaws, the Company's principal place of business shall be located at 3050 Peachtree Road NW, Suite 740, Atlanta, Georgia 30305. Such address shall also be the address of the Chief Executive Officer, President, and Secretary.

5.  Article IV of the By-Laws is amended to add the following new Section 4:

Section 4. Copy of Notice to the Corporation.  Any notices required to be furnished to any person pursuant to these By-Laws shall simultaneously be provided to the Company at its principal place of business.

6.  Article IV of the By-Laws is amended to add the following new Section 5:

Section 5.        Failure to Comply.  Failure to comply with any of the notice provisions in this Article IV shall cause such notice to be void ab initio and of no effect.

7.  Article V of the By-Laws is deleted in its entirety and replaced with the following new Article V:

Section 1.        Right to Indemnification of Directors and Officers.  The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended, any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding.  Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article Five the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized in advance by the Board of Directors of the Corporation.

Section 2.        Prepayment of Expenses of Directors and Officers.  The Corporation shall pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that, to the extent required by law, such payment of expenses in advance of the final disposition of

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article Five or otherwise.

Section 3.    Claims by Directors and Officers.  If a claim for indemnification or advancement of expenses under this Article Five is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim.  In any such action the Corporation shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

Section 4.    Indemnification of Employees and Agents.  The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such person in connection with such Proceeding.  The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors of the Corporation in its sole discretion.  Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors of the Corporation.

Section 5.    Advancement of Expenses of Employees and Agents.    The Corporation may pay the expenses (including attorneys' fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions as may be determined by the Board of Directors of the Corporation.

Section 6.    Non-Exclusivity of Rights.  The rights conferred on any person by this Article Five shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of this Certificate of Incorporation, as amended, the Bylaws of the Corporation, or any agreement, or pursuant to any vote of stockholders or disinterested directors or otherwise.

Section 7.    Other Indemnification.  The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

Section 8.     <u>Insurance</u>.  The Board of Directors of the Corporation may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance:  (a) to indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article Five; and (b) to indemnify or insure directors, officers and employees against liability in instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article Five.

Section 9.     <u>Amendment or Repeal</u>.  Any repeal or modification of the foregoing provisions of this Article Five shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification.  The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

Section 10.     <u>Prior to Effective Time</u>. The provisions of this Article Five shall not confer any right or protection hereunder upon any person in respect of any act or omission occurring prior to the Effective Time.

8.  Article IX of the By-Laws is deleted in its entirety and replaced with the following new Article IX:

These By-Laws may be altered, amended or repealed or new By-Laws may be adopted by the stockholders or the Board of Directors, when such power is conferred upon the Board of Directors by the certificate of incorporation, at (i) any annual meeting of the stockholders or (ii) at any regular or special meeting of the Board of Directors, provided, however, that in the case of an annual  meeting of stockholders, notice of such alteration, amendment, repeal or adoption of new By-Laws be contained in the notice of such meeting.

9.  Except as set forth herein, all other provisions of the By-Laws shall remain in full force and effect.

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

# CERTIFICATE OF AMENDMENT OF

## CERTIFICATE OF INCORPORATION OF

### ABERDEEN ENTERPRISES, INC.

(Pursuant to Sections 228 and 242 of the
General Corporation Law of the State of Delaware)

The undersigned, for the purposes of amending the Certificate of Incorporation of Aberdeen Enterprises, Inc., filed on April 22, 1998, hereby certifies as follows:

1.     The name of the corporation (hereinafter called the "*Corporation*") is Aberdeen Enterprises, Inc. The date of the filing of its original Certificate of Incorporation with the Secretary of State of the State of Delaware was April 22, 1998 (the "*Existing Certificate*").

2.     The Existing Certificate is hereby amended to delete Article Seventh of the Existing Certificate and replace it in its entirety with a new Article Seventh of the Existing Certificate as follows:

"SEVENTH.   To the fullest extent permitted by law, a director or officer of the Corporation shall not be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director or officer.  If the General Corporation Law or any other law of the State of Delaware is amended after approval by the stockholders of this Article Seventh to authorize corporate action further eliminating or limiting the personal liability of directors or officers, then the liability of a director or officer of the Corporation shall be eliminated or limited to the fullest extent permitted by the General Corporation Law as so amended.

Any repeal or modification of the foregoing provisions of this Article Seventh by the stockholders of the Corporation shall not adversely affect any right or protection of a director or officer of the Corporation existing at the time of, or increase the liability of any director or officer of the Corporation with respect to any acts or omissions of such director or officer occurring prior to, such repeal or modification.

The provisions of this Article Seventh shall not confer any right or protection hereunder upon any person in respect of any act or omission occurring prior to the Effective Time."

3.     The Existing Certificate is hereby amended to add an Article Tenth of the Existing Certificate as follows:

"TENTH.   Notwithstanding anything to the contrary in the By-Laws of the Corporation or in Section 211(b) or Section 228(a) of the Delaware General Corporation Law, stockholders may not (i) act by written consent to elect or remove directors of the Corporation, (ii) take any action to elect or remove directors of the

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

Corporation at any special meeting of the stockholders, (iii) act by written consent to alter, amend, or repeal the By-Laws of the Corporation, or (iv) take any action to alter, amend, or repeal the By-Laws of the Corporation at any special meeting of the stockholders."

4.    The Existing Certificate is hereby amended to add an Article Eleventh of the Existing Certificate as follows:

"ELEVENTH:  The following indemnification provisions shall apply to the persons enumerated below.

1.    <u>Right to Indemnification of Directors and Officers</u>.  The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended, any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding. Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article Eleventh the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized in advance by the Board of Directors of the Corporation.

2.    <u>Prepayment of Expenses of Directors and Officers</u>.  The Corporation shall pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that, to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article Eleventh or otherwise.

3.    <u>Claims by Directors and Officers</u>.  If a claim for indemnification or advancement of expenses under this Article Eleventh is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim.  In any such action the Corporation

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

4.      <u>Indemnification of Employees and Agents</u>.  The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such person in connection with such Proceeding.  The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors of the Corporation in its sole discretion.  Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors of the Corporation.

5.      <u>Advancement of Expenses of Employees and Agents</u>.  The Corporation may pay the expenses (including attorneys' fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions as may be determined by the Board of Directors of the Corporation.

6.      <u>Non-Exclusivity of Rights</u>.  The rights conferred on any person by this Article Eleventh shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of the Certificate of Incorporation, as amended, the Bylaws of the Corporation, or any agreement, or pursuant to any vote of stockholders or disinterested directors or otherwise.

7.      <u>Other Indemnification</u>.  The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

8.      <u>Insurance</u>.  The Board of Directors of the Corporation may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance:  (a) to indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article Eleventh; and (b) to indemnify or insure directors, officers and employees against liability in

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article Eleventh.

9.      <u>Amendment or Repeal</u>.  Any repeal or modification of the foregoing provisions of this Article Eleventh shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification.  The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

10.      <u>Prior to Effective Time</u>. The provisions of this Article Eleventh shall not confer any right or protection hereunder upon any person in respect of any act or omission occurring prior to the effective time of this Certificate of Amendment."

5.      In lieu of a meeting and vote of the stockholders, the holders of at least the requisite number of shares of the Corporation have given their written consent to this amendment in accordance with the provisions of Section 228(a) and Section 228(e) of the General Corporation Law of the State of Delaware.

6.      The aforesaid amendment was duly adopted in accordance with the applicable provisions of Section 242 of the of the General Corporation Law of the State of Delaware.

*[Remainder of page intentionally left blank]*

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

IN WITNESS WHEREOF, the Corporation has caused this certificate to be signed this 18th day of July 2023.

ABERDEEN ENTERPRISES, INC.

By: _____
Name: Charles Andros
Title: President and CEO

[*Signature page to Certificate of Amendment*]

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

**FIRST AMENDMENT TO THE**
**BY-LAWS**
**OF**
**ABERDEEN ENTERPRISES, INC.**

On July 18, 2023, the Board of Directors and Shareholders of ABERDEEN ENTERPRISES, INC., a Delaware corporation (the "Corporation") unanimously approved and adopted the following amendment to the Corporation's By-Laws (the "By-Laws") to be effective immediately (the "Effective Time"):

1. Article I, Section 2 of the By-Laws is deleted in its entirety and replaced with the following:

> Section 2.    Annual Meeting.  An annual meeting of stockholders shall be held on the first Friday in July of each calendar year, at which meeting the stockholders shall elect by a plurality vote a board of directors and shall transact such other business as may be properly brought before the meeting. If no annual meeting is held in accordance with the foregoing provisions, the Board of Directors shall cause the meeting to be held as soon thereafter as convenient, which meeting shall be designated a special meeting in lieu of an annual meeting.

2. Article I of Section 10 of the By-Laws is deleted in its entirety and replaced with the following:

> Section 10.    Action Without Meeting.  Except as set forth in the certificate of incorporation, any action required to be taken at any annual or special meeting of stockholders of record, or any action which may be taken at any annual or special meeting of such stockholders of record, may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be (1) signed and dated by the record holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and (2) delivered to the Corporation within sixty days of the earliest dated consent by delivery to its registered office in the State of Delaware (in which case delivery shall be by hand or by certified or registered mail, return receipt requested), its principal place of business, or an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders are recorded. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall be given to those stockholders of record who have not consented.

3. Article II, Section 1 of the By-Laws is deleted in its entirety and replaced with the following:

> Section 1.    Number, Election, Tenure and Qualification. The number of Directors which shall constitute the whole board shall be not less than one (1).  Within such limit, the number of Directors shall be determined (i) by resolution of the Board of Directors or (ii) by the stockholders at the annual meeting.  The directors shall be elected at the annual meeting of stockholders, except as provided in section 3 of this Article, and

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

each director elected shall hold office until his successor is elected and qualified, unless sooner displaced. Directors need not be stockholders.

4.  Article IV of the By-Laws is amended to add the following new Section 3:

Section 3.    Notice to the Corporation.  Whenever any notice is required to be given to the Corporation under the provisions of law or of the certificate of incorporation or of these Bylaws, the Company's principal place of business shall be located at 3050 Peachtree Road NW, Suite 740, Atlanta, Georgia 30305. Such address shall also be the address of the Chief Executive Officer, President, and Secretary.

5.  Article IV of the By-Laws is amended to add the following new Section 4:

Section 4. Copy of Notice to the Corporation.  Any notices required to be furnished to any person pursuant to these By-Laws shall simultaneously be provided to the Company at its principal place of business.

6.  Article IV of the By-Laws is amended to add the following new Section 5:

Section 5.    Failure to Comply.  Failure to comply with any of the notice provisions in this Article IV shall cause such notice to be void ab initio and of no effect.

7.  Article V of the By-Laws is deleted in its entirety and replaced with the following new Article V:

Section 1.    Right to Indemnification of Directors and Officers. The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended, any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding.  Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article Five the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized in advance by the Board of Directors of the Corporation.

Section 2.    Prepayment of Expenses of Directors and Officers. The Corporation shall pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that, to the extent required by law, such payment of expenses in advance of the final disposition of

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article Five or otherwise.

Section 3.    <u>Claims by Directors and Officers</u>.  If a claim for indemnification or advancement of expenses under this Article Five is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim.  In any such action the Corporation shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

Section 4.    <u>Indemnification of Employees and Agents</u>.  The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such person in connection with such Proceeding.  The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors of the Corporation in its sole discretion.  Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors of the Corporation.

Section 5.    <u>Advancement of Expenses of Employees and Agents</u>.  The Corporation may pay the expenses (including attorneys' fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions as may be determined by the Board of Directors of the Corporation.

Section 6.    <u>Non-Exclusivity of Rights</u>.  The rights conferred on any person by this Article Five shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of this Certificate of Incorporation, as amended, the Bylaws of the Corporation, or any agreement, or pursuant to any vote of stockholders or disinterested directors or otherwise.

Section 7.    <u>Other Indemnification</u>.  The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

Section 8.    <u>Insurance</u>.  The Board of Directors of the Corporation may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance:  (a) to indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article Five; and (b) to indemnify or insure directors, officers and employees against liability in instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article Five.

Section 9.    <u>Amendment or Repeal</u>.  Any repeal or modification of the foregoing provisions of this Article Five shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification.  The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

Section 10.    <u>Prior to Effective Time</u>. The provisions of this Article Five shall not confer any right or protection hereunder upon any person in respect of any act or omission occurring prior to the Effective Time.

8.    Article IX of the By-Laws is deleted in its entirety and replaced with the following new Article IX:

These By-Laws may be altered, amended or repealed or new By-Laws may be adopted by the stockholders or the Board of Directors, when such power is conferred upon the Board of Directors by the certificate of incorporation, at (i) any annual meeting of the stockholders or (ii) at any regular or special meeting of the Board of Directors, provided, however, that in the case of an annual  meeting of stockholders, notice of such alteration, amendment, repeal or adoption of new By-Laws be contained in the notice of such meeting.

9.    Except as set forth herein, all other provisions of the By-Laws shall remain in full force and effect.

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

**UNANIMOUS WRITTEN CONSENT OF**
**THE BOARD OF DIRECTORS OF**
**ABERDEEN ENTERPRISES, INC.**

**JULY 18, 2023**

The undersigned, being the sole member of the board of directors (the "***Board***") of Aberdeen Enterprises Inc., a Delaware corporation (the "***Corporation***"), hereby adopts, by this action by written consent in lieu of a meeting (this "***Written Consent***") in accordance with the Delaware General Corporation Law, the following resolutions with the same force and effect as if they had been adopted at a duly convened meeting of the Board:

**Election of Officers**

RESOLVED, that the following individuals shall be, and each hereby is, appointed to the office appearing opposite his name below, to serve until his respective successor is duly elected and qualified or until the earlier resignation or removal:

| Name | Office |
|------|--------|
| Charles Andros | President and Chief Executive Officer |
| Charles Andros | Treasurer |
| Charles Andros | Secretary |

FURTHER RESOLVED, that all other individuals serving as officers, and not appointed herein, are hereby removed from office.

**Delaware Annual Reports and Franchise Taxes**

FURTHER RESOLVED, that the officers of the Corporation shall be, and each of them hereby is, authorized, empowered and directed to file the Corporation's 2022 and 2023 annual reports with the Secretary of State of Delaware and pay the associated Delaware franchise taxes for such years.

**Enabling Resolution**

FURTHER RESOLVED, that any act taken or done by any officer or agent of the Corporation to facilitate the transactions contemplated by these resolutions is hereby ratified and approved; and the officers and agents of the Corporation are authorized and directed to do such further acts and deeds, and to execute, acknowledge, file, and deliver for and on behalf of the Corporation such other agreements, documents, papers, and instruments as they deem necessary, appropriate, advisable, or required, in order to effectuate the purpose and intent of these resolutions and to resolve, in their individual discretion, all questions of method, form, and detail; and the taking of any such acts and deeds, and the execution and delivery of any such documents, papers, and instruments is hereby ratified and approved;

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

FURTHER RESOLVED, any copy, facsimile or other reliable reproduction of this action by Written Consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used;

FURTHER RESOLVED, that an executed copy of this Written Consent shall be filed with the minutes of the proceedings of the Board.

**[*Signature page follows*]**

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

IN WITNESS WHEREOF, the undersigned director has duly executed this Written Consent as of the date set forth above.

DIRECTOR:

_Charles Andros_
0E767AFAAF204BE...

Charles Andros

_Signature Page to Written Consent of Directors (Aberdeen Enterprises, Inc.)_

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

**UNANIMOUS WRITTEN CONSENT OF
THE BOARD OF DIRECTORS OF
ABERDEEN ENTERPRISES, INC.**

**JULY 18, 2023**

The undersigned, being the sole member of the board of directors (the "***Board***") of Aberdeen Enterprises, Inc., a Delaware corporation (the "***Corporation***"), hereby adopts, by this action by written consent in lieu of a meeting (this "***Written Consent***") in accordance with the Delaware General Corporation Law, the following resolutions with the same force and effect as if they had been adopted at a duly convened meeting of the Board:

**Issuance of Shares**

WHEREAS, the certificate for the Shares ("***Certificate No. 1***") has been surrendered to the Corporation, duly endorsed or accompanied by proper evidence of succession, assignment, or authority to transfer, and proper evidence of compliance with other conditions to rightful transfer the Shares from the Stockholder to Bay Point Capital Partners II, LP (the "***Lender***");

NOW, THEREFORE, BE IT RESOLVED, that the Board approves, adopts, and ratifies the cancellation of Certificate No. 1 and issuance to the Lender of a certificate of shares relating to the issuance of common stock of the Corporation, par value $0.01 per share, in the respective amounts listed below, the form, terms and conditions:

| Certificate No. | Name | Number of Shares of Common Stock |
|---|---|---|
| 2 | Bay Point Capital Partners II, LP | 100 |

FURTHER RESOLVED, that the form, terms and conditions for certificates of shares of common stock attached hereto as Exhibit A and incorporated herein by reference is hereby adopted, approved, and ratified, and that stock certificates in such form and with such terms and provisions, appropriately completed, may be signed by the appropriate officers of the Corporation as set forth in the Corporation's bylaws; and

FURTHER RESOLVED, that the Corporation shall record the above transactions upon its books.

**Enabling Resolution**

FURTHER RESOLVED, that any act taken or done by any officer or agent of the Corporation to facilitate the transactions contemplated by these resolutions is hereby ratified and approved; and the officers and agents of the Corporation are authorized and directed to do such further acts and deeds, and to execute, acknowledge, file, and deliver for and on behalf of the Corporation such other agreements, documents, papers, and instruments as they deem necessary, appropriate, advisable, or required, in order to effectuate the purpose and intent of these resolutions and to resolve, in their individual discretion, all questions of method, form, and detail; and the

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

taking of any such acts and deeds, and the execution and delivery of any such documents, papers, and instruments is hereby ratified and approved;

FURTHER RESOLVED, any copy, facsimile or other reliable reproduction of this action by Written Consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used;

FURTHER RESOLVED, that an executed copy of this Written Consent shall be filed with the minutes of the proceedings of the Board of Directors.

[*Signature Page Follows*]

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

IN WITNESS WHEREOF, the undersigned director has duly executed this Written Consent as of the date set forth above.

DIRECTOR:

_Charles Andros_

Charles Andros

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

## **Exhibit A**

**Form of Stock Certificate**

See Attached

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4



NUMBER --2--

SHARES --100--

Incorporated Under
The Laws Of The
State of Delaware

THESE SHARES ARE SUBJECT TO
RESTRICTIONS.  SEE REVERSE.

## ABERDEEN ENTERPRISES, INC.

This certifies that **Bay Point Capital Partners II, LP** is owner of **one hundred (100)** fully paid and non-assessable share of the Common Stock, $0.01 par value, of the above named Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officer this **18th** day of July, 2023.

Charles Andros, President

Charles Andros, Secretary

© 2011 ALLSTATE LEGAL® A DIVISION OF ALLSTATE INTERNATIONAL, INC. www.aslegal.com  800.222.0510   99C11

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

## EXPLANATION OF ABBREVIATIONS

The following abbreviations, when used in the inscription of ownership on the face of this certificate, shall be construed as if they were written out in full according to applicable laws or regulations. Abbreviations, in addition to those appearing below, may be used.

| | | | |
|---|---|---|---|
| JT TEN | As joint tenants with right of survivorship and not as tenants in common | TEN ENT | As tenants by the entireties |
| TEN COM | As tenants in common | UNIF GIFT MIN ACT | Uniform Gifts to Minors Act |
| | | CUST | Custodian for |
| | | UNIF TRANS MIN ACT | Uniform Transfers to Minors Act |

For Value Received, _____ hereby sell, assign and transfer unto

_PLEASE INSERT SOCIAL SECURITY OR OTHER IDENTIFYING NUMBER OF ASSIGNEE_

_____ Shares represented by the within

Certificate, and do hereby irrevocably constitute and appoint _____ Attorney

to transfer the said Shares on the books of the within named Corporation with full power of substitution in the premises.

Dated _____ A.D. 20 ___

In presence of _____



DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

**UNANIMOUS WRITTEN CONSENT OF**
**THE BOARD OF DIRECTORS OF**
**ABERDEEN ENTERPRISES, INC.**

**JULY 18, 2023**

The undersigned, being the sole member of the board of directors (the "***Board***") of Aberdeen Enterprises, Inc., a Delaware corporation (the "***Corporation***"), hereby adopts, by this action by written consent in lieu of a meeting (this "***Written Consent***") in accordance with the Delaware General Corporation Law ("***DCGL***"), the following resolutions with the same force and effect as if they had been adopted at a duly convened meeting of the Board:

**<u>Certificate of Amendment of Certificate of Incorporation</u>**

WHEREAS, the Board deems it advisable and in the best interests of the Corporation and its stockholders to amend the Certificate of Incorporation of the Corporation;

RESOLVED, that the Certificate of Incorporation of the Corporation be amended in the form of the Certificate of Amendment of Certificate of Incorporation attached hereto as <u>Exhibit A</u> (the "***Certificate of Amendment***") and incorporated herein by reference, and it hereby is, adopted and approved in all respects;

FURTHER RESOLVED, that the Certificate of Amendment be submitted to the stockholders of the Corporation for approval in compliance with the DGCL;

FURTHER RESOLVED, that the officers of the Corporation be, and they hereby are, and each individual hereby is, authorized and directed to submit the Certificate of Amendment to the stockholders of the Corporation for approval; and

FURTHER RESOLVED, that upon approval of the Certificate of Amendment by the stockholders of the Corporation, the officers of the Corporation, be, and hereby are, authorized and directed to execute and deliver the Certificate of Amendment on to the Delaware Secretary of State in the name and on behalf of the Corporation (the time upon which the Secretary of State of the State of Delaware has accepted such filing, the "***Effective Time***").

**<u>First Amendment to the Bylaws</u>**

WHEREAS, the Board deems it advisable and in the best interests of the Corporation and its stockholders to amend the Corporation's bylaws in effect as of the date hereof (the "***Existing Bylaws***");

RESOLVED, that the Existing Bylaws be amended in the form of the First Amendment to the By-Laws of the Corporation attached hereto as <u>Exhibit B</u> and they hereby are, authorized, adopted and approved in all respects.

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

**Enabling Resolution**

FURTHER RESOLVED, that any act taken or done by any officer or agent of the Corporation to facilitate the transactions contemplated by these resolutions is hereby ratified and approved; and the officers and agents of the Corporation are authorized and directed to do such further acts and deeds, and to execute, acknowledge, file, and deliver for and on behalf of the Corporation such other agreements, documents, papers, and instruments as they deem necessary, appropriate, advisable, or required, in order to effectuate the purpose and intent of these resolutions and to resolve, in their individual discretion, all questions of method, form, and detail; and the taking of any such acts and deeds, and the execution and delivery of any such documents, papers, and instruments is hereby ratified and approved;

FURTHER RESOLVED, any copy, facsimile or other reliable reproduction of this action by Written Consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used;

FURTHER RESOLVED, that an executed copy of this Written Consent shall be filed with the minutes of the proceedings of the Board.

[*Signature Page Follows*]

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

IN WITNESS WHEREOF, the undersigned director has duly executed this Written Consent as of the date set forth above.

DIRECTOR:

DocuSigned by:

*Charles Andros*

0E767AFAAF204BE...

Charles Andros

*Signature Page – Board Written Consent to Amend Certificate*
*of Incorporation and Bylaws (Aberdeen Enterprises, Inc.)*

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

## **Exhibit A**

**Certificate of Amendment**

See Attached

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

# CERTIFICATE OF AMENDMENT OF

# CERTIFICATE OF INCORPORATION OF

# ABERDEEN ENTERPRISES, INC.

(Pursuant to Sections 228 and 242 of the
General Corporation Law of the State of Delaware)

The undersigned, for the purposes of amending the Certificate of Incorporation of Aberdeen Enterprises, Inc., filed on April 22, 1998, hereby certifies as follows:

1.　　　The name of the corporation (hereinafter called the "*Corporation*") is Aberdeen Enterprises, Inc. The date of the filing of its original Certificate of Incorporation with the Secretary of State of the State of Delaware was April 22, 1998 (the "*Existing Certificate*").

2.　　　The Existing Certificate is hereby amended to delete Article Seventh of the Existing Certificate and replace it in its entirety with a new Article Seventh of the Existing Certificate as follows:

"SEVENTH.　　To the fullest extent permitted by law, a director or officer of the Corporation shall not be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director or officer.　If the General Corporation Law or any other law of the State of Delaware is amended after approval by the stockholders of this Article Seventh to authorize corporate action further eliminating or limiting the personal liability of directors or officers, then the liability of a director or officer of the Corporation shall be eliminated or limited to the fullest extent permitted by the General Corporation Law as so amended.

Any repeal or modification of the foregoing provisions of this Article Seventh by the stockholders of the Corporation shall not adversely affect any right or protection of a director or officer of the Corporation existing at the time of, or increase the liability of any director or officer of the Corporation with respect to any acts or omissions of such director or officer occurring prior to, such repeal or modification.

The provisions of this Article Seventh shall not confer any right or protection hereunder upon any person in respect of any act or omission occurring prior to the Effective Time."

3.　　　The Existing Certificate is hereby amended to add an Article Tenth of the Existing Certificate as follows:

"TENTH.　　Notwithstanding anything to the contrary in the By-Laws of the Corporation or in Section 211(b) or Section 228(a) of the Delaware General Corporation Law, stockholders may not (i) act by written consent to elect or remove directors of the Corporation, (ii) take any action to elect or remove directors of the

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

Corporation at any special meeting of the stockholders, (iii) act by written consent to alter, amend, or repeal the By-Laws of the Corporation, or (iv) take any action to alter, amend, or repeal the By-Laws of the Corporation at any special meeting of the stockholders."

4.    The Existing Certificate is hereby amended to add an Article Eleventh of the Existing Certificate as follows:

"ELEVENTH:  The following indemnification provisions shall apply to the persons enumerated below.

1.    <u>Right to Indemnification of Directors and Officers</u>.  The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended, any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding. Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article Eleventh the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized in advance by the Board of Directors of the Corporation.

2.    <u>Prepayment of Expenses of Directors and Officers</u>.  The Corporation shall pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that, to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article Eleventh or otherwise.

3.    <u>Claims by Directors and Officers</u>.  If a claim for indemnification or advancement of expenses under this Article Eleventh is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim.  In any such action the Corporation

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

4.       Indemnification of Employees and Agents.  The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such person in connection with such Proceeding.  The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors of the Corporation in its sole discretion.  Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors of the Corporation.

5.       Advancement of Expenses of Employees and Agents.  The Corporation may pay the expenses (including attorneys' fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions as may be determined by the Board of Directors of the Corporation.

6.       Non-Exclusivity of Rights.  The rights conferred on any person by this Article Eleventh shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of the Certificate of Incorporation, as amended, the Bylaws of the Corporation, or any agreement, or pursuant to any vote of stockholders or disinterested directors or otherwise.

7.       Other Indemnification.  The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

8.       Insurance.  The Board of Directors of the Corporation may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance:  (a) to indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article Eleventh; and (b) to indemnify or insure directors, officers and employees against liability in

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article Eleventh.

       9.    <u>Amendment or Repeal</u>.  Any repeal or modification of the foregoing provisions of this Article Eleventh shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification.  The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

       10.    <u>Prior to Effective Time</u>. The provisions of this Article Eleventh shall not confer any right or protection hereunder upon any person in respect of any act or omission occurring prior to the effective time of this Certificate of Amendment."

       5.    In lieu of a meeting and vote of the stockholders, the holders of at least the requisite number of shares of the Corporation have given their written consent to this amendment in accordance with the provisions of Section 228(a) and Section 228(e) of the General Corporation Law of the State of Delaware.

       6.    The aforesaid amendment was duly adopted in accordance with the applicable provisions of Section 242 of the of the General Corporation Law of the State of Delaware.

*[Remainder of page intentionally left blank]*

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

IN WITNESS WHEREOF, the Corporation has caused this certificate to be signed this 18th day of July 2023.

ABERDEEN ENTERPRISES, INC.

By: _____

Name: Charles Andros

Title: President and CEO

*[Signature page to Certificate of Amendment]*

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

## Exhibit B

**First Amendment of the By-Laws**

See Attached

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

**FIRST AMENDMENT TO THE**
**BY-LAWS**
**OF**
**ABERDEEN ENTERPRISES, INC.**

On July 18, 2023, the Board of Directors and Shareholders of ABERDEEN ENTERPRISES, INC., a Delaware corporation (the "Corporation"), unanimously approved and adopted the following amendment to the Corporation's By-Laws (the "By-Laws") to be effective immediately (the "Effective Time"):

1. Article I, Section 2 of the By-Laws is deleted in its entirety and replaced with the following:

    Section 2.    Annual Meeting.  An annual meeting of stockholders shall be held on the first Friday in July of each calendar year, at which meeting the stockholders shall elect by a plurality vote a board of directors and shall transact such other business as may be properly brought before the meeting. If no annual meeting is held in accordance with the foregoing provisions, the Board of Directors shall cause the meeting to be held as soon thereafter as convenient, which meeting shall be designated a special meeting in lieu of an annual meeting.

2. Article I of Section 10 of the By-Laws is deleted in its entirety and replaced with the following:

    Section 10.    Action Without Meeting.  Except as set forth in the certificate of incorporation, any action required to be taken at any annual or special meeting of stockholders of record, or any action which may be taken at any annual or special meeting of such stockholders of record, may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be (1) signed and dated by the record holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and (2) delivered to the Corporation within sixty days of the earliest dated consent by delivery to its registered office in the State of Delaware (in which case delivery shall be by hand or by certified or registered mail, return receipt requested), its principal place of business, or an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders are recorded. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall be given to those stockholders of record who have not consented.

3. Article II, Section 1 of the By-Laws is deleted in its entirety and replaced with the following:

    Section 1.    Number, Election, Tenure and Qualification. The number of Directors which shall constitute the whole board shall be not less than one (1).  Within such limit, the number of Directors shall be determined (i) by resolution of the Board of Directors or (ii) by the stockholders at the annual meeting.  The directors shall be elected at the annual meeting of stockholders, except as provided in section 3 of this Article, and

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

each director elected shall hold office until his successor is elected and qualified, unless sooner displaced. Directors need not be stockholders.

4. Article IV of the By-Laws is amended to add the following new Section 3:

Section 3.    Notice to the Corporation.  Whenever any notice is required to be given to the Corporation under the provisions of law or of the certificate of incorporation or of these Bylaws, the Company's principal place of business shall be located at 3050 Peachtree Road NW, Suite 740, Atlanta, Georgia 30305. Such address shall also be the address of the Chief Executive Officer, President, and Secretary.

5. Article IV of the By-Laws is amended to add the following new Section 4:

Section 4. Copy of Notice to the Corporation.  Any notices required to be furnished to any person pursuant to these By-Laws shall simultaneously be provided to the Company at its principal place of business.

6. Article IV of the By-Laws is amended to add the following new Section 5:

Section 5.    Failure to Comply.  Failure to comply with any of the notice provisions in this Article IV shall cause such notice to be void ab initio and of no effect.

7. Article V of the By-Laws is deleted in its entirety and replaced with the following new Article V:

Section 1.    Right to Indemnification of Directors and Officers.  The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended, any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding.  Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article Five the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized in advance by the Board of Directors of the Corporation.

Section 2.    Prepayment of Expenses of Directors and Officers.  The Corporation shall pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that, to the extent required by law, such payment of expenses in advance of the final disposition of

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article Five or otherwise.

Section 3.        Claims by Directors and Officers.  If a claim for indemnification or advancement of expenses under this Article Five is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim.  In any such action the Corporation shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

Section 4.        Indemnification of Employees and Agents.  The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such person in connection with such Proceeding.  The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors of the Corporation in its sole discretion.  Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors of the Corporation.

Section 5.        Advancement of Expenses of Employees and Agents.  The Corporation may pay the expenses (including attorneys' fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions as may be determined by the Board of Directors of the Corporation.

Section 6.        Non-Exclusivity of Rights.  The rights conferred on any person by this Article Five shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of this Certificate of Incorporation, as amended, the Bylaws of the Corporation, or any agreement, or pursuant to any vote of stockholders or disinterested directors or otherwise.

Section 7.        Other Indemnification.  The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

Section 8.    <u>Insurance</u>.  The Board of Directors of the Corporation may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance:  (a) to indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article Five; and (b) to indemnify or insure directors, officers and employees against liability in instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article Five.

Section 9.    <u>Amendment or Repeal</u>.  Any repeal or modification of the foregoing provisions of this Article Five shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification.  The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

Section 10.    <u>Prior to Effective Time</u>. The provisions of this Article Five shall not confer any right or protection hereunder upon any person in respect of any act or omission occurring prior to the Effective Time.

8. Article IX of the By-Laws is deleted in its entirety and replaced with the following new Article IX:

These By-Laws may be altered, amended or repealed or new By-Laws may be adopted by the stockholders or the Board of Directors, when such power is conferred upon the Board of Directors by the certificate of incorporation, at (i) any annual meeting of the stockholders or (ii) at any regular or special meeting of the Board of Directors, provided, however, that in the case of an annual  meeting of stockholders, notice of such alteration, amendment, repeal or adoption of new By-Laws be contained in the notice of such meeting.

9. Except as set forth herein, all other provisions of the By-Laws shall remain in full force and effect.

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

# CERTIFICATE OF AMENDMENT OF

# CERTIFICATE OF INCORPORATION OF

# ABERDEEN ENTERPRISES, INC.

(Pursuant to Sections 228 and 242 of the
General Corporation Law of the State of Delaware)

The undersigned, for the purposes of amending the Certificate of Incorporation of Aberdeen Enterprises, Inc., filed on April 22, 1998, hereby certifies as follows:

1.      The name of the corporation (hereinafter called the "***Corporation***") is Aberdeen Enterprises, Inc. The date of the filing of its original Certificate of Incorporation with the Secretary of State of the State of Delaware was April 22, 1998 (the "***Existing Certificate***").

2.      The Existing Certificate is hereby amended to delete Article Seventh of the Existing Certificate and replace it in its entirety with a new Article Seventh of the Existing Certificate as follows:

"SEVENTH.   To the fullest extent permitted by law, a director or officer of the Corporation shall not be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director or officer.  If the General Corporation Law or any other law of the State of Delaware is amended after approval by the stockholders of this Article Seventh to authorize corporate action further eliminating or limiting the personal liability of directors or officers, then the liability of a director or officer of the Corporation shall be eliminated or limited to the fullest extent permitted by the General Corporation Law as so amended.

Any repeal or modification of the foregoing provisions of this Article Seventh by the stockholders of the Corporation shall not adversely affect any right or protection of a director or officer of the Corporation existing at the time of, or increase the liability of any director or officer of the Corporation with respect to any acts or omissions of such director or officer occurring prior to, such repeal or modification.

The provisions of this Article Seventh shall not confer any right or protection hereunder upon any person in respect of any act or omission occurring prior to the Effective Time."

3.      The Existing Certificate is hereby amended to add an Article Tenth of the Existing Certificate as follows:

"TENTH.  Notwithstanding anything to the contrary in the By-Laws of the Corporation or in Section 211(b) or Section 228(a) of the Delaware General Corporation Law, stockholders may not (i) act by written consent to elect or remove directors of the Corporation, (ii) take any action to elect or remove directors of the

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

Corporation at any special meeting of the stockholders, (iii) act by written consent to alter, amend, or repeal the By-Laws of the Corporation, or (iv) take any action to alter, amend, or repeal the By-Laws of the Corporation at any special meeting of the stockholders."

4.    The Existing Certificate is hereby amended to add an Article Eleventh of the Existing Certificate as follows:

"ELEVENTH:  The following indemnification provisions shall apply to the persons enumerated below.

1.    <u>Right to Indemnification of Directors and Officers</u>.  The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended, any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding. Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article Eleventh the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized in advance by the Board of Directors of the Corporation.

2.    <u>Prepayment of Expenses of Directors and Officers</u>.  The Corporation shall pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that, to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article Eleventh or otherwise.

3.    <u>Claims by Directors and Officers</u>.  If a claim for indemnification or advancement of expenses under this Article Eleventh is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim.  In any such action the Corporation

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

4.  <u>Indemnification of Employees and Agents</u>.  The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such person in connection with such Proceeding.  The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors of the Corporation in its sole discretion.  Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors of the Corporation.

5.  <u>Advancement of Expenses of Employees and Agents</u>.  The Corporation may pay the expenses (including attorneys' fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions as may be determined by the Board of Directors of the Corporation.

6.  <u>Non-Exclusivity of Rights</u>.  The rights conferred on any person by this Article Eleventh shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of the Certificate of Incorporation, as amended, the Bylaws of the Corporation, or any agreement, or pursuant to any vote of stockholders or disinterested directors or otherwise.

7.  <u>Other Indemnification</u>.  The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

8.  <u>Insurance</u>.  The Board of Directors of the Corporation may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance:  (a) to indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article Eleventh; and (b) to indemnify or insure directors, officers and employees against liability in

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article Eleventh.

        9.    <u>Amendment or Repeal</u>.  Any repeal or modification of the foregoing provisions of this Article Eleventh shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification.  The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

        10.    <u>Prior to Effective Time</u>. The provisions of this Article Eleventh shall not confer any right or protection hereunder upon any person in respect of any act or omission occurring prior to the effective time of this Certificate of Amendment."

        5.    In lieu of a meeting and vote of the stockholders, the holders of at least the requisite number of shares of the Corporation have given their written consent to this amendment in accordance with the provisions of Section 228(a) and Section 228(e) of the General Corporation Law of the State of Delaware.

        6.    The aforesaid amendment was duly adopted in accordance with the applicable provisions of Section 242 of the of the General Corporation Law of the State of Delaware.

*[Remainder of page intentionally left blank]*

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

IN WITNESS WHEREOF, the Corporation has caused this certificate to be signed this 18th day of July 2023.

ABERDEEN ENTERPRISES, INC.

By: _____
Name: Charles Andros
Title: President and CEO

[*Signature page to Certificate of Amendment*]

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

**FIRST AMENDMENT TO THE**
**BY-LAWS**
**OF**
**ABERDEEN ENTERPRISES, INC.**

On July 18, 2023, the Board of Directors and Shareholders of ABERDEEN ENTERPRISES, INC., a Delaware corporation (the "Corporation") unanimously approved and adopted the following amendment to the Corporation's By-Laws (the "By-Laws") to be effective immediately (the "Effective Time"):

1.  Article I, Section 2 of the By-Laws is deleted in its entirety and replaced with the following:

    Section 2.    Annual Meeting.  An annual meeting of stockholders shall be held on the first Friday in July of each calendar year, at which meeting the stockholders shall elect by a plurality vote a board of directors and shall transact such other business as may be properly brought before the meeting. If no annual meeting is held in accordance with the foregoing provisions, the Board of Directors shall cause the meeting to be held as soon thereafter as convenient, which meeting shall be designated a special meeting in lieu of an annual meeting.

2.  Article I of Section 10 of the By-Laws is deleted in its entirety and replaced with the following:

    Section 10.    Action Without Meeting.  Except as set forth in the certificate of incorporation, any action required to be taken at any annual or special meeting of stockholders of record, or any action which may be taken at any annual or special meeting of such stockholders of record, may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be (1) signed and dated by the record holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and (2) delivered to the Corporation within sixty days of the earliest dated consent by delivery to its registered office in the State of Delaware (in which case delivery shall be by hand or by certified or registered mail, return receipt requested), its principal place of business, or an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders are recorded. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall be given to those stockholders of record who have not consented.

3.  Article II, Section 1 of the By-Laws is deleted in its entirety and replaced with the following:

    Section 1.    Number, Election, Tenure and Qualification. The number of Directors which shall constitute the whole board shall be not less than one (1). Within such limit, the number of Directors shall be determined (i) by resolution of the Board of Directors or (ii) by the stockholders at the annual meeting.  The directors shall be elected at the annual meeting of stockholders, except as provided in section 3 of this Article, and

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

each director elected shall hold office until his successor is elected and qualified, unless sooner displaced. Directors need not be stockholders.

4. Article IV of the By-Laws is amended to add the following new Section 3:

Section 3.    Notice to the Corporation.  Whenever any notice is required to be given to the Corporation under the provisions of law or of the certificate of incorporation or of these Bylaws, the Company's principal place of business shall be located at 3050 Peachtree Road NW, Suite 740, Atlanta, Georgia 30305. Such address shall also be the address of the Chief Executive Officer, President, and Secretary.

5. Article IV of the By-Laws is amended to add the following new Section 4:

Section 4. Copy of Notice to the Corporation.  Any notices required to be furnished to any person pursuant to these By-Laws shall simultaneously be provided to the Company at its principal place of business.

6. Article IV of the By-Laws is amended to add the following new Section 5:

Section 5.    Failure to Comply.  Failure to comply with any of the notice provisions in this Article IV shall cause such notice to be void ab initio and of no effect.

7. Article V of the By-Laws is deleted in its entirety and replaced with the following new Article V:

Section 1.    Right to Indemnification of Directors and Officers.  The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended, any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding.  Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article Five the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized in advance by the Board of Directors of the Corporation.

Section 2.    Prepayment of Expenses of Directors and Officers.  The Corporation shall pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that, to the extent required by law, such payment of expenses in advance of the final disposition of

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article Five or otherwise.

Section 3.    <u>Claims by Directors and Officers</u>.  If a claim for indemnification or advancement of expenses under this Article Five is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim.  In any such action the Corporation shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

Section 4.    <u>Indemnification of Employees and Agents</u>.  The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such person in connection with such Proceeding.  The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors of the Corporation in its sole discretion.  Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors of the Corporation.

Section 5.    <u>Advancement of Expenses of Employees and Agents</u>.  The Corporation may pay the expenses (including attorneys' fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions as may be determined by the Board of Directors of the Corporation.

Section 6.    <u>Non-Exclusivity of Rights</u>.  The rights conferred on any person by this Article Five shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of this Certificate of Incorporation, as amended, the Bylaws of the Corporation, or any agreement, or pursuant to any vote of stockholders or disinterested directors or otherwise.

Section 7.    <u>Other Indemnification</u>.  The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

DocuSign Envelope ID: EF454253-BABE-40E4-AC54-FD69E61FC3D4

Section 8. <u>Insurance</u>. The Board of Directors of the Corporation may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance: (a) to indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article Five; and (b) to indemnify or insure directors, officers and employees against liability in instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article Five.

Section 9. <u>Amendment or Repeal</u>. Any repeal or modification of the foregoing provisions of this Article Five shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification. The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

Section 10. <u>Prior to Effective Time</u>. The provisions of this Article Five shall not confer any right or protection hereunder upon any person in respect of any act or omission occurring prior to the Effective Time.

8. Article IX of the By-Laws is deleted in its entirety and replaced with the following new Article IX:

These By-Laws may be altered, amended or repealed or new By-Laws may be adopted by the stockholders or the Board of Directors, when such power is conferred upon the Board of Directors by the certificate of incorporation, at (i) any annual meeting of the stockholders or (ii) at any regular or special meeting of the Board of Directors, provided, however, that in the case of an annual meeting of stockholders, notice of such alteration, amendment, repeal or adoption of new By-Laws be contained in the notice of such meeting.

9. Except as set forth herein, all other provisions of the By-Laws shall remain in full force and effect.