**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ABERDEEN ENTERPRISES, INC.,<br><br>Debtor. | Case No. 23-72834-ast<br><br>Chapter 11 |

**DECLARATION IN SUPPORT OF BAY POINT CAPITAL PARTNERS II, LP'S, MOTION FOR EXPEDITED HEARING ON MOTION FOR AN ORDER (I) DISMISSING BANKRUPTCY CASE; OR (II) GRANTING ALTERNATIVE RELIEF**

I, John C. Allerding, hereby make this declaration (the "Declaration" pursuant to 28 U.S.C. § 1746 and state that the following is true to the best of my knowledge, information, and belief:

1. I am a partner at the law firm of Thompson Hine LLP ("Thompson Hine"). Thompson Hine serves as counsel to Bay Point Capital Partners II, LP ("Bay Point") in the above-captioned proceedings.

2. I submit this declaration (the "Declaration") in support of the *Motion for Expedited Hearing on Motion for an Order (i) Dismissing Bankruptcy Case; or (ii) Granting Alternative Relief* (ECF No. 13, the "Motion to Expedite") filed in the above-captioned proceedings.

3. All facts set forth in this Declaration are based on my personal knowledge. If called upon to testify, I would testify competently to the facts set forth herein. Moreover, in making this Declaration, I have reviewed and am familiar with the Motion to Expedite and Bay Point's *Motion for an Order (i) Dismissing Bankruptcy Case; or (ii) Granting Alternative Relief* (ECF No. 12, the "Motion to Dismiss").

4. As set forth in greater detail in the Motion to Expedite and the Motion to Dismiss, Louise Blouin ("Ms. Blouin") was rightfully removed as an officer and/or director of Aberdeen Enterprises, Inc. ("Debtor") and its related company, Brickchurch Enterprises, Inc. ("Brickchurch," and collectively with Debtor, the "Debtor Companies").

5. The documents attached to the Motion to Dismiss as Exhibits A through E are true and accurate copies of the DIP Loan Documents[1] that provided Bay Point with the authority to take certain corporate actions on its own behalf and/or on behalf of the Debtor Companies upon an Event of Default.[2]

6. An Event of Default did occur under the DIP Loan Documents.

7. The documents attached to the Motion to Dismiss as Exhibit E and Exhibit F are true and accurate copies of notices of the Event of Default that were sent to the Borrowers and Guarantors.

8. The documents attached to the Motion to Dismiss as Exhibits G, I, M, N, O, S, T, U, W, and X are true and accurate copies of corporate actions undertaken by Bay Point and the duly elected sole officer and director of the Debtor Companies, Charles Andros.

9. The documents attached to the Motion to Dismiss as Exhibits I and P are true and accurate copies of correspondence that was sent to the addressees noted on the face of such documents.

10. The documents attached to the Motion to Dismiss as Exhibits K and L are true and accurate copies of what I understand were presented to Bay Point as the operative certificate

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Dismiss.

[2] The term "Event of Default," as used herein" shall have the same meaning as ascribed to such term in the DIP Loan Documents.

of incorporation and bylaws of Debtor by Debtor's former officer(s) and/or director(s). I have reviewed the certificate of incorporation and bylaws that I understand were presented to Bay Point as the operative certificate of incorporation and bylaws of Brickchurch by Brickchurch's former officer(s) and/or director(s) and found such documents to be identical to the Debtor's certificate of incorporation and bylaws in all material aspects.

11. The document attached to the Motion to Dismiss as Exhibit R is a true and accurate copy of the email, and the attachments thereto, that I sent to the individuals identified in the "To" line on the face of that document.

12. The documents attached to the Motion to Dismiss as Exhibits H and V are affidavits of delivery that I received from the courier that I contracted with for the delivery of the documents attached to the Motion to Dismiss as Exhibits G and U to the persons identified on the face of Exhibits H and V.

13. The documents attached to the Motion to Dismiss as Exhibit Y are emails that I received from the person noted in the "From" line on the face of those documents.

14. The documents attached to the Motion to Dismiss as Exhibit Z are emails that I sent to the persons identified in the "To" line on the face of those documents.

15. As the foregoing-referenced documents establish, despite being removed as an officer and/or director of the Debtor Companies, Ms. Blouin is still attempting to control the Debtor Companies.

16. I believe that Ms. Blouin's actions are harming the Debtor Companies' respective creditors by causing unnecessary costs and expenses to be incurred by the estates of those companies as well as the cost and expense of additional delay in liquidating the Debtor Companies' respective assets.

17.     For the reasons stated herein, good cause exists to enter the proposed order with respect to the Motion to Expedite on an *ex parte* basis or to otherwise hold a hearing on an emergency basis.

18.     No previous application or motion seeking the relief sought by the Motion to Expedite has been made.

I hereby declare under penalty of perjury under the United States of America that the foregoing is true and correct.

Executed on:  August 8, 2023                    _____