IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Aberdeen Enterprises, Inc., | Case No. 23-72834-AST |
| Brickchurch Enterprises, Inc., | Case No. 22-70914-AST |
| Debtors. | Jointly Administered |

## BAY POINT CAPITAL PARTNERS II, LP'S EMERGENCY MOTION
## FOR AN ORDER PURSUANT TO 11 USCS § 105

Bay Point Capital Partners II, LP ("Bay Point"), by and through its undersigned counsel, files this emergency Motion (the "Motion") for an order pursuant to 11 USCS § 105 based on threats of physical violence made by Louise Blouin ("Blouin"). In support of its Motion, Bay Point respectfully states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      The statutory basis for the relief requested herein is 11 USCS § 105 and any other applicable provisions of title 11 of the United States Code (the "Bankruptcy Code"). As such, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtor consents to entry of a final order by the Court in connection with this Motion.

3.      Venue of these cases and related proceedings is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELEVANT FACTUAL BACKGROUND[1]

4.      On September 13, 2023, the Court held a status conference whereat it provided the Debtors with yet another opportunity to present a chapter 11 plan that could move the above-captioned, jointly administered cases (these "Cases") towards conclusion. Specifically, the Court set a deadline for Debtors to submit a chapter 11 plan, bid procedures, and a sale motion that had Bay Point's full support and consent.

5.      Not less than twenty-four (24) hours later, Blouin resorted to making personal threats and intimidation against Charles Andros ("Andros"), Bay Point's President and the director and officer appointed over Debtors by Bay Point, in an attempt to coerce Bay Point into accepting Blouin's demands.

6.      On the evening of September 13, 2023, Counsel for Aberdeen Enterprises (BVI) Ltd. and Brickchurch Enterprises (BVI) Ltd. (the "BVI Companies' Counsel") sent Bay Point's counsel a revised draft of the proposed bid procedures and a call to discuss the revised draft was scheduled for 3:00 pm the following day.

7.      At 8:12 am on September 14, 2023, Blouin sent Andros a text message containing the link to an image which depicts a famous scene from the movie, *THE GODFATHER* (Paramount 1972), wherein a character awakes to the decapitated head of his horse. Blouin also wrote the following along with the message, "[t]his is how you want to be remembered as." Attached hereto as Exhibit A is a screen shot of the text message sent by Blouin. Attached hereto as Exhibit B is a screen shot of the picture that appears when the link is followed.

---

[1] The Court is well aware of the factual background of the above-captioned, jointly administrated cases (the "Cases"). Bay Point asks that the Court take judicial notice of that factual background, including, without limitation, the factual background cited in the various other papers filed by Bay Point in the Cases.

**REQUEST FOR RELIEF AND BASIS THEREFOR**

8.      Blouin's conduct is wildly outrageous and unsettling. This most recent episode underscores why Bay Point insisted at the August 23, 2023 hearing (the "August 23 Hearing") that Blouin refrain from participating in the anticipated chapter 11 sale process. Debtors' and Blouin agreed to Bay Point's request in an effort to avoid this Court's decision on Bay Point's Motion to Dismiss.[2] Thus, the bulk of the requested relief (and that which is most important to benefit the chapter 11 process) is simply a request for an order confirming the parties' prior agreement. Entry of the requested order will emphasize to Blouin that her conduct will not be tolerated, will prohibit her from making similar threats of violence, and will remove Blouin – who is the most disruptive and detrimental force in these chapter 11 proceedings – from the chapter 11 process.[3]

9.      Because of the forgoing, Bay Point respectfully request the Court enter an order substantially in the form attached hereto as Exhibit C (i) prohibiting Blouin from directly or indirectly communicating with Andros or anyone at Bay Point except through the BVI Companies' Counsel; and (ii) ordering the Parties' agreements made part of the record at the August 23 Hearing by (A) prohibiting Blouin from participating or otherwise interfering with the potential chapter 11 sale process, except to the extent her participation becomes necessary and requested by a party in interest or the Court; and (B) requiring Blouin and any other person related to her to completely vacate the Properties on or before October 1, 2023.

---

[2] *Motion for an Order (I) Dismissing Bankruptcy Case; or (ii) Granting Alternative Relief* (ECF No. 12); *Bay Point Capital Partners II, LP's Reply in Support of Motion for an Order (i) Dismissing Bankruptcy Case; or (ii) Granting Alternative Relief* (ECF No. 35) (collectively, the "Motion to Dismiss").

[3] The requested relief differs from the relief requested by the Motion to Dismiss in that this Motion does not seek to impact the current role (if any) of Mathew Kabatoff, Blouin's husband, with Debtors. Bay Point will seek a decision on the Motion to Dismiss (including confirmation that Kabatoff was removed as the Debtor's sole director) if the Bay Point and Debtors are not able to reach agreement on a chapter 11 plan, bidding procedures, and sale motion by deadline set by the Court (i.e., 12:00 pm (Eastern) on September 18, 2023).

3

10.     Bay Point respectfully represents that sufficient authority for the relief requested under these circumstances exists in 11 USCS § 105, and that the justification and urgency for the relief requested are self-evident from facts before this Court.

11.     As the Court is aware, Bay Point has asserted that Andros is in control of each of the Debtors. *See* Motion to Dismiss. As a result, Bay Point is not seeking relief under 11 U.S.C. § 1185 to remove the Debtors as debtors-in-possession in these Cases ***at this time***. Instead, Bay Point seeks an order only removing Blouin from the ongoing process – as her conduct and presence is a hinderance to the reorganization process. Bay Point has moved on an emergency basis for limited relief and reserves all of its rights to seek further relief based on Blouin's actions.

## CONCLUSION

WHEREFORE, Bay Point respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit C and granting such further relief that the Court deems just and appropriate.

Dated:  September 14, 2023                    Respectfully submitted,

                                             */s/ John C. Allerding*
                                             By: John C. Allerding (admitted pro hac vice)
                                             Thompson Hine LLP
                                             3560 Lenox Road, Suite 1600
                                             P: 404.407.3676 / F: 216.566.5800
                                             John.Allerding@ThompsonHine.com

                                             *Counsel for Bay Point Capital Partners II, LP*