IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Aberdeen Enterprises, Inc.,<br>Brickchurch Enterprises, Inc.,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-72834-AST<br>Case No. 22-70914-AST<br><br>Jointly Administered |

## BAY POINT CAPITAL PARTNERS II, LP'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR AN ORDER PURSUANT TO 11 USCS § 105

Bay Point Capital Partners II, LP ("Bay Point") files this Reply in Support of its Emergency Motion for an Order Pursuant to 11 USCS § 105 (the "Motion") to briefly address Louise Blouin's ("Blouin") unfortunate attempt to explain away threats of physical violence and the most egregious of the many factual inaccuracies set forth therein.

Blouin's suggestion that Bay Point or any of its principals or employees had any connection to heart attacks suffered by anybody is ludicrous. There is absolutely no evidence of that – and Bay Point absolutely denies Blouin's slanderous allegations. The text messages included in Blouin's Opposition show that Blouin is the only person referencing this issue. Nor did Mr. Andros joke about being in the mafia. In addition to her countless other baseless allegations, Blouin has made references to the mafia – although its difficult to understand her complaints in this regard and those references appear to be nothing more than name calling. Mr. Andros's statement as shown in the Blouin Opposition[1] was a frustrated response to Blouin's unsupported and absurd accusations in this respect.

---

[1] *Aberdeen Enterprises (BVI) Ltd. and Brickchurch Enterprises (BVI) Ltd.'s Opposition to Bay Point Capital Partners II, LP's Motion Pursuant to 11 U.S.C. § 105* (ECF No. 63, the "Blouin Opposition").

Equally as ludicrous is Blouin's attempt to paint herself as a victim that is being bullied. Her "bullying" comment came in response to the statement, "I'm very sorry but time is running out." And Bay Point's response to Blouin's bullying allegation was equally as cordial and professional: "Didn't mean to bully. Just need to come to an agreement quickly." The hypocrisy in her assertion is evident by the fact that in the history phone log included in the Blouin Opposition, not once did Mr. Andros call Blouin. Every single one of the calls were in initiated by Blouin.[2] The fact is that Blouin cannot afford to live the life that she wants to live. She is trying to delay this process as much as she can to continue living in the Debtors' properties without paying for that privilege. And when Mr. Andros insisted that agreements be reached to move the chapter 11 process forward, Blouin resorted to threats of physical violence.

Blouin next argues that Bay Point has no intention of agreeing to anything. To support that argument, Blouin complains that Bay Point's counsel "advised us that he would be away for the entire weekend." Blouin Opposition, ¶ 7. That is not true. Bay Point's counsel indicated that he had a pre-planned family vacation over the weekend but that he would make himself available right up until he arrived at his destination late Friday afternoon and again on Sunday evening. But, in fact, Bay Point's counsel still ended up working for six hours on Saturday to address the numerous deficiencies in Debtors' proposed plan and bid procedures.[3] And, in fact, the Parties were able to agree upon and file a joint plan summary (ECF No. 66). As with all of her other allegations regarding bad faith – Blouin's allegations are baseless.[4]

---

[2] The fact that Mr. Andros answered Blouin's phone calls does not take away from the severity of her threats. It merely shows that despite Blouin's outrageous behavior, Bay Point continues to be a good partner that is working towards a resolution of the pending matters.

[3] Despite Blouin's baseless allegations to the contrary, Bay Point has been working on numerous underlying issues with joint plan – in addition to working on the plan itself – since receiving it so as to try to put the parties in the best position possible to achieve confirmation.

[4] Blouin's recitation of the interactions between the parties is also inaccurate. Blouin has injected herself into communications between counsel for the past year. On September 13, 2023, Blouin asked – for the first and only

Blouin's text message and the content thereof speak for themselves. Her attempt to marginalize her threat as "banter" shows that she is not fit to be in control of the chapter 11 process and provides further support for Bay Point's decision to remove her and her husband as the officer and director of the Debtors. Moreover, the only relief requested by Bay Point was (i) an order on those issues to which the parties already agreed on the record before the Court; and (ii) an order prohibiting Blouin from contacting Bay Point. Neither of those things are controversial.

Dated:  September 25, 2023

Respectfully submitted,

*/s/ John C. Allerding*
By: John C. Allerding (admitted pro hac vice)
Thompson Hine LLP
3560 Lenox Road, Suite 1600
P: 404.407.3676 / F: 216.566.5800
John.Allerding@ThompsonHine.com

*Counsel for Bay Point Capital Partners II, LP*

---

time – that all communications run through counsel. And, despite the fact that Blouin continued to initiate further communications with Bay Point's counsel in violation of her own request, Bay Point's counsel did not initiate communications with Blouin. Blouin's reference to being contacted was the result of her own counsel continuing to copy her on communications with Bay Point's counsel – which were then replied to by Bay Point's counsel. Bay Point asked Blouin's counsel to refrain from copying her on emails. They have refused and continue to copy her.