UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                                Chapter 11

Aberdeen Enterprises, Inc.,                           Case No. 23-72834-AST
Brickchurch Enterprises, Inc.,                        Case No. 22-70914-AST

                                    Debtors.          Jointly Administered
--------------------------------------------------------x

### Creditor Internal Revenue Service's Objection to Debtor's Joint Chapter 11 Plan of Reorganization (ECF No. 44) and Joint Plan Summary (ECF No. 66)

The creditor United States of America, on behalf of the Department of the Treasury, Internal Revenue Service, ("IRS") objects to both the Debtors' Joint Chapter 11 Plan of Reorganization (ECF No. 44, "Plan") and the Joint Plan Summary (ECF No. 66, "Summary"). Preliminarily, it is doubtful whether the Plan is even the operative plan any longer, or whether there is in effect an October 4, 2023 objection deadline. The IRS is making this filing as a protective measure to preserve its rights.

The Debtors Aberdeen Enterprises, Inc. ("Aberdeen"), and Brickchurch Enterprises, Inc. ("Brickchurch"), filed the Plan on September 5, 2023. At the time, the Debtors proposed that the confirmation hearing be held on October 11, 2023, with objections due by October 4, 2023. ECF No. 48. This proposed schedule was based on the Court's oral instructions at the end of the August 23, 2023 hearing. Creditor Bay Point Capital Partners II, LP ("Bay Point"), filed an objection to the Plan on September 11, 2023. ECF No. 58. At the hearing held on September 13, 2023, the Court directed the Debtors and Bay Point to confer and then to file by noon on September 18, 2023, a plan outline containing the material terms of their agreement (or alternatively, a statement that they could not reach agreement). Because this plan outline would then be followed by a modified plan, the Court also pushed back the date of the confirmation hearing to October 25, 2023, in order to allow for the required 21-day notice period. *See* Fed. R.

1

Bankr. P. 2002(a)(5). The Court directed the Debtors to docket adjournment notices to that date, but the adjournment notices have not been filed.

On September 18, 2023, the Debtors filed the Summary, recognizing "inconsistencies" with the Plan and stating that the Plan would be "revised and filed with the consent of Bay Point." ECF No. 66 at 1 n.1 & n.2. The terms of the Summary are materially different from the Plan, yet no modification to the Plan has since been filed. Among other issues, the Summary states that Louise Blouin, the Debtors' principal, "shall have no authority to act with respect to either of the Debtors" (ECF No. 66 at 1), but the Summary is not signed by Ms. Blouin to evidence her agreement to this arrangement. Nor is there anything indicating her willingness or wherewithal, whether in her personal capacity or through her other entities (referred to in the Summary as "Debtors' Equity Holders"), to take responsibility for payment of certain administrative expense claims, as contemplated by the Summary. *See id.* at 3. Bay Point has not signed anything on the docket agreeing to the Summary or a modified plan either. And even after Debtors filed the Summary stating that they had a deal, Bay Point has continued pursuing sanctions against Ms. Blouin, including demanding she vacate the property at issue in these cases by October 1, 2023. *See* ECF Nos. 61, 69. It is unknown to the IRS if Ms. Blouin is still there or whether there is a bona fide agreement between the Debtors and Bay Point.

Regardless, the IRS objects to both the Plan and Summary on two principal grounds. First, they do not provide for full payment of the IRS's secured claim in the Aberdeen case and priority claim in the Brickchurch case, as required by 11 U.S.C. § 1129(a)(9)(C) and (D). These two IRS claims are for the same underlying tax liabilities that need only be paid once. The IRS assessed the underlying liabilities against Ms. Blouin under 26 U.S.C. § 6672 for failing to remit withholding taxes for two companies. The liabilities are entitled to priority under 11 U.S.C. § 507(a)(8)(C), and the IRS asserts that the Debtors are both Ms. Blouin's nominees and alter

egos because she owns and controls both Debtors and the real properties titled in their names.

In the Brickchurch case, the IRS filed a proof of claim (Claim 13-1) on December 1, 2022, that included a priority claim for $5,685,582.56. Brickchurch filed an objection to the IRS's claim that has been fully briefed, argued, and submitted. *See* ECF Nos. 205, 223, 224, 233, 234 in Brickchurch case. For the reasons stated in prior briefing, the IRS reiterates that the objection should be overruled and that the IRS's claim should be allowed as filed.

In the Aberdeen case, the IRS filed a proof of claim (Claim 2-1) on September 8, 2023, including a secured claim in the amount of $5,955,355.14 for the same underlying liabilities (the larger amount is for accrued interest through Aberdeen's petition date). The proof of claim is prima facie evidence of the validity and amount of the IRS's claim, *see* Fed. R. Bankr. P. 3001(f) and 11 U.S.C. § 502(a), and no objection to the IRS's claim in the Aberdeen case has been filed.

The Plan vaguely states that the Debtors would like to settle the IRS's claims, *see* ECF No. 44 at 4, though the Debtors have not proposed any settlement. The IRS maintains that the Debtors cannot credibly contend that they are independent of Ms. Blouin, and that it is improper for the Debtors to raise Ms. Blouin's personal defenses to the tax liabilities in what is ostensibly a corporate bankruptcy. The Summary ignores the IRS's priority claim in the Brickchurch case entirely. It wrongly seeks to limit the IRS to collecting from the Aberdeen property only, and only after Bay Point is paid in full. ECF No. 66 at 4. The IRS takes the position that its secured claim against the Aberdeen property has priority over at least part of Bay Point's claim because the IRS recorded notices of federal tax lien prior to the date that Bay Point loaned funds. Debtors seemingly agree with the IRS on this point. *See* ECF No. 46 ¶ 18. The IRS-Bay Point priority dispute may not ultimately need to be litigated, however, if the sale proceeds are sufficient to pay both the IRS and Bay Point in full.

The second principal ground for the IRS's objection is that neither the Plan nor the

Summary provides for full payment of the income taxes on the capital gains that will result from the anticipated sale of real property, as required by 11 U.S.C. § 1129(a)(9)(A). These income taxes are an administrative expense within 11 U.S.C. § 503(b)(1)(B)(i), and thus they are entitled to priority under 11 U.S.C. § 507(a)(2). One of the requirements of confirming a Chapter 11 plan is that the plan must provide for full payment of "a claim of a kind specified in section 507(a)(2)." § 1129(a)(9)(A). Despite this clear directive in the Bankruptcy Code, the Plan (ECF No. 44, § 3.4) proposes to treat the capital gains tax as an unsecured claim that would be paid pro rata. The Summary goes even further by brazenly declaring that "the capital gains taxes shall be the responsibility of the Debtors' Equity Holders" (ECF No. 66 at 3), even though these other entities of Ms. Blouin's have no demonstrated ability to pay what may be a substantial capital gains tax of several million dollars. Both of these proposals plainly violate § 1129(a)(9)(A).

The IRS reserves its right to amend or supplement this objection if and when a modified plan is filed.

WHEREFORE it is prayed that the Court deny confirmation of the Plan and Summary and award the creditor IRS such other and further relief that it deems just and proper.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

/s/ Edward J. Murphy
EDWARD J. MURPHY
ERIC A. ASHBY II
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
Tel: 202-307-6064 / 202-514-6508
Fax: 202-514-5238
Edward.J.Murphy@usdoj.gov
Eric.A.Ashby@usdoj.gov

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of October, 2023, I served the foregoing document

electronically upon all parties of record through the Court's Electronic Case Filing System on

those parties that have consented to such service.

/s/ Edward J. Murphy
EDWARD J. MURPHY
Trial Attorney
United States Department of Justice, Tax Division