UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                                    Chapter 11

ABERDEEN ENTERPRISES, INC.,                                Case No. 23-72834-AST
BRICKCHURCH ENTERPRISES, INC.,                             Case No. 22-70914-AST

                                    Debtors.               Jointly Administered
-----------------------------------------------------------------X

**ORDER APPROVING BID PROCEDURES**

This matter having come before the Court on the *Debtors' Joint Motion Seeking Entry of
an Order Under Bankruptcy Code Sections 363(a), (b), (f) and (m) and Bankruptcy Rules 2002,
6004 and 9004; (I) Authorizing Debtors to Sell to the Highest and Best Bidder at an Auction Sale
the Estate's Interest in the Real Properties Known as, (a) 366 Gin Lane, Southampton, New York
11968, and (b) 376 Gin Lane, Southampton, New York 11968; (II) Scheduling a Hearing to
Approve Such Sale to the Highest and Best Bidder; (III) Approving Certain Bidding Procedures;
and (IV) Approving the Manner and Extent of Notice of Such Auction Hearing* (ECF No. 46, the
"Motion"),[1] jointly filed by Debtors Aberdeen Enterprises, Inc. ("Aberdeen") and Brickchurch
Enterprises, Inc. ("Brickchurch," and collectively with Aberdeen, the "Debtors," each being a
"Debtor"), seeking an order pursuant to sections 105, 363 (a), (b), (f) and (m) of title 11 of the
United States Code (the "Bankruptcy Code"), rules 2002, 6004, and 9004 of the Federal Rules of
Bankruptcy Procedure (the "Bankruptcy Rules"), which are supplemented by rules 2002-1, 6004-
1, and 9004-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local
Rules").

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Bid Procedures
(as the same is defined) and, to the extent not defined in the Bid Procedures, shall have the meaning ascribed to such
terms in the Joint Plan.

The Court, after Hearing (as that term is defined below) on the Motion and fully considering the statements made on the record by the parties appearing at such Hearing, including due consideration of any objections thereto, it appearing that due notice of the Motion has been provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their respective Estates, their stakeholders, and all other parties in interest; and it appearing that the Court has jurisdiction over this matter; and it appearing that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation;

IT IS HEREBY FOUND, CONCLUDED AND DETERMINED THAT:

A.      The Debtors filed the Motion on September 5, 2023 along with a motion to limit notice and grant expedited relief respect to the same pursuant to Bankruptcy Rule 9006(c) (ECF No. 47, the "Motion to Expedite").

B.      The Court granted the Motion to Expedite (ECF No. 53) and scheduled a hearing on the Motion (the "Hearing") for September 13, 2023.

C.      On September 13, 2023, the Court held the Hearing and, based on the statements of the parties thereat and the papers filed in connection therewith, adjourned the same to October 25, 2023.

D.      On September 18, 2023, the Debtors submitted a Notice of Agreed Bid Procedures (ECF No. 67) attaching bidding procedures that had been agreed upon by Debtors and their senior secured lender, Bay Point Capital Partners II, LP ("Bay Point"), such agreed upon bid procedures, as the same may be modified from time to time consistent with the terms thereof, being referred to herein as the "Approved Bid Procedures".

E.      On October 25, 2023, the Court adjourned the Hearing to November 1, 2023, such

that the Motion could be considered in tandem with the Court's consideration of the sufficiency of the *Debtors' First Amended Joint Disclosure Statement* (ECF No. 77, as the same may be amended or restated from time to time, "<u>Disclosure Statement</u>") and confirmation of the *Debtors' First Amended Joint Chapter 11 Liquidating Plan* (ECF No. 76, as the same may be amended or restated from time to time, the "<u>Joint Plan</u>").

F.      On November 1, 2023, the Court concluded the Hearing, at which it heard further argument with respect to the Motion and the appropriate provisions to be included within this Order granting the same.

G.      Adequate and proper notice for the Motion and the request of the relief set forth therein, and granted hereby, was given, and no further notice is necessary.

H.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory bases for the requested relief are Bankruptcy Code sections 105, 363 (a), (b), (f) and (m); Bankruptcy Rules 2002, 6004, and 9004; and Local Rules 2002-1, 6004-1, and 9004-1. This is a "final" order within the meaning of 28 U.S.C. § 158(a).

I.      Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d) or any other applicable Bankruptcy Rule, and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order and the terms and conditions of this Order should be immediately effective and enforceable upon its entry, and expressly directs entry of judgment as set forth herein

J.      Debtors have demonstrated a compelling and sound business justification for the

requested relief and the entry of this Order.

K.      Pursuit of the proposed Sale[2] of the Properties[3] free and clear of all liens, claims, encumbrances, and other interests, with such liens, claims, encumbrances, and other interests to attach to the proceeds of the Sale, as more fully set forth in the Motion and the Approved Bid Procedures, is in the best interests of Debtors, their respective creditors, and their respective Estates.

L.      Louise Blouin (the "<u>Upstream Beneficial Owner</u>" or "<u>UBO</u>")[4], has agreed and confirmed on the record before the Court at the Hearing, that (i) UBO does not have a possessory interest in the Properties; and (ii) that UBO would vacate the Properties on or before October 1, 2023.

M.      UBO has agreed and confirmed via her signature on the First Amended Joint Plan to the relief requested therein, including, without limitation, that (i) UBO shall completely vacate the Properties on or before October 1, 2023 and shall not be present for any showings of the Properties as part of the Sale Process or otherwise; (ii) UBO shall have no authority to act with respect to either of the Debtors and shall completely refrain from taking part in, or interfering with, any of the decisions, processes, or procedures set forth or governed by the Joint Plan, including, without limitation, the Sale Process; (iii) Bay Point Capital Partners II, LP ("<u>Bay Point</u>") and Mathew Kabatoff ("<u>Kabatoff</u>," and collectively with Bay Point, the "<u>Decision</u>

---

[2] The term "<u>Sale</u>" as it is used herein shall refer to both a single Sale (as that term is defined in the Approved Bid Procedures) and multiple Sales (as that term is defined in the Approved Bid Procedures).

[3] The term "<u>Properties</u>" as it is used herein shall refer individually and collectively to the following properties: (i) 366 Gin Lane, Southampton, New York 11968; and (ii) 376 Gin Lane, Southampton, New York 11968; *provided that*, the term "<u>Property</u>" is also used herein to refer to each of the Properties individually. For the avoidance of doubt, this Order is intended to apply as broadly as possible to any potential Sale that may occur in accordance with the Approved Bid Procedures.

[4] For the avoidance of doubt, the defined terms Upstream Beneficial Owner and UBO shall refer to Louise Blouin in any capacity and shall not be limited to her capacity as the upstream beneficial owner of the Debtors.

Makers") shall jointly make decisions on behalf of the Debtors with respect to the Sale Process and the Joint Plan, any such decisions requiring mutual agreement of the Decision Makers, or, if the Decision Makers cannot reach an agreement between themselves, such decisions shall be made in accordance with further order of this Court; (iv) UBO shall not interfere with the Plan Administrator (as that term is defined in the Joint Plan) in the performance of its duties and that UBO shall be enjoined from taking any action that could reasonably be deemed to be an intentional interference with the Plan Administrator in the performance of its duties; and (v) the Court shall have the jurisdiction to compel the UBO to take such action and execute such documents, or refrain from taking such action, as may be necessary to effectuate the Sale Process and the Joint Plan.

N.      The Sale Process, including the Approved Bid Procedures, is (i) reasonable, necessary, and appropriate under the circumstances; (ii) reasonably tailored to maximize the value of the Properties and the returns to Debtors' respective Estates; and, (iii) to the extent that there is an Auction, encourage, rather than hamper, bidding for the Properties, and, therefore, constitutes a benefit to Debtors' respective Estates, their creditors, and all parties in interest therein.

O.      The Auction, if held, is necessary to determine the highest and best price that an able buyer is willing to pay for the Properties and an Auction conducted pursuant to the Approved Bid Procedures shall be conclusive proof of the same with respect to the Sale of the Properties.

P.      The costs and expenses of the Sale Process, as the same may be approved by this Court pursuant to sections 327, 328, and/or 330 of the Bankruptcy Code, are (i) actual and necessary costs of preserving Debtors' Estates, within the meaning of sections 503(b) and 507(a) of the Bankruptcy Code; and, (ii) subject to the Court's approval of the same, reasonable and

appropriate under the circumstances.

Q.      The consummation of the Sale outside a plan of reorganization pursuant to the terms of the Approved Bid Procedures does not (i) impermissibly restructure the rights of the Debtors' creditors; (ii) impermissibly dictate the terms of a plan of reorganization or liquidation for the Debtors; or (iii) constitute a *sub rosa* chapter 11 plan.

R.      The Motion and the Approved Bid Procedures were negotiated, proposed, and entered into by the Debtors and Bay Point from arm's-length bargaining positions;

S.      Debtors' respective board of directors have each authorized the Sale of the Properties pursuant to the terms of the Approved Bid Procedures. Debtors (i) have full corporate power and authority to (a) execute and deliver all documents contemplated by the Approved Bid Procedures, and (b) delegate and assign all corporate power and authority to execute and deliver all documents contemplated by the Approved Bid Procedures to the Plan Administrator; (ii) have all of the power and authority necessary to consummate the Sale contemplated by the Approved Bid Procedures, and (iii) have taken all corporate actions necessary to consummate the Sale, and no further consents or approvals are required for the Debtors to consummate the Sale, or any other transactions, contemplated by the Approved Bid Procedures. The Properties constitute property of the Debtors' respective Estates within the meaning of section 541(a) of the Bankruptcy Code and title thereto is presently vested in the Debtors' respective Estates.

T.      The Sale of the Properties pursuant to the terms of the Approved Bid Procedures meets the applicable provisions of section 363(f) of the Bankruptcy Code such that the Sale of the Properties shall be free and clear of all Liens, Claims, Interests, and other liabilities, whether known or unknown, and will not subject any Successful Offeror or Successful Bidder that closes on the Sale of the Properties (collectively and individually, a "Buyer") to any liability for any

Liens, Claims, Interests, or other liabilities whatsoever (including, without limitation, under any theory of equitable law, antitrust, or successor or transferee liability). All holders of Liens, Claims, Interests, or other liabilities who did not object, or withdrew their objections to the Motion, are deemed to have consented to the Sale pursuant to the Approved Bid Procedures and section 363(f)(2) of the Bankruptcy Code, and all holders of Liens, Claims, Interests, or other liabilities are adequately protected—thus satisfying section 363(e) of the Bankruptcy Code—by the fact that their Liens, Claims, Interests, or other liabilities, if any, attach to the Sale Proceeds ultimately attributable to the particular Property against or in which they assert Liens, Claims, Interests, or other liabilities, in the same order of priority and with the same validity, force, and effect that such holder had prior to the Sale, subject to any rights, claims, and defenses of the Debtors or their estates, as applicable.  Those holders of Liens, Claims or other liabilities who did object and that have an interest in the Properties fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code. As used in this Order, the term "Interest" includes, in each case to the extent against or with respect to any of the Debtors or in, on, or against or with respect to either of the Properties: debts (as defined in section 101(12) of the Bankruptcy Code), encumbrances, obligations, demands, guarantees, actions, suits, defenses, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights, or interests of any kind or nature whatsoever, whether known or unknown, inchoate or not, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of these Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity, or otherwise, including, but not limited to, (i)

mortgages, deeds of trust, pledges, charges, security interests, hypothecations, encumbrances, easements, servitudes, leases, subleases, rights-of-way, encroachments, restrictive covenants, restrictions on transferability or other similar restrictions, rights of offset (except for setoffs exercised prior to the Petition Date for the respective Debtor), rights of use or possession, subleases, leases, conditional sale arrangements, or any similar rights, (ii) all rights or causes of action (whether in law or equity), proceedings, warranties, guarantees, indemnities, rights of recovery, setoff, recoupment, indemnity or contribution, obligations, demands, restrictions, indemnification claims, or liabilities relating to any act or omission of the Debtors or any other person, consent rights, options, contract rights, covenants, and interests of any kind or nature whatsoever (known or unknown, matured or unmatured, accrued, or contingent and regardless of whether currently exercisable), whether arising prior to or subsequent to the commencement of these Bankruptcy Cases, and whether imposed by agreement, understanding, law, equity or otherwise; (iii) all debts, liabilities, obligations, contractual or tort rights and claims, and labor, employment, and pension claims; (iv) any rights that purport to give any party a right or option to effect any forfeiture, modification, right of first offer or first refusal, or consents, or termination of the Debtors' or the Buyer's interest in the Properties, or any similar rights; (v) any bulk sales or similar law; (vi) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended, and any taxes arising under or out of, in connection with, or in any way relating to the Debtors and/or the Properties prior to the Closing; and (vii) Interests arising under or in connection with any acts, or failures to act, of any of the Debtors or any of the Debtors' predecessors, affiliates, or subsidiaries.

U.    The transfer of the Properties to a Buyer pursuant to the terms of the Approved Bid Procedures will be a legal, valid, and effective transfer of all of the legal, equitable, and

beneficial right, title, and interest in and to the Properties free and clear of all Liens, Claims, Interests, and other liabilities. Not transferring the Properties free and clear of all Liens, Claims, Interests, and other liabilities of any kind or nature whatsoever, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory and/or applicable state or federal law or otherwise, would adversely impact the Debtors' efforts to maximize the value of the Properties and their respective Estates.

V.      The Sale of the Properties must be approved and consummated promptly to preserve the value of the same. Time, therefore, is of the essence in effectuating the Sale. The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the Sale upon the execution of the Sale Transaction Documents and the expiration of the Objection Deadline; *provided that*, if an Objection to the Sale of the Properties is filed prior to the Objection Deadline, the Court shall hold a Sale Confirmation Hearing in accordance with paragraph 34. Accordingly, there is sufficient cause to waive the stay provided in Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d) or any other applicable Bankruptcy Rule.

W.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The Court's findings also shall include any oral findings of fact and conclusions of law made by the Court during the Hearing.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED to the extent set forth herein.

2.      All objections to or reservation of rights with respect to the Motion or the relief requested therein that have not been withdrawn or resolved as stated on the record of the Hearing are overruled. All persons and entities who did not object or withdrew their objections to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

3.      The Approved Bid Procedures are hereby approved and the Debtors are authorized and directed to (a) take any and all actions necessary or appropriate to perform, consummate, implement, and close one or more Sales in accordance with the terms of the Approved Bid Procedures, as the same may be modified from time-to-time, and this Order, including, without limitation, the execution and delivery those documents that are consistent with, in furtherance of, or that may be necessary or appropriate to perform, consummate, implement, and close the Sale in accordance with the terms of the Approved Bid Procedures (collectively, the "Sale Transaction Documents," each a "Sale Transaction Document"), all without further order of the Court.

4.      All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with, or which would be inconsistent with, the ability of the Debtors to transfer the Properties to the Buyer in accordance with the Approved Bidding Procedures and this Order.

5.      The Decision Makers shall jointly make decisions on behalf of the Debtors with respect to the Sale Process and the Joint Plan, any such decisions requiring mutual agreement of the Decision Makers, or, if the Decision Makers cannot reach an agreement between themselves, such decisions shall be made in accordance with further order of this Court

6.      The UBO (i) shall comply with the representations and agreements put onto the record by the UBO, including the agreements and acknowledgments of the UBO as set forth in the Joint Plan; (ii) shall not be present at the Properties; *provided that* the UBO shall be permitted

to be present on January 14, 2023 for the purpose of removing the UBO's personal property from the same; (ii) shall have no authority to act with respect to either of the Debtors and shall completely refrain from taking part in, or interfering with, any of the decisions, processes, or procedures set forth or governed by the Joint Plan, including, without limitation, the Sale Process; and (iii) shall not interfere with the Plan Administrator (as that term is defined in the Joint Plan) in the performance of its duties and that UBO shall be enjoined from taking any action that could reasonably be deemed to be an intentional interference with the Plan Administrator in the performance of its duties. The Court has jurisdiction to enter any orders that the Court deems necessary to compel compliance with the terms of this Order, including, without limitation, personal jurisdiction over the UBO, and may compel any person to take such action and execute such documents, or refrain from taking such action, as may be necessary to effectuate the Sale Process.

7.     Absent an Objection by a party-in-interest and a subsequent order of this Court sustaining the same and making an express finding of fact and conclusion of law revoking this paragraph, this Order shall constitute a finding of fact and conclusion of law that (i) the Debtors and their advisors engaged in a robust and extensive marketing and sale process, both prior to the commencement of the Bankruptcy Cases and through the post-petition Sale Process in accordance with the Approved Bid Procedures and the sound exercise of the Debtors' business judgment; (ii) the Debtors conducted a fair and open Sale Process; (iii) the Sale Process and the Approved Bid Procedures were non-collusive, duly noticed, and provided a full, fair, reasonable, and adequate opportunity for any entity that either expressed an interest in acquiring the Properties, or who the Debtors believed may have had an interest in acquiring the Properties, to make an offer to purchase the same; (iv) the Debtors conducted the Sale Process in accordance with, and have,

along with the Buyer, complied in all material respects with, the Approved Bid Procedures and afforded a full, fair, and reasonable opportunity for any interested party to make a higher or otherwise better offer to purchase of the Properties; (v) the Debtors and the Buyer have negotiated and undertaken their roles in preparing the Sale Transaction Documents in a diligent, non-collusive, fair, reasonable, and good faith manner; and (vi) the Sale Process conducted in good faith by the Debtors pursuant to the Approved Bid Procedures resulted in the highest or otherwise best value for the Properties, maximized the return to the Debtors and their respective Estates, and was in the best interests of the Debtors, their creditors, and all parties-in-interest. Consummating the Sale will yield greater value to the Debtors' respective Estates than would have been provided by any other available alternative transaction(s). There is no legal or equitable reason to delay consummation of the Sale and each of the Sale Transaction Documents in connection therewith.

8.      Absent an Objection by a party-in-interest and a subsequent order of this Court sustaining the same and making an express finding of fact and conclusion of law revoking this paragraph, this Order shall constitute a finding of fact and conclusion of law that the consideration to be paid by the Buyer for the Properties was negotiated at arm's-length, in good faith and without collusion pursuant to section 363(m) of the Bankruptcy Code and constitutes reasonably equivalent value and fair and adequate consideration for the same. Specifically: (i) the Buyer recognized that the Debtors were free to deal with any other party interested in purchasing the Properties; (ii) the Buyer complied in all respects with the applicable provisions of the Approved Bid Procedures in negotiating and entering into the Sale Transaction Documents and the transactions described therein, including the consummation of the Sale, comply with the Approved Bid Procedures and this Order; (iii) the Buyer agreed to subject its bid to the

competitive bid procedures set forth in the Approved Bid Procedures; (iv) all payments made or to be made by the Buyer in connection with the Sale have been disclosed in the Sale Transaction Documents; (v) no common identity of directors, officers or controlling stockholders exists among the Buyer and the Debtors and Buyer is not an "insider" or "affiliate" of the Debtors, as those terms are defined in the Bankruptcy Code, or, to the extent that such relationship does exist between the Debtors and the Buyer, such relationship has been adequately and timely disclosed to all parties-in-interest; (vi) the negotiation and execution of the Sale Transaction Documents were at arm's-length and in good faith without collusion or fraud, and at all times each of the Buyer and the Debtors were represented by, or had the opportunity to be represented by, competent counsel of their choosing; and (vii) the Buyer has not acted in a collusive manner with any person and at all times acted in good faith and reasonably. The Buyer is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Approved Bid Procedures, and, as such, is entitled to all the protections afforded thereby. The terms and conditions set forth in the Sale Transaction Documents are fair and reasonable under the circumstances and were not entered into for the purpose of, nor do they have the effect of, hindering, delaying, or defrauding the Debtors or their creditors under any applicable laws.

9.      Absent an Objection by a party-in-interest and a subsequent order of this Court sustaining the same and making an express finding of fact and conclusion of law revoking this paragraph, this Order shall constitute a finding of fact and conclusion of law that the consideration provided by the Buyer for its purchase of the Properties constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Voidable Transactions Act, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and under the laws

of the United States, all states, territories, possession thereof, and the District of Columbia.

10.     At Closing, all of the Debtors' right, title, and interest in and to, and possession of, the Properties shall be immediately vested in the Buyer with respect to the same, pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code with the Sale Proceeds to be paid to Debtors or Debtors' Escrow Agent at Closing. Such transfer shall constitute a legal, valid, enforceable, and effective transfer of the Properties. All persons or entities, presently or at or after the Closing, in possession of the Properties (or any portion thereof), are directed to surrender possession of any and all portions of the Properties to the Buyer on the Closing Date, or at such time thereafter as the Buyer may request.

11.     This Order (a) shall be effective as a determination that, as of the Closing and Debtors' (or Debtors' Escrow Agent's) receipt of the Sale Proceeds at Closing, (i) the Properties shall have been transferred to the Buyer free and clear of all Liens, Claims, Interests, and other liabilities, and (ii) the conveyances described herein have been effected, and (b) are and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks, or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated hereby and under the Approved Bid Procedures.

12. At Closing, all Liens, Claims, Interests, and other liabilities with respect to the Properties shall attach to the Net Sale Proceeds ultimately attributable to the particular Property against which such Liens, Claims, Interests, and other liabilities applied, in the same order of priority and with the same validity, force, and effect that such Liens, Claims, Interests, and other liabilities applied prior to the Sale, subject to any rights, claims, and defenses of the Debtors or their estates, as applicable, or as otherwise provided herein.

13. Upon the Closing, and except as otherwise provided in this Order and/or absent an Objection by a party-in-interest and a subsequent order of this Court sustaining the same and making an express finding of fact and conclusion of law revoking this paragraph, this Order shall constitute a finding of fact and conclusion of law that  all persons and entities (and their respective successors and assigns), including, but not limited to, all debt security holders, equity security holders, affiliates, governmental, tax, and regulatory authorities, lenders, customers, vendors, employees, trade creditors, litigation claimants, and other creditors holding claims of any kind or nature whatsoever against the Debtors or in any way relating to the Properties (whether at this time known or unknown) are forever barred, estopped, and permanently enjoined from asserting such claims against any Buyer and/or the Properties.

14. If any person or entity that has filed financing statements, mortgages, mechanic's claims, lis pendens, or other documents or agreements evidencing claims against the Debtors or the Properties shall not have delivered to the Debtors prior to the Closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, and/or releases of all Liens, Claims, Interests, and other liabilities that the person or entity has with respect to the Debtors or the Properties or otherwise, (a) the Debtors, at their own expense, are hereby authorized and directed to execute and file such statements, instruments,

releases, and other documents (each a "Release Document") on behalf of the person or entity with respect to the Properties; (b) the Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens, Claims, Interests, and other liabilities against each Buyer and the Properties, and (c) upon consummation of the Sale, the Buyer may seek an order from this Court compelling the appropriate parties to execute termination statements, instruments of satisfaction, and releases of all Liens, Claims, Interests, and other liabilities that are extinguished or otherwise released pursuant to this Order under section 363 of the Bankruptcy Code, and any other provisions of the Bankruptcy Code, with respect to the Properties. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office. Notwithstanding the foregoing, the provisions of this Order authorizing the Sale and assignment of the Properties free and clear of Liens, Claims, Interests, and other liabilities shall be self-executing and neither the Debtors nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order.

15.    No Buyer, nor any of their past, present and future subsidiaries, parents, divisions, affiliates, agents, representatives, insurers, attorneys, successors and assigns, nor any of their respective directors, managers, officers, employees, shareholders, members, agents, representatives, attorneys, contractors, subcontractors, independent contractors, owners, insurance companies or partners, shall be deemed, as a result of any action taken in connection with the consummation of the Sale of the Properties, the execution of any Sale Transaction Document, and/or this Order to (a) be a legal successor, or otherwise be deemed a successor to

the Debtors, (b) have, de facto or otherwise, merged with or into the Debtors, or (c) be an alter

ego or a mere continuation or substantial continuation of the Debtors or the enterprise of the

Debtors including, without limitation, within the meaning of any foreign, federal, state, or local

revenue law, pension law, ERISA, tax law, labor law, products liability law, employment law,

environmental law, or other law, rule, or regulation (including, without limitation, filing

requirements under any such laws, rules or regulations).

16.     No Buyer, solely as a result of its status as a Buyer and/or the consummation of

the Sale of the Properties, shall have any responsibility for any liability or other obligation of the

Debtors or (b) any claims against the Debtors or any of their predecessors or affiliates.  No Buyer

shall have any liability whatsoever with respect to the Debtors' (or their predecessors' or

affiliates') obligations ("Successor or Transferee Liability") based, in whole or part, directly or

indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon

any theory of antitrust, environmental, successor, or transferee liability, de facto merger or

substantial continuity, labor and employment or products liability, whether known or unknown

as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent,

liquidated or unliquidated, including, without limitation, liabilities on account of (a) any taxes

arising, accruing, or payable under, out of, in connection with, or in any way relating to the

Properties prior to the Closing or in respect of pre-Closing periods. To the greatest extent allowed

by applicable law, no Buyer shall have any liability or obligation under any applicable law,

including, without limitation, any foreign, federal, state, or local labor, employment or

environmental law, by virtue of the Buyer's purchase of the Properties. Without limiting the

foregoing, to the greatest extent allowed by applicable law, no Buyer shall have any liability or

obligation with respect to any environmental liabilities of the Debtors or any environmental

liabilities associated with the Properties.

17.    Effective upon the Closing, all persons and entities are forever prohibited and enjoined from commencing or continuing in any matter any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against any Buyer or their respective assets (including, without limitation, the Transferred Assets), with respect to any Successor or Transferee Liability including, without limitation, the following actions, in each case, with respect to any such Successor or Transferee Liability: (i) commencing or continuing any action or other proceeding pending or threatened; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any lien, claim, interest, or encumbrance; (iv) asserting any setoff (except for setoffs exercised prior to the Petition Date), right of subrogation, or recoupment of any kind; (v) commencing or continuing any action, in any manner or place, that does not comply with, or is inconsistent with, the provisions of this Order or other orders of this Court, or the agreements or actions contemplated or taken in respect hereof; or (vi) revoking, terminating, failing, or refusing to renew any license, permit, or authorization in connection with the Properties.

18.    Absent an Objection by a party-in-interest and a subsequent order of this Court sustaining the same and making an express finding of fact and conclusion of law revoking this paragraph, this Order shall constitute a finding of fact and conclusion of law that (a) the Sale contemplated by the Bid Procedures is undertaken by the Debtors and the Buyer without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization and consummation of such Sale are duly and properly stayed pending such appeal; and (b) neither the

Debtors nor the Buyer have engaged in any action or inaction that would cause or permit the Sale to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code; and (c) the consideration provided by the Buyer for the Properties pursuant to a consummated Sale is fair and reasonable and the Sale may not be avoided, and costs and damages may not be imposed, under section 363(n) of the Bankruptcy Code.

19.     To the extent provided by section 525 of the Bankruptcy Code, no governmental unit (federal or state) may revoke or suspend any permit or License with respect to the Properties on account of (i) the filing or pendency of these Chapter 11 Cases or (ii) the consummation of the Sale contemplated by the Approved Bid Procedures or the failure of the Debtors to pay any pre-petition claims of such governmental unit.

20.     The Buyer shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies or exercise any of its rights under any Sale Transaction Document. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence; *provided, however, that* this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

21.     The terms and provisions of this Order shall be binding in all respects upon the Debtors, their affiliates, their estates, all creditors of (whether known or unknown) and holders of equity interests in any Debtor, any holders of claims against or on all or any portion of the Properties, the Buyer, and all of their respective successors and assigns including, but not limited to, any subsequent trustee(s) appointed in any of the Debtors' Chapter 11 Cases or upon conversion of any of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding. The Sale Transaction

Documents shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors, their shareholders, or any trustee(s).

22.     The terms and provisions of this Order and any actions taken pursuant hereto shall survive entry of an order which may be entered: (a) confirming (or denying confirmation of) any chapter 11 plan in any of these Bankruptcy Cases; (b) converting any of the Bankruptcy Cases to a case under chapter 7 of the Bankruptcy Code; or (c) dismissing any of the Bankruptcy Cases; or (d) closing any of the Bankruptcy Cases.

23.     Each and every federal, state, and local governmental agency, department, or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale of the Properties contemplated by the Bid Procedures.

24.     The Sale contemplated by the Bid Procedures shall not be subject to any bulk sales laws or any similar law of any state or jurisdiction.

25.     Nothing in this Order or any Sale Transaction Documents shall release, nullify, preclude, or enjoin the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-Sale owner of the Properties after the date of entry of this Order; *provided, however, that* (i) nothing herein shall subject the Buyer to any liability to a governmental unit for penalties for days of violation prior to Closing, and (ii) Buyer shall retain all rights and defenses it may have under non-bankruptcy law with respect to any police or regulatory action brought by governmental units. Nothing in this Order authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this

Order or to adjudicate any defense asserted under this Order.

26.      The terms of the Approved Bid Procedures may be waived, modified, amended, or supplemented by the Debtors, without further order of the Court, provided that any such waiver, modification, amendment, or supplement does not, based on the Debtors' business judgment, have an adverse effect on the Sale Process and/or the Debtors' Estates; *provided, however, that* the Debtors shall not be permitted to modify the date of the Auction without approval of the Court. If the Approved Bid Procedures are modified, the Debtors shall provide notice of the same to the Stalking Horse (if any), the Plan Administrator, the United States Trustee, the Internal Revenue Service, and any Potential Purchasers that have expressed written interest in participating in the Sale Process.

27.      Each party shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the Sale of the Properties consistent with the Approved Bid Procedures without further order of the Court, including, such actions as may be necessary to vest, perfect or confirm, or record or otherwise, in the Buyer its right, title and interest in and to the Properties.

28.      Absent an Objection by a party-in-interest and a subsequent order of this Court sustaining the same and making an express finding of fact and conclusion of law revoking this paragraph, this Order shall constitute a finding of fact and conclusion of law that the Sale Transaction Documents are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order.

29.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Case 8-23-72834-ast Doc 104 Filed 11/22/23 Entered 11/27/23 07:53:53

30.     Notwithstanding the possible applicability of Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, 9014 or any other applicable Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, there shall be no stay of execution or effectiveness of this Order.

31.     To the extent there is any conflict between the terms of this Order and any Sale Transaction Document, the terms of this Order shall control. Nothing contained in any chapter 11 plan hereinafter confirmed in the Bankruptcy Cases or any order confirming such chapter 11 plan, or any other order of the Court, shall conflict with or derogate from the provisions of this Order.

32.     This Court shall retain exclusive jurisdiction to: (a) interpret, implement, and enforce the terms and provisions of this Order, the Approved Bid Procedures, and any Sale Transaction Documents, including all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith; and (b) decide any issues or disputes concerning this Order and the Sale Transaction Documents or the rights and duties of the parties hereunder or thereunder, including, without limitation, the interpretation of the terms, conditions, and provisions hereof and thereof.

33.     Consistent with the Sale Process outlined in the Approved Bid Procedures, unless the Debtors consummate a Private Sale prior to January 24, 2024, the Debtors shall offer the Properties for Sale through the Auction Process that results in a determination of the highest and best bid for the Properties by January 24, 2024.

34.     If the Debtors propose to sell the Properties through the Auction Process, the Debtors shall file notice with this Court by the end of the day on January 24, 2024 indicating the

identity of the Successful Bidder(s) and the amount of the Successful Bid(s).

35.     If a party-in-interest files an objection to the consummation of the Sale of the Properties (each such objection that is filed by the Objection Deadline being an "Objection") on or before on **January 24, 2024 at 4:00 p.m. (Eastern)** (the "Objection Deadline"), the Court shall hold a hearing on **February 13, 2024 at 10:00 a.m. (Eastern)** before the Honorable Alan S. Trust, Chief United States Bankruptcy Judge, in Courtroom 960 at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11772 for the purpose of considering the confirmation of the Sale of the Properties and entering further a further order with respect to the same (the "Sale Confirmation Hearing"). Any party-in-interest desiring to submit or challenge evidence with respect to the confirmation of the Sale shall appear in person, along with the in person appearance of any witnesses from whom such party-in-interest proposes to offer testimony, at the Sale Confirmation Hearing. Any party-in-interest desiring to submit evidence in support of the sale must file any affidavits and exhibits by **January 24, 2024 at 4:00 p.m.** (Eastern)  Any party-in-interest desiring to submit evidence in opposition to the sale must file any affidavits and exhibits by **January 31, 2024 at 4:00 p.m.** (Eastern). Any rebuttal affidavits and exhibits must be filed and exchanged by **February 6, 2024 at 4:00 p.m.** (Eastern). Three (3) sets of hard copies of all  affidavits and exhibits along with 2 sets on a flash drive must be submitted to the Court by **February 6, 2024 at 4:00 p.m.** (Eastern). Parties in support of the sale shall use consecutive numbers; parties in opposition to the sale shall use consecutive letters.

36.     Pursuant to Local Rule 6004-1(i), unless an Objection to the consummation of the Sale of the Properties is filed, the Court shall not hold the Sale Confirmation Hearing (or any other hearing to consider confirmation of the Sale of the Properties) or enter any further order

with respect to confirmation of the Sale of the Properties and the Debtors shall be authorized to execute any documents and instruments that are necessary to consummate the Sale; *provided that*, notwithstanding the foregoing, the Debtors or a Buyer may request that the Court hold the Sale Confirmation Hearing and/or enter a further order confirming the Sale of the Properties.

37.    Pursuant to Local Rule 6004-1(i), regardless of whether the Court conducts a Sale Confirmation Hearing, the Debtors shall file with the Clerk and transmit to the United States trustee a report of the sale as required by Bankruptcy Rule 6004(f) once the Sale is completed; *provided that* notwithstanding anything to the contrary herein, Debtors may seek relief from the requirements set forth under Local Rule 6004-1(f) and/or (g) through separate motion.

38.    Pursuant to Local Rule 1001-1(b)(iv), to the extent that this Order conflicts with the Local Rules, this Order shall control, this Court having found cause to modify any such conflicting provisions of the Local Rules based on the particular circumstances of the Bankruptcy Cases pursuant to Local Rule 1001-1(d).

39.    Notwithstanding anything to the contrary herein, this Order shall not affect the liability of any of co-obligor and/or guarantor of any debt for which one or more of the Debtors is an obligor, and nothing contained herein shall enjoin or otherwise prohibit any person from enforcing such debt against any such co-obligor and/or guarantor.



Dated: November 22, 2023
      Central Islip, New York

                                                      _____
                                                        Alan S. Trust
                                Chief United States Bankruptcy Judge