UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ABERDEEN ENTERPRISES, INC.,<br>BRICKCHURCH ENTERPRISES, INC.<br><br>Debtors. | Chapter 11<br><br>Case No. 23-72834-AST<br>Case No. 22-70914-AST<br><br>Jointly Administered |

**BAY POINT CAPITAL PARTNERS II, LP'S OBJECTION TO 5 WORLD MARKET TICKETS & HUMANITY CONCERT'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING SALE OF ABERDEEN ENTERPRISES AND BRICKCHURCH ENTERPRISES TO 5 WORLD MARKET TICKETS AND HUMANITY CONCERT FOR $150,000,000 IN CASH; INCLUDING ASSUMPTION OF ALL OUTSTANDING DEBTS TO BE PAID OFF IN CASH AND ALL ATTORNEYS' FEES PAID BY THE BUYER; <u>SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES</u>**

The 5 World Market[1] Motion[2] proposes to sell $3 quadrillion ($3,000,000,000,000,000) worth of tickets to a concert that has no date, no venue, and no confirmed acts. *See* Motion at 4. The stated purpose of concert is to raise funds to eradicate poverty across the globe – and Movant appears to view spending $150 million of those funds to acquire Debtors' equity (and the resulting indirect ownership of Debtors' ultra luxury real estate in The Hamptons) as a step in furtherance of that mission.

Perhaps it should come as no surprise that Adesijuola Ogunjobi ("Ogunjobi"), the person that engaged in the unauthorized practice of law when he signed and filed the Motion and who appears to be the principal of 5 World Market, was previously permanently enjoined by the United States District Court for the District of Columbia from acting as issuers, underwriters, brokers or

---

[1] As used herein, the term "5 World Market" shall refer to movant, 5 World Market Tickets & Humanity Concert (also referred to herein as "Movant").

[2] As used herein, the term "Motion" shall refer to *5 World Market Tickets & Humanity Concert's Notice of Motion and Motion for Order Approving Sale of Aberdeen Enterprises and Brickchurch Enterprises to 5 World Market Tickets and Humanity Concert for $150,000,000 in Cash; Including Assumption of All Outstanding Debts to be Paid Off in Cash and All Attorneys' Fees Paid by the Buyer; Supporting Memorandum of Points and Authorities*.

dealers in an unregistered offering.[3] Thus, it appears that Ogunjobi's filing of the Motion not only violates this Court's Sale Order, but also violates an order of the United States District Court for the District of Columbia.

The Court has its choice of a long list of obvious reasons to deny the Motion, including:

- The Motion is filed by a non-lawyer that purports to represent a third-party and, as a result, constitutes the unauthorized practice of law;

- The Motion was filed in violation of this Court's Sale Order – which expressly prohibited anyone from interfering in the sale process ordered by this Court through the same;

- The Motion is a collateral attack on this Court's Sale Order;

- The Motion seeks to sell non-estate property (i.e., the equity of the Debtors held by non-debtors Aberdeen Holdings (BVI) Ltd. and Brickchurch Holdings (BVI) Ltd.); and

- The funding for the proposed sale is not just speculative – it is completely nonsensical in that it would require every person in the world to buy a ticket to a concert with no date, no venue, and no confirmed acts for $375,000.00.[4]

The frivolous nature of the Motion is so obvious on its face that this opposition requires no further argument or citation to law.

Bay Point respectfully asks that the Court deny the Motion and exercise its authority to sanction Movant and Adesijuloa Ogunjobi, including requiring the payment of legal fees incurred Bay Point and the Debtors as result of the frivolous Motion, if Movant does not voluntarily withdraw the Motion prior to the hearing date thereon.

---

[3] *See* https://sec.gov/litigation/litreleases/lr-18710 (accessed December 20, 2023) ("The final judgment permanently enjoins Toks and Ogunjobi from acting as issuers, underwriters, brokers or dealers in an unregistered offering, and also permanently bars the defendants from accepting any funds from investors in connection with the Notes offering."). The SEC sued Ogunjobi and a company that he formed (i.e., Toks) for violations of securities laws and rules thereunder "in connection with an Internet website in which Toks solicited investors to purchase Toks Notes that were purportedly to be used to raise between $1 billion and $10 billon to fund tender offers for a dozen or mor of the world's largest corporations. The Commission alleged that the offering was deceptive and fraudulent because, among other things, Toks had no assets, sales or revenues and Ogunjobi was its only employee, and thus Toks and Ogunjobi had no ability to conduct the contemplated tender offers."

[4] This figure uses an estimate of 8 billion people in the world. *See* https://census.gov/data/data-tools/population-clock/world-notes.html (accessed December 20, 2023).

Case 8-23-72834-ast    Doc 120    Filed 12/20/23    Entered 12/20/23 10:24:09

Respectfully submitted,

/s/ John C. Allerding
John C. Allerding, Esq.
Thompson Hine LLP
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326
P: 404.407.3676 / F: 404.541.2905
John.Alleridng@ThompsonHine.com

*Counsel for Bay Point Capital Partners II, LP*