**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ABERDEEN ENTERPRISES, INC.** | **Case No. 23-72834-AST[1]** |
| **BRICKCHURCH ENTERPRISES, INC.** | **Case No. 22-70914-AST[2]** |
| **Debtors.** | **Jointly Administered** |

## MOTION TO ENFORCE ORDER

TO THE HONORABLE ALAN S. TRUST,

CHIEF UNITED STATES BANKRUPTCY JUDGE:

Bay Point Capital Partners II, LP ("Bay Point"), hereby moves (this "Motion") for an order enforcing this Court's prior order requiring Louise Blouin ("Ms. Blouin") to vacate the real properties commonly known as 366 Gin Lane, Southampton, New York 11968 and 376 Gin Lane, Southampton, New York 11968 (the "Properties").

### Relevant Background

On August 23, 2023, the Court held a hearing during the course of which it ordered a recess and encouraged the parties to work towards resolving certain of their disputes. *See, generally,* Transcript of Hearing held on August, 23, 2023 [D.I. 39]. Upon the resumption of the hearing, the respective counsel for Bay Point, the Debtors, and the Debtors' equity holders reported the terms of an agreement on the record. [D.I. 39 at 54:14-66:25.] Pertinent to the instant Motion was the following interaction and oral agreements that were represented to the Court:

---

[1] References to the docket in the Case No. 23-72834 (the "Aberdeen Bankruptcy Case") shall be designated as "ECF No. ___."

[2] References to the docket in the Case No. 22-70914 (the "Brickchurch Bankruptcy Case") shall be designated as "Brickchurch ECF No. ___."

> MR. ALLERDING: Ms. Blouin has agreed to vacate the property, to vacate both properties on or before October 1st, 2023, and to confirm on the record that she agrees that she has no right to be in possession of those properties.
>
> . . .
>
> MS. SIMMONS: Your Honor, yes, so Ms. Louise Blouin, who is the upstream principal and, of course, Mr. Avrum Rosen had to go to a meeting and is not here, but she is here to confirm that she understands what was represented to the Court today on the record and that Ms. Blouin, do you represent to the Court today that you are in agreement with what the terms that were brought forward and discussed today before the Court?
>
> MS. BLOUIN: I confirm, yes.

[D.I. 39 at 55:24-55:2; 62:10-18.]

Not only did Ms. Blouin make this clear and unequivocal representation to the Court, but the requirement that she vacate the properties was then included in the *Debtors' First Amended Joint Chapter 11 Liquidating Plan* [D.I. 76] (the "First Amended Joint Plan") that Ms. Blouin signed:

> As acknowledged and represented to the Court at the hearing held on August 23, 2023, Blouin shall completely vacate the Properties on or before October 1, 2023 . . . . Blouin's failure to abide by her above-referenced agreement shall constitute a violation of the injunction set forth in Section 7.1 and shall subject Blouin to appropriate punishment for contempt of court. Blouin's agreement as set forth on the record at the [sic] October 1, 2023 hearing shall not be contingent on the Confirmation of the Joint Plan or the substantial consummation thereof. Bay Point shall be entitled to enforce such agreement regardless of Confirmation and/or substantial consummation of the Joint Plan.

[D.I. 76, § 7.1.][3]

---

[3] While Ms. Blouin alleges that her counsel signed her name to the First Amended Joint Plan without authorization, the quoted language of the First Amended Joint Plan is consistent with Ms. Blouin's clear and unequivocal agreement on the record at the August 23, 2023 hearing.

2

In the Order Approving Bid Procedures [D.I. 104], which was agreed to by Bay Point and the Debtors, included factual findings with respect to Ms. Blouin's agreement to vacate the Properties:

> L.   Louise Blouin (the "<u>Upstream Beneficial Owner</u>" or "<u>UBO</u>"), has agreed and confirmed on the record before the Court at the Hearing, that (i) UBO does not have a possessory interest in the Properties; and (ii) that UBO would vacate the Properties on or before October 1, 2023.
>
> M.   UBO has agreed and confirmed by her signature on the First Amended Joint Plan to the relief requested therein, including, without limitation, that (i) UBO shall completely vacate the Properties on or before October 1, 2023 . . . .

[D.I. 104, ¶¶ K, L.]

In an effort to maximize the value of the Properties through the sale process, it was agreed that Ms. Blouin could leave certain of her furniture and artwork at the house until January 14, 2024 so that the Properties were "staged" for prospective buyers. The parties' agreement in this regard was memorialized in the Order Approving Bid Procedures:

> 6.   The UBO (i) shall comply with the representations and agreements put onto the record by the UBO, including the agreements and acknowledgements of the UBO as set forth in the Joint Plan; (ii) shall not be present at the Properties; *provided that* the UBO shall be permitted to be present on January 14, [sic] 2023 for the purpose of removing the UBO's personal property from the same . . . .

[D.I. 104, ¶ 6.]

On February 13, 2024, at the sale confirmation hearing with respect to the Properties, Ms. Blouin made the troubling admission that her personal property has not been removed from the Properties.

> Q.   Do you have furniture at that Property?
>
> A.   The brokers wanted the furniture at the property to stay there.

3

> Q. Do you have art work at the property?
>
> A. We have some art work that belonged to my children there, yes.
>
> Q. The art work belongs to your children, not you?
>
> A. Yes, yes.
>
> Q. And you have furniture there that belongs to you?
>
> A. The furniture belongs to myself, yes, correct.
>
> Q. And when was the last time you spent the night at the property?
>
> A. Last night.

Transcript of Hearing held on February 13, 2024 [D.I. 220 at 110:13-25.]

The purchaser of the Properties has now raised concerns with the fact that Ms. Blouin has not vacated the Properties and still has her personal belongings there:

> [J]ust to underscore[], what is already known and clear in the Contract, the properties are to be delivered vacant and broom swept clean. It's my understanding that nothing has been moved out yet, and so I want to ensure we don't run into any issues if we are expected to close in the next 7 days.

Email from Buyer's counsel to Mathew Kabatoff and John Allerding, dated February 20, 2024, a true and correct copy of which is attached hereto as Exhibit A.

### **Requested Relief**

Bay Point seeks entry of an order requiring Ms. Blouin to completely vacate the Properties on or before February 27, 2024. Enough is enough. Ms. Blouin has repeatedly made commitments to the parties in this case and then failed to keep her word. But making misrepresentations and breaking an agreement represented to the Court, which was then memorialized in a court-filed document, and which was then incorporated into an Order is a whole different animal.

This Court has the inherent authority to enforce its orders. *Anderson v. Credit One Bank, N.A. (In re Anderson)*, 884 F.3d 382, 390 (2d Cir. 2018) (citing *MBNA America Bank, N.A. v. Hill*, 436 F.3d 104 (2d Cir. 2006)). "Congress afforded the bankruptcy courts wide latitude to enforce their own orders, specifically granting these specialty courts the power to "'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.'" *Id.* at 391 (citing 11 U.S.C. § 105(a)).

WHEREFORE, Movants respectfully request that the Court enter an order (i) requiring Ms. Blouin to (a) fully and completely vacate the Property, including the removal of all of the personal property belonging to herself and her family and/or friends; (b) leave the Properties in clean and broom swept condition; (ii) finding that any property left at the Properties after February 27, 2024 be deemed abandoned to the Debtors' bankruptcy estates, or, in the alternative, finding Ms. Blouin to be in contempt of court upon receiving notice from Bay Point that Ms. Blouin has not vacated the Properties on or before February 27, 2024; and (iii) issuing an order granting such other and further relief as the Court may deem proper.

Dated:  February 23, 2024          Respectfully submitted,

THOMPSON HINE LLP

By: /s/ John C. Allerding
John C. Allerding (admitted pro hac vice)
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326
P: 404.407.3676 / F: 404.541.2905
John.Allerding@ThompsonHine.com

*Counsel for Bay Point Capital Partners II, LP*

# **Exhibit A**

# Allerding, John

| | |
|---|---|
| **From:** | Sarah Tadros Awad <sawad@romerdebbas.com> |
| **Sent:** | Tuesday, February 20, 2024 5:13 PM |
| **To:** | Mathew Kabatoff; Allerding, John |
| **Cc:** | Camisha Simmons; NASH; Pierre Debbas; Glen Chernick; Samara Saunders |
| **Subject:** | Re: Bay Point/Brickchurch/Aberdeen - Closing |

**CAUTION EXTERNAL EMAIL**

Hi all - just to underscored, what is already known and clear in the Contract, the properties are to be delivered vacant and broom swept clean. It's my understanding that nothing has been moved out yet, and so I want to ensure we don't run into any issues if we are expected to close in the next 7 days.

Sarah Tadros Awad, Esq.
Partner
Romer Debbas, LLP
275 Madison Ave, 8th Floor
New York, NY 10016
(P) (212) 888-3100 - (D) (646)-398-5286 - (F) (212) 888-3201
sawad@romerdebbas.com
www.romerdebbas.com

This e-mail and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you receive this e-mail in error please immediately notify me at (212) 888-3100 and permanently delete the original copy, any copy of this e-mail, and any printout thereof

*Beware of Wire Fraud.* Wire instructions from Romer Debbas LLP will only be provided via secure email or facsimile. Prior to wiring any funds, please call this office to verbally confirm all wire instructions. This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.