IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ABERDEEN ENTERPRISES, INC. | Case No. 23-72834-AST[1] |
| BRICKCHURCH ENTERPRISES, INC. | Case No. 22-70914-AST[2] |
| Debtors. | Jointly Administered |

### MOTION TO SHORTEN NOTICE OF HEARING AND SHORTEN TIME FOR OBJECTION WITH RESPECT TO BAY POINT CAPITAL PARTNERS II, LP'S MOTION TO ENFORCE ORDER

TO THE HONORABLE ALAN S. TRUST,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure, E.D.N.Y. LBR 9077-1(c), and 11 U.S.C. § 105, Bay Point Capital Partners II, LP ("Bay Point,"), hereby moves this Court (this "Motion to Shorten Notice") for an order, on an *ex parte* basis, shortening the notice period of the hearing, and shortening the time for filing an objection, with respect to the *Motion to Enforce Order* (ECF No. 233, the "Motion").[3]

The default rule is that a request for relief must be filed at least fourteen (14) days before the hearing date and any opposition thereto is due seven (7) days before the hearing date. E.D.N.Y. LBR 9006-1(a). However, a court may shorten the time for holding a hearing and for opposing the requested relief for cause shown. E.D.N.Y. LBR 9077-1(c). *See also* Fed. R. Bankr. P. 9006(c)(1).

---

[1] References to the docket in the Case No. 23-72834 (the "Aberdeen Bankruptcy Case") shall be designated as "ECF No. ___."

[2] References to the docket in the Case No. 22-70914 (the "Brickchurch Bankruptcy Case") shall be designated as "Brickchurch ECF No. ___."

[3] Capitalized terms used but not defined herein have the meanings given to them in the Motion and the First Amended Joint Plan (ECF No. 210, the "Plan") respectively.

Cause exists for the instant request based on those facts set forth in the Application and those affirmed by the Declaration of John Allerding attached hereto as <u>Exhibit A</u>.

As detailed in the Motion and the exhibits thereto, Louise Blouin ("<u>Ms. Blouin</u>") has failed to vacate the Properties as she previously agreed on the record at the hearing before this Court on August 23, 2023, and further ordered by the Court in the *Order Approving Bid Procedures* [ECF No. 104]. The purchaser of the Properties has now raised concerns with the fact that Ms. Blouin has not vacated the Properties. There is currently a confirmation hearing scheduled in the above-captioned proceedings on February 23, 2024 (the "<u>Confirmation Hearing</u>"). Also before the Court at the Confirmation Hearing is the approval of the Sale of the properties to the Purchaser, which is heavily intertwined with the confirmation of the First Amended Joint Plan. The risk posed by the failure of Ms. Blouin to keep her word and abide by the orders of this Court would unquestionably have catastrophic results in these cases. Further, it is crucial to adjudicate matters that bear heavily on the sale, such as Ms. Blouin's failure to vacate the Properties concurrently with the adjudication of the Sale and the First Amended Joint Plan. Finally, shortened notice and hearing on this matter will not prejudice Ms. Blouin because she has already been subject to these obligations, pursuant to binding court orders, for many months.

For these reasons, pursuant to the above-mentioned statutory authority, Movants respectfully request that the Court enter, on an *ex parte* basis, the proposed order attached hereto as <u>Exhibit B</u> shortening the time to object to the interim relief requested by the Application and shortening the time to hold a hearing with respect to the same should any objection be filed.

## NO PRIOR REQUEST

No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, Movants respectfully request that the Court (a) enter the Proposed Order, or an order substantially in the form thereof granting the relief requested herein; and (b) grant such other and further relief to Movants as the Court may deem just and proper.

[*Remainder of Page Intentionally Left Blank*]

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 23, 2024 | THOMPSON HINE LLP |
|  | By: /s/ John C. Allerding<br>John C. Allerding (admitted pro hac vice)<br>3560 Lenox Road NE, Suite 1600<br>Atlanta, Georgia 30326<br>P: 404.407.3676 / F: 404.541.2905<br>John.Allerding@ThompsonHine.com |
|  | *Counsel for Bay Point Capital Partners II, LP* |

# EXHIBIT A

DECLARATION IN SUPPORT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ABERDEEN ENTERPRISES, INC.<br>BRICKCHURCH ENTERPRISES, INC.<br><br>                            Debtors. | Chapter 11<br><br>Case No. 23-72834-AST[4]<br>Case No. 22-70914-AST[5]<br><br>Jointly Administered |

## DECLARATION PURSUANT TO E.D.N.Y. LBR 9077-1

I, John C. Allerding, hereby make this declaration (the "Declaration") pursuant to 28 U.S.C. § 1746 and state that the following is true to the best of my knowledge, information, and belief:

1. I am a partner at the law firm of Thompson Hine LLP ("Thompson Hine"). Thompson Hine serves as counsel to Bay Point Capital Partners II, LP ("Bay Point") in the above-captioned proceedings.

2. I respectfully submit this Declaration pursuant to E.D.N.Y. LBR 9077-1 and Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the *Joint Motion to Shorten Notice of Hearing and Shorten Time for Objection with Respect to the Motion to Enforce Order* (the "Motion to Shorten Notice") filed contemporaneously herewith concerning the *Motion to Enforce Order* (the "Motion") [ECF No. 233] filed on behalf of Bay Point on February 23, 2024.[6]

---

[4] References to the docket in the Case No. 23-72834 (the "Aberdeen Bankruptcy Case") shall be designated as "ECF No. ___."

[5] References to the docket in the Case No. 22-70914 (the "Brickchurch Bankruptcy Case") shall be designated as "Brickchurch ECF No. ___."

[6] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the *Motion to Enforce Order* (ECF No. 233, the "Motion") and the First Amended Joint Plan (ECF No. 210, the "Plan"), as applicable.

1

3. Except as otherwise indicated, I have personal knowledge of the matters set forth below and, if called as a witness, would testify competently thereto.

4. The factual statements set forth in the Motion to Shorten Time and the Motion are true and accurate to the best of my knowledge, information, and belief, and I hereby adopt such factual allegations as if fully set forth in this Declaration.

5. The Debtors' valuable and iconic, contiguous ocean front Properties are being sold via a Sale Process intended to maximize the total return to the Debtors' respective Estates.[7]

6. Louise Blouin ("Ms. Blouin") has failed to vacate the Properties in connection with the Sale as she previously agreed on the record at the hearing before this Court on August 23, 2023, and further ordered by the Court in the *Order Approving Bid Procedures*. The purchaser of the Properties has now expressed concerns with the fact that Ms. Blouin has not vacated the Properties, which she admitted at the hearing before this Court on February 12, 2024.

7. The hearings on the Sale of the properties to the Purchaser and confirmation of the Plan are currently scheduled for February 23, 2024 (the "Confirmation Hearing"). Under the default rules for notice and hearing under the Local Rules, Bankruptcy Rules, and the Bankruptcy Code would result in adjudication of the Motion after the hearing on approval of the Sale and the closing of the Sale.

8. Therefore, expedited consideration of the Motion is necessary so that the relief sought therein may be considered in conjunction with the approval of the Sale, which in turn, bears heavily on the confirmation of the Plan. The relief sought in the Motion is designed to prevent risk to the Sale, and should be heard contemporaneously.

---

[7] The Bid Procedures were initially approved on November 22, 2023 (ECF No. 104, the "Plan") and amended pursuant to the terms thereof on December 15, 2023 (ECF No. 116).

3

9. Further, the relief only requires Ms. Blouin to do something she is already under the obligation to do pursuant to Orders of this Court. For this reason, Ms. Blouin suffers no prejudice by the shortened notice and objection period.

10. The relief requested in the Motion is in the best interest of the Debtors, their Estates, and all parties in interest.

11. No previous prior request for expedited relief in connection with the Application has been sought.

I hereby declare under penalty of perjury under the United States of America that the foregoing is true and correct.

Executed on: February 23, 2024          _____

**EXHIBIT B**

PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ABERDEEN ENTERPRISES, INC.<br>BRICKCHURCH ENTERPRISES, INC.<br><br>Debtors. | Chapter 11<br><br>Case No. 23-72834-AST<br>Case No. 22-70914-AST<br><br>Jointly Administered |

## ORDER SCHEDULING EMERGENCY HEARING

On February 23, 2024, Bay Point Capital Partners II, LP ("Movant"), pursuant to E.D.NY. LBR 9077-1, filed an Emergency *Motion to Enforce Order* [dkt # 233] (the "Emergency Motion"), seeking an emergency hearing thereon. In connection with the Emergency Motion, the Movant moved pursuant to E.D.N.Y. LBR 9077-1 through the Declaration of John C. Allerding for entry of an Order shortening notice and scheduling an expedited hearing on the Emergency Motion. For good cause shown, it is hereby

**ORDERED**, that the Emergency Motion will be heard on **February 27, 2024, at 11:00 a.m. in Courtroom 960, United States Bankruptcy Court, Eastern District of New York, 290 Federal Plaza, Central Islip, New York 11722**; and it is further

**ORDERED**, that by _____ at_____ __.m., the Movant must serve a copy of this Order and the Emergency Motion, by email or facsimile, or if the foregoing is unavailable, by overnight delivery, upon the following parties:

! Office of the United States Trustee for the Eastern District of New York;

! Any party that has filed in this case a request for Notices with this Court;

! Louise Blouin

! The Debtor(s);

1

    ! The IRS;

and it is further

**ORDERED**, that Movant shall also file a certificate of service with the Clerk of the United States Bankruptcy Court, Eastern District of New York, by _____ **at_____ \_\_.m.**