**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Louise Blouin*
1350 Broadway, 11th Fl.
New York, NY 10018
212.216.8000
Scott Markowitz, Esq. (smarkowitz@tarterkrinsky.com)
David H. Wander, Esq. (dwander@tarterkrinsky.com)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ABERDEEN ENTERPRISES, INC., | Case No. 23-72834 -AST |
| BRICKCHURCH ENTERPRISES, INC., | Case No. 22-70914-AST |
| Debtors. | (Jointly Administered) |

**OBJECTION BY LOUISE BLOUIN TO (I) BAY POINT
CAPITAL PARTNERS II, LP'S AND THE DEBTORS' FIRST
AMENDED JOINT LIQUIDATING PLAN UNDER
CHAPTER 11 OF THE BANKRUPTCY CODE; AND (II)
<u>THE RELATED JOINT DISCLOSURE STATEMENT</u>**

Louise Blouin ("**Blouin**"), by her attorneys, Tarter Krinsky & Drogin LLP, submits this objection to (i) Bay Point Capital Partners II, LP's ("**Bay Point**") and the Debtors' First Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code (the **"Plan"**), and (ii) the related Disclosure Statement, and represents and states as follows:

1. Blouin submits, both for herself as a Class 5 equity holder, and for Class 4 unsecured creditors, of which she is one, the Plan should not be confirmed.

2. The Plan is good for Bay Point and no one else. It's undeniable these chapter 11 cases have benefited no stakeholder of the Debtors' estates except for Bay Point, a predatory lender. That is a simple and undeniable fact. Bay Point will obtain an inflated return on its DIP investment under the Plan, if it is allowed default interest of 14% and a late fee of 10%, along with a roll up of the pre-petition judgments purchased by, and assigned to, Bay Point. Upon information

and belief, the obligations evidenced by the assigned JGB judgment to Bay Point were never consolidated under the DIP Loan and/or the DIP Loan Documents.

3. Among additional deficiencies with the Plan, the treatment of the IRS' disputed claim is unsupportable, to the extent the IRS may receive $1 million more than its allowed claim. Any payment to the IRS should be included in the disputed claim reserve or, otherwise, subject to disgorgement, the same as being done with Bay Point's disputed secured claim.

4. There may be insufficient funds to pay all administrative expenses. Notably, the administrative claims bar date will be 30 days after the Effective Date.

5. If the Plan is confirmed, Bay Point should only receive the undisputed portion of its secured claim and the disputed portion should be included in the disputed claim reserve.

6. The Plan cannot satisfy the best interest of creditors test because, on the one hand, a chapter 7 trustee could do no worse for Class 4 (unsecured creditors), and Class 5 (equity) than the Plan does for them and, in addition, a chapter 7 trustee has a reasonable likelihood of being able to liquidate the Debtors' estates in a manner that results in a distribution to Class 4 unsecured creditors and additional benefits to Class 5 equity holders. The Disclosure Statement does not contain a liquidation analysis but only general statements regarding compliance with § 1129(a)(7) of the Bankruptcy Code. See page 36 of Disclosure Statement.

7. The Plan, in effect, treats these two jointly administered cases as being substantively consolidated, without satisfying, or even trying to satisfy, the well-known required criteria for substantive consolidation under Second Circuit caselaw.

8. There are insufficient funds reserved for tax attorneys and accountants for the Debtors post-confirmation to perform necessary post-confirmation work.

9. The Plan needs to state, in unequivocable terms, the rights of the Debtor and Blouin to object to Bay Point's claims are preserved without any restriction or limitation whatsoever.

10. The part of Section 4.1 of the Plan that states "Blouin…shall completely refrain from taking part in … any of the decisions, processes, or procedures set forth or governed by the Plan" must be stricken, as being wholly improper, unconstitutional, unenforceable, meanspirited, and not even in the best interests of the Debtors' estates. Bay Point, in effect, is asking this Court to impose a gag order on Blouin, the largest unsecured credit (albeit a claim that is subject to dispute) and, indirectly, the sole equity holder.

11. In addition to the foregoing, the Plan proponents cannot meet their burden of satisfying all of the elements of § 1129(a) and (b) of the Bankruptcy Code.

12. For all of the foregoing reasons, the Court should deny confirmation of the Plan and should not approve the related Disclosure Statement.

13. In the alternative, the Court should adjourn the confirmation hearing to permit the parties an opportunity to attempt to resolve these deficiencies.

14. Blouin, with the Court's permission, reserves her rights to assert additional objections at the confirmation hearing.

Dated: New York, New York
      February 26, 2024

                              **TARTER KRINSKY & DROGIN LLP**
                              *Attorneys for Louise Blouin*

                              By: /s/ David H. Wander
                                  David H. Wander, Esq.
                                  Scott Markowitz, Esq.
                                  1350 Broadway
                                  New York, NY 10018
                                  212-216-8000
                                  dwander@tarterkrinsky.com
                                  atiktin@tarterkrinsky.com