**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Louise Blouin*
1350 Broadway, 11th Fl.
New York, NY 10018
212.216.8000
Scott Markowitz, Esq. (smarkowitz@tarterkrinsky.com)
David H. Wander, Esq. (dwander@tarterkrinsky.com)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ABERDEEN ENTERPRISES, INC., | Case No. 23-72834 -AST |
| BRICKCHURCH ENTERPRISES, INC., | Case No. 22-70914-AST |
| Debtors. | (Jointly Administered) |

### DECLARATION BY DAVID H. WANDER, ESQ. IN SUPPORT OF LOUISE BLOUIN'S OPPOSITION TO THE MOTION TO ENFORCE ORDER FILED BY BAY POINT CAPITAL PARTNERS II, LP DATED FEBRUARY 23, 2024

I, David H. Wander, Esq., declare under 28 U.S.C. § 1746:

1.  I am a partner of the law firm Tarter Krinsky & Drogin LLP (**"TKD"**) and I submit this declaration in support of Blouin's opposition to the Motion to Enforce Order filed by Bay Point Capital Partners II, LP (**"Bay Point"**) dated February 23, 2024.

2.  Blouin is the largest Class 4 unsecured creditor and, indirectly, the sole Class 5 equity holder in both jointly administered cases.

3.  TKD was retained only very recently, on Friday, February 23, 2024, and, therefore, I apologize to the Court, in advance, to the extent I may not be familiar with everything in the record.

4.  It is my understanding that Blouin did, in fact, vacate the subject property, as previously agreed, and that she returned, only recently, to assist with the sale process including the

removal of non-debtor property, at both houses, which belong to various family members. Further, it is my understanding that Blouin has been working tirelessly, along with Mathew Kabatoff, in furtherance of the sale process and the removal of all personal property not included in the sale.

5. I understand that an extensive hearing was held by this Court, on February 13, 2024, and Blouin's current stay at her home was not a fact hidden at all. Therefore, if removing Blouin from her home was such a priority, I do not understand why this issue is arising now, on such an emergency basis, without any real notice and due process.

6. If, for whatever reason, there is a short delay in Blouin vacating the premises, as long as it does not push back the closing past any "time of the essence" deadlines, there is little prejudice to anyone. While Bay Point will, undoubtedly, complain that it will lose out on a few days of interest, this, most respectfully, flies in the face of the well-known legal principle in this district, annunciated by Judge Duberstein in his seminal decision *In re Rachmones.* In other words, Blouin should have a few extra days to vacate her soon to be former home, simply because it is the right thing to do.

7. Accordingly, the joint motion to shorten notice so as to treat this Motion to Enforce Order as an emergency of the highest degree should be denied, without prejudice to the filing of a motion on regular notice. By then, the whole issue may likely be moot.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Executed this 26th day of February, 2024

/s/ David. H. Wander, Esq.
David H. Wander, Esq.