UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| ABERDEEN ENTERPRISES, INC., | Case No. 23-72834-AST |
| BRICKCHURCH ENTERPRISES, INC., | Case No. 22-70914-AST |
| Debtors. | Jointly Administered |

------------------------------------------------------------x

## BAY POINT CAPITAL PARTNERS II, LP'S AND ABERDEEN ENTERPRISES, INC.'S JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to the Court's direction at the May 15, 2024 hearing in this case, Bay Point Capital Partners II, LP ("Bay Point") and Aberdeen Enterprises, Inc. ("Aberdeen" or the "Debtor") submit this Joint Statement of Undisputed Material Facts (the "Undisputed Facts") in connection with the Court's consideration of the following pleadings and related papers filed by the Debtor and Bay Point:

- *Objection of the Aberdeen Debtor Seeking to Reduce and/or Reallocate the Closing Payments Received by Bay Point Capital Partners II, L.P. Consistent with the Assigned JGB Foreclosure Judgment* (the "Objection")

- *Complaint* (filed by Aberdeen)

- *Bay Point Capital Partners II, LP's Response in Opposition to Objection of the Aberdeen Debtor Seeking to Reduce and/or Reallocate the Closing Payments Received by Bay Point Capital Partners II, LP* (the "Response")

- *Motion of Bay Point Capital Partners, II, LP to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (the "Motion to Dismiss")[1]

---

[1] The Court has consolidated the contested matter involving the Objection and Response with the adversary proceeding initiated by the filing of the Complaint, and has converted Bay Point's Motion to Dismiss to a Motion for Summary Judgment.

The Undisputed Facts associated with the foregoing are as follows:[2]

1. Aberdeen, and an affiliated debtor, Brickchurch Enterprises, Inc. ("<u>Brickchurch</u>" and together with Aberdeen, the "<u>Debtors</u>"), own contiguous ocean front properties located at 366 and 376 Gin Lane, Southampton, New York that comprise a four-acre estate, known as La Dune. *Bay Point Capital Partners II, LP's and the Debtors' Joint Disclosure Statement*, [D.I. 218] (the "<u>Jt. Discl. St.</u>) at 1-2, 12.[3]

2. Aberdeen is the owner of 376 Gin Lane, a two-acre lot on which the estate's main house is located ("<u>376 Gin Lane</u>" or the "<u>Aberdeen Property</u>"). Brickchurch is the owner of 366 Gin Lane, a two-acre lot on which a 13-room guest house is located ("<u>366 Gin Lane</u>" or the "<u>Brickchurch Property</u>"). Jt. Discl. St. at 11-12.

3. On or about July 25, 2018, JGB Partners LP and certain of its affiliates (collectively, "<u>JGB</u>") made a loan in the principal amount of $26 million pursuant to a Secured Promissory Note, dated July 25, 2018 (the "<u>JGB Note</u>") executed by Aberdeen and Brickchurch (the "<u>JGB Debt</u>"). Jt. Discl. St. at 12; JGB Note, §11.12.

4. To secure the JGB Note, Aberdeen and Brickchurch executed a Mortgage on July 25, 2018 (the "<u>JGB Mortgage</u>"), recorded at 22954, page 723, of the Suffolk County Records, pursuant to which Aberdeen granted JGB a mortgage lien on 376 Gin Lane, and Brickchurch granted JGB a mortgage lien on 366 Gin Lane. Jt. Discl. St. at 12; JGB Mortgage, ¶¶ 1, 6 and 20.

5. The JGB Mortgage was a first-priority lien on the Brickchurch Property, and a second-priority lien on the Aberdeen Property, junior to a mortgage lien against the Aberdeen

---

[2] In addition to the Undisputed Facts set forth herein, Bay Point proposed additional material facts which it believes are not subject to dispute. Aberdeen declined to include them. Bay Point will file a separate Supplemental Statement identifying such facts.

[3] Bay Point and Aberdeen will file a separate schedule of documents comprising the evidentiary support for the Undisputed Facts with copies of the documents attached thereto.

Property then held by Morgan Stanley Private Bank, National Association ("Morgan Stanley"). Jt. Discl. St. at 12; JGB Mortgage, ¶ 20.

6. The mortgage lien on the Aberdeen Property held by Morgan Stanley had been granted to it pursuant to a Mortgage, dated December 30, 2011, recorded at Liber 22166, page 699 of the Suffolk County Records (the "Morgan Stanley Mortgage), to secure the obligations of Louise Blouin, Aberdeen's ultimate beneficial owner, under an Adjustable Rate Note, dated December 30, 2011, in the principal amount of $15 million (the "Morgan Stanley Note"). Jt. Discl. St. at 14; Morgan Stanley Mortgage; Morgan Stanley Note.

7. On November 22, 2019, JGB filed a complaint in the Supreme Court for Suffolk County, New York (the "Suffolk County Court") seeking judgment for the amount due on its note, foreclosure of its liens, and an order to sell the Aberdeen and Brickchurch Properties (the "JGB Complaint"). Jt. Discl. St. at 12; JGB Complaint.

8. On November 25, 2019, Morgan Stanley filed a complaint in the Suffolk County Court seeking judgment for the amount due on its note, foreclosure of its liens, and an order to sell the Aberdeen Property (the "Morgan Stanley Complaint"). Jt. Discl. St. at 14; Morgan Stanley Complaint.

9. On February 2, 2022, the Suffolk County Court entered a Judgment of Foreclosure and Sale in the action brought by JGB (the "JGB Foreclosure Judgment"). Jt. Discl. St. at 12; JGB Foreclosure Judgment.

10. The JGB Foreclosure Judgment further provided that the Brickchurch and Aberdeen Properties be sold in two parcels at separate public auctions within ninety (90) days of the entry of the Judgment, with the Brickchurch Property to be sold first, and the Aberdeen

Property to be sold after the closing of the sale of the Brickchurch Property. From the proceeds realized from the sales, the JGB Foreclosure Judgment provided, in relevant part, that:

> (A) with respect to the sale of 366 Gin Lane, the Referee shall pay to the Mortgage Holder or their attorneys, the sum of $39,961,521.80, so reported by the Referee to be due as of July 1, 2021 with interest at a per diem rate of Thirteen Thousand Dollars ($13,000) from the date July 2, 2021 to date of entry of this judgment as provided in the said Referee's Report, . . . and thereafter interest at the statutory rate thereon, to the date of sale directed herein or to the date of delivery of the Referee's deed, whichever is later or so much as the purchase money of the Mortgaged Properties will pay of the same, and (B) with respect to the sale of 376 Gin Lane, the Referee shall pay to the Mortgage Holder or their attorneys, an amount equal to the judgment of foreclosure and sale amount *less* any amounts paid to the Mortgage Holder from the proceeds of the sale of 366 Gin Lane.

Jt. Discl. St. at 12; JGB Foreclosure Judgment.

11. Brickchurch filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on April 30, 2022, thereby staying any further proceedings in the JGB foreclosure action. Jt. Discl. St. at 12.

12. On September 30, 2022, Brickchurch filed a motion pursuant to section 364 of the Bankruptcy Code, seeking authorization from the Court to refinance the outstanding amount owed to JGB in accordance with a settlement reached with JGB. The funds to be used to refinance the JGB Note were to be provided through debtor-in-possession financing from Bay Point. Jt. Discl. St. at 12-13.

13. On November 16, 2022, the Court entered an *Order (I) Authorizing Debtor to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364, and (II) Granting Liens and Super-Priority Claims*. [D.I.172] (the "DIP Financing Order"), pursuant to a Loan and Security Agreement, dated November 9, 2022 (the "DIP Loan Agreement"), a Promissory Note, dated December 9, 2022 (the "Bay Point Note") and related loan documents (together with the DIP Loan Agreement and the Bay Point Note, the "DIP Loan Documents").

Jt. Discl. St. at 13; DIP Financing Order; DIP Loan Agreement; Bay Point Note; DIP Loan Documents.

14.     Aberdeen was a co-borrower under the DIP Loan Agreement and a co-maker under the Bay Point Note.  DIP Loan Agreement, § 2.2; Bay Point Note, ¶ 18.

15.     To secure its obligations under the DIP Loan Agreement and the Bay Point Note, Aberdeen executed and delivered to Bay Point on December 9, 2022 a Mortgage, Assignment of Leases and Rents, Assignment of Contracts, Security Agreement, and Fixture Filing (the "Bay Point Mortgage").  DIP Loan Agreement, §§ 3.1(b)(i) and 4.5; Bay Point Mortgage.

16.     In conjunction with the entry of the DIP Financing Order, Aberdeen executed an Acknowledgement and Consent, which was attached to the Order.

17.     On June 9, 2023, Brickchurch and Aberdeen defaulted on the DIP Loan by failing to pay the amounts due thereunder.  Jt. Discl. St. at 14.

18.     On August 2, 2023, Morgan Stanley assigned to Bay Point the Morgan Stanley Note, the Morgan Stanley Mortgage, and all rights in the Morgan Stanley foreclosure action.  To forestall a foreclosure sale in the Morgan Stanley foreclosure action scheduled for August 3, 2023, Aberdeen filed a petition for relief under chapter 11 of the Bankruptcy Code on August 2, 2023.  Jt. Discl. St. at 14.

19.     On September 5, 2023, Aberdeen and Brickchurch filed *Debtors' Joint Chapter 11 Plan of Reorganization* [D.I. 44].

20.     On October 11, 2023, Aberdeen and Brickchurch filed *Debtors' First Amended Joint Chapter 11 Liquidating Plan* [D.I. 76].

21.     On February 9, 2024, counsel for Aberdeen filed an unsigned *Debtors' Second Amended Joint Liquidating Plan* [D.I 193].

5

22. On February 16, 2024, Bay Point, Aberdeen and Brickchurch filed the *Bay Point Capital Partners II, LP's and the Debtors' Second Amended Joint Liquidating Plan under Chapter 11 of the Bankruptcy Code* [ D.I. 215] (the "Joint Plan") and the *Bay Point Capital Partners II, LP's and the Debtors' Joint Disclosure Statement* [D.I. 218] (the "Joint Disclosure Statement"). Following a hearing to consider approval of the Joint Disclosure Statement and confirmation of the Joint Plan, held on February 27, 2024, the Court approved the Joint Disclosure Statement and confirmed the Joint Plan. *Findings of Fact, Conclusions of Law and Order (I) Confirming Bay Point Capital Partners II, LP's and the Debtors' Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code; (II) Approving Bay Point Capital Partners II, LP's and the Debtors' Joint Disclosure Statement; and Approving the Sale Transactions (As Defined Herein); and (IV) Granting Related Relief* [D.I. 248] (the "Confirmation Order").

23. On February 20, 2024, Bay Point filed a *Notice of Filing of Schedule A to Bay Point Capital Partners II, LP's and the Debtors' Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* [D.I. 221].

24. The only impaired creditor or interest holder entitled to vote on the Plan was Bay Point. Joint Plan, §§ 3.1-3.5 at 14-18; Jt. Discl. St. at 30.

25. Bay Point voted to accept the Plan, thus satisfying the requirement for confirmation under section 1129(a)(10) of the Bankruptcy Code. Confirmation Order, ¶ 11.

26. The Bay Point Debt (as defined in the Joint Plan) was not repaid in full from the proceeds of sale under the Joint Plan, and Bay Point received no payment on account of default interest and late charges. Objection, ¶ 1.

*Signatures on Next Page*

Respectfully submitted,

GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP

By: /s/ Kevin Nash
    125 Park Avenue, 12th Floor
    New York, New York 10017
    P: 212.221.5700
    F: 212.730.4518
Knash@gwfglaw.com

Counsel for Aberdeen Enterprises, Inc.

THOMPSON HINE LLP

By: /s/ John C. Allerding
    John C. Allerding (Admitted Pro Hac Vice)
    3560 Lenox Road NE, Suite 1600
    Atlanta, Georgia 30326
    P: 404.407.3676
    F: 404.541.2905
    John.Allerding@ThompsonHine.com

    Alan R. Lepene (Admitted Pro Hac Vice)
    3900 Key Center
    127 Public Square
    Cleveland, Ohio 44114
    P: 216.566.5500
    F: 216.566.5800
    Alan.Lepene@ThompsonHine.com

    Counsel for Bay Point Capital Partners II, LP