```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                        Chapter 11

Aberdeen Enterprises, Inc.                                   Case No.  23-72834-AST

                    Debtor.
---------------------------------------------------------x
```

## ORDER ASSIGNING MATTER TO MEDIATION

The Court has determined to assign to mediation all disputes among the above-captioned debtor ("Debtor") and Bay Point Capital Partners II, LP ("Bay Point", and collectively with Debtor, the "Mediation Parties") to attempt to resolve all disputes by and among the Mediation Parties; it is therefore

**ORDERED**, that pursuant to E.D.N.Y. LBR 9019-1, all disputes by and among the Mediation Parties are hereby referred to mediation; and it is further

**ORDERED**, that the Honorable James Peck (ret.) is hereby designated as mediator with respect to the foregoing disputes (the "Mediator"); and it is further

**ORDERED**, that Lori Lapin Jones is hereby designated as alternate mediator in the event that the Honorable James Peck (ret.) has a conflict or is otherwise unable to serve as Mediator; and it is further

**ORDERED**, that the Mediator shall be compensated $25,000 for his services as the Mediator; and it is further

**ORDERED**, that the fees and reasonable costs of the mediation shall be shared equally among the Mediation Parties, with Debtor bearing one-half of the total fees and costs, and Bay Point bearing one-half of the total fees and costs; and it is further

**ORDERED**, that all fees due to the Mediator from the bankruptcy estate shall be paid upon motion by notice of presentment filed pursuant to E.D.N.Y. LBR 2002-1 and served upon the Mediation Parties, all parties who have requested notice of pleadings filed in the main bankruptcy case of Debtor, and the United States Trustee, and approval thereof by the United States Bankruptcy Court; all fees due the Mediator from non-estate Mediation Parties shall be paid directly to the Mediator upon receiving a bill for services; and it is further

**ORDERED**, that the Mediation Parties shall furnish the Mediator with such copies of the pleadings and motion papers as the Mediator shall request, as well as such statements of each of the Mediation Parties and such other information as the Mediator shall request at the times reasonably requested by the Mediator; and it is further

**ORDERED**, that the mediation shall be concluded, whether by separate or joint sessions, by July 20, 2024; and it is further

**ORDERED**, that by July 27, 2024, the Mediator shall file a status letter as to whether the mediation resulted in a settlement; and it is further

**ORDERED**, that notwithstanding any provision of this Order, the Mediation Parties shall comply with all deadlines contained in this Court's Orders entered in this bankruptcy case, and shall appear at all scheduled hearings and conferences; and it is further

**ORDERED**, that the Mediation Parties must attend the mediation; any partnership, corporation or other legal entity which is a Mediation Party must designate for attendance a representative who has complete authority to resolve the dispute(s), subject only to such approval of the Bankruptcy Court as may be necessary or appropriate; and it is further

**ORDERED**, that to the extent the procedures for the mediation are not set forth herein, the mediation shall be governed by E.D.N.Y. L.B.R. 9019-1,[1] and it is further

**ORDERED**, that in addition to the confidentiality and immunity provided for in E.D.N.Y. L.B.R. 9019-1, (a) without hereby determining the applicability of any privilege, the provision of information to the Mediator or in the course of the mediation that may be subject to applicable privilege shall not constitute the waiver of such privilege, and (b) the Mediator shall not be compelled to disclose any information concerning the Mediation in any forum or proceeding except as expressly provided in this Order and it is further

**ORDERED**, any statements made by the Mediator, by the Mediation Parties or by others during the mediation process shall not be divulged by any of the participants in the mediation (or their agents) or by the Mediator to the Court or to any third party.  All records, reports, or other documents received or made by the Mediator while serving in such capacity shall be confidential and shall not be provided to the Court, unless they would be otherwise admissible.  Nothing in this section, however, precludes the Mediator from reporting the status (though not content) of the mediation effort to the Court orally or in writing, or from reporting failures to attend or to participate in good faith; and it is further

**ORDERED**, that Rule 408 of the Federal Rules of Evidence ("Evidence Rules") shall apply to mediation proceedings. Except as permitted by Evidence Rule 408, no person may rely on or introduce as evidence in connection with any arbitral, judicial or other proceeding,

---

[1] Any legal personnel at the Mediator's law firm assisting the Mediator in the mediation shall be governed and covered by the foregoing Local Bankruptcy Rule and this Order.  The Mediator has represented that he does not hold or represent an adverse interest to the estate and is disinterested and that his law firm may represent parties in interest in this case in matters unrelated to this case but not any Mediation Parties.

including any hearing held by this Court in connection with the referred matter, any aspect of the mediation effort, including, but not limited to:

    A    Views expressed or suggestions made by any party with respect to a possible settlement of the dispute;

    B    Admissions made by the other party in the course of the mediation proceedings;

    C    and Proposals made or views expressed by the Mediator;

and it is further

**ORDERED**, that the Mediator shall have the authority to invite other parties to the mediation and, if such parties participate in the mediation, they shall be bound by the terms of this Order; and it is further

**ORDERED**, that Debtor is directed to serve a copy of this Order upon (i) Bay Point and its counsel, (ii) the Mediator, (iii) Lori Lapin Jones, as alternate mediator, and (iv) the Office of the United States Trustee, within three (3) business days of entry of this Order.

Dated: June 19, 2024
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge