IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ABERDEEN ENTERPRISES, INC. | Case No. 23-72834-AST |
| BRICKCHURCH ENTERPRISES, INC. | Case No. 22-70914-AST |
| Debtors. | Jointly Administered |

## NOTICE OF SETTLEMENT OF OBJECTION TO THE
## CLAIM OF DREAM YARD LANDSCAPING, INC. [CLAIM NO. 3-1]

**PLEASE TAKE NOTICE** that there is presently a hearing scheduled before the Honorable Alan S. Trust on **July 31, 2024, at 9:30 am (eastern)** (the "Hearing") in the above-captioned proceedings regarding the *Objection to the Claim of Dream Yard Landscaping, Inc. [Claim No. 3-1]* [Dkt. 261] (the "Dream Yard Claim Objection") filed by Bay Point Capital Partners II, LP ("Bay Point") on March 15, 2024.

**PLEASE TAKE FURTHER NOTICE** that on February 16, 2024, Aberdeen Enterprises, Inc. and Brickchurch Enterprises, Inc. (together, the "Debtors") and Bay Point filed the (i) *Bay Point Capital Partners II, LP's and the Debtors' Second Amended Joint Liquidating Plan under Chapter 11 of the Bankruptcy Code* [Dkt. 215] (the "Joint Plan")[1] which was confirmed by an order signed by the Honorable Alan S. Trust and entered by the Clerk of the United States Bankruptcy Court for the Eastern District of New York (the "Court") on March 1, 2024 entitled *Findings of Fact, Conclusions of Law, and Order (I) Confirming Bay Point Capital Partners II, LP's and the Debtors' Second Amended Joint Liquidating Plan Under Chapter 11 of the*

---

[1] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to such terms in the Joint Plan.

*Bankruptcy Code; (II) Approving Bay Point Capital Partners II, LP's and the Debtors' Joint Disclosure Statement; and Approving the Sale Transactions (As Defined Herein); and (IV) Granting Related Relief* (the "Confirmation Order") [Dkt. 248].

**PLEASE TAKE FURTHER NOTICE** that pursuant to Section 5.8(C) of the Joint Plan, the sum of $100,000 was deposited by the Escrow Agent under the Plan in a reserve account for the benefit of Dream Yard Landscaping, Inc. ("Dream Yard"), pending (A) a final order of the Court or (B) agreement of the Debtors, Bay Point, and Dream Yard (collectively, the "Parties") determining the amount of Dream Yard's secured claim [Claim No. 3-1].

**PLEASE TAKE FURTHER NOTICE** that pursuant to Section 5.8(C) of the Joint Plan, on June 20, 2024, the Parties executed a Settlement Agreement fully resolving and settling the Dream Yard Claim Objection, which Settlement Agreement is attached hereto as Exhibit A, pursuant to which the Escrow Agent is authorized to distribute to Dream Yard the sum of $65,000 in full and final payment of its claim.

**PLEASE TAKE FURTHER NOTICE** that the Parties respectfully submit no further proceedings are necessary with respect to the Dream Yard Claim Objection and hereby request that the matter be removed from the Court's calendar.

*[SPACE INTENTIONALLY LEFT BLANK]*

By: /s/ Anne Rosenbach
    Anne Rosenbach
    Anne Rosenbach, Esq., PLLC
    3 Delta Rd
    Massapequa, NY 11758
    Phone: (516) 795-7808
    rosenbachlawfirm@gmail.com

    *Counsel to Dream Yard Landscaping Inc.*

By: /s/ John C. Allerding
    John C. Allerding
    THOMPSON HINE LLP
    3900 Key Center, 127 Public Square
    Cleveland, OH 44114
    Phone: (216) 566-5500
    John.Allerding@Thompsonhine.com

    *Counsel to Bay Point Capital Partners II, LP*

By: /s/ Kevin Nash
    Kevin Nash
    Goldberg Weprin Finkel Goldstein LLP
    125 Park Avenue, 12th Floor
    New York, New York 10017

    *Counsel to Aberdeen Enterprises, Inc.*

By: /s/ Camisha L. Simmons
    Camisha L. Simmons
    Simmons Legal PLLC
    6060 N. Central Expressway, Suite 500
    Dallas, Texas 75206

    *Counsel to Brickchurch Enterprises, Inc.*

**<u>EXHIBIT A</u>**

**(Settlement Agreement)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ABERDEEN ENTERPRISES, INC. | Case No. 23-72834-AST |
| BRICKCHURCH ENTERPRISES, INC. | Case No. 22-70914-AST |
| Debtors. | Jointly Administered |

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Settlement Agreement") is made and entered into as of June 20, 2024 by and among Bay Point Capital Partners II, LP ("Bay Point"), Dream Yard Landscaping, Inc. ("Dream Yard"), Aberdeen Enterprises, Inc. ("Aberdeen"), and Brickchurch Enterprises, Inc. ("Brickchurch", collectively with Bay Point, Dream Yard and Aberdeen, the "Parties," and each individually, a "Party").

WHEREAS, Dream Yard furnished certain services and materials to Aberdeen for the improvement of the real property known as 376 Gin Lane, Southampton, New York 11968 (the "Property"), owned by Aberdeen, a debtor in the above-captioned proceedings;

WHEREAS, on August 24, 2022, Dream Yard filed a Notice of Mechanic's Lien with the Suffolk County Clerk of Courts (the "Mechanic's Lien");[2]

WHEREAS, Dream Yard's asserted Mechanic's Lien was subject to at least the following earlier-perfected security interests:

(A) that certain mortgage granted by Aberdeen in favor of Morgan Stanley Private Bank National Association ("MSPBNA"), which was recorded on February 6, 2012 with the Suffolk County Recorder at Liber 22166, Page 699 (the "MSPBNA Mortgage"), and subsequently assigned to Bay Point;

(B) that certain mortgage granted by Aberdeen and its jointly administered debtor-affiliate, Brickchurch Enterprises, Inc. ("Brickchurch" and together with Aberdeen, the "Debtors"), in favor of JGB Partners, LP; JGB Capital, LP; JGB (Cayman) Ancona Ltd.; and JGB Plymouth Rock LLC (collectively, "JGB"), which was recorded on August 29, 2018 with

---

[2] The Mechanic's Lien was continued for an additional year per an order of the Supreme Court of the State of New York for Suffolk County entered on or around August 21, 2023, such order having been filed with the Clerk of Courts on September 15, 2023.

the Suffolk County Recorder at Liber 22954, Page 723 the (the "JGB Mortgage"), and subsequently assigned to Bay Point;

WHEREAS, on August 2, 2023 (the "Petition Date"), Aberdeen filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court") which case is currently pending before the Court as Case No 23-72834-AST (the "Aberdeen Case"), jointly administered with Case No. 22-70914-AST (collectively, the "Bankruptcy Cases");

WHEREAS, on October 27, 2023, Dream Yard filed proof of claim No. 3-1 (the "Proof of Claim") on the Court's docket[3] asserting a secured claim in the amount of $94,012.98 on account of the goods and services furnished at the Property that are the subject of the Mechanic's Lien;

WHEREAS, on January 24, 2024, pursuant to sale procedures approved by the Court, Aberdeen conducted an auction for the Property, which generated a winning bid in the amount of $40,500,000, plus a buyer's premium of $3,660,000 and a bid enhancement of $1,501,440 (collectively, the "Sale Proceeds");

WHEREAS, on March 7, 2024, Aberdeen consummated the sale of the Property pursuant to *Bay Point Capital Partners II, LP's and the Debtors' Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* [D.I. 215] (the "Plan of Liquidation"), which was confirmed by the Court on March 1, 2024.

WHEREAS, pursuant to Section 5.8(C) of the Plan of Liquidation, $100,000 of the Sale Proceeds that would otherwise have been paid to Bay Point were held in escrow (the "Escrowed Funds") pending further proceedings to determine the extent and value of Dream Yard's secured claim, as determined by entry of a Final Order of the Court, or by agreement of the Debtors, Bay Point and Dream Yard;

WHEREAS, on March 15, 2024, Bay Point filed an *Objection to the Claim of Dream Yard Landscaping, Inc. [Claim No. 3-1]* [D.I. 261] (the "Claim Objection");

WHEREAS, on March 28, 2024, Dream Yard filed a *Response to Objection to the Claim of Dream Yard Landscaping, Inc. [Claim No. 3-1]* [D.I. 273];

WHEREAS, on April 16, 2024, Bay Point filed a *Supplemental Objection to the Claim of Dream Yard Landscaping, Inc. [Claim No. 3-1]* [D.I. 296];

WHEREAS, on May 8, 2024, Bay Point filed a *Reply to the Response to the Objection to the Claim of Dream Yard Landscaping, Inc. [Claim No. 3-1]* [D.I. 308];

WHEREAS, on May 10, 2024, Dream Yard filed a *Response to Bay Point Capital's Supplemental Objection to the Claim of Dream Yard Landscaping, Inc. [Claim No. 3-1]* [D.I. 313];

---

[3] Unless otherwise stated, references to the Court's docket maintained via the ECF system are to the docket for Aberdeen Enterprises, Inc. (Case No. 23-72834).

WHEREAS, on May 15, 2024, the Court held a hearing on the Claim Objection, at which counsel for Bay Point, Dream Yard and the Debtors appeared;

WHEREAS, on May 29, 2024, Bay Point and Dream Yard filed a joint letter with the Court [D.I. 323] advising that they had agreed on a settlement of the Claim Objection;

WHEREAS, after due consideration, Bay Point, Dream Yard, Aberdeen and Brickchurch have each determined in their business judgment that this Settlement Agreement is in their respective best interests, and in the best interests of the Debtors' bankruptcy estates because continued litigation presents risks to respective recoveries, will result in additional costs, and result in delayed payments to creditors.

NOW, THEREFORE, in consideration of the mutual undertakings set forth below, the Parties hereby agree:

1.    <u>Recitals</u>. The recitals set forth above are fully incorporated herein by reference.

2.    <u>Dream Yard Claim</u>. Dream Yard shall have an allowed secured claim against Aberdeen in the Aberdeen Case in the amount of $65,000 (the "<u>Dream Yard Claim</u>"). Dream Yard shall be paid $65,000 in full and final satisfaction of the Dream Yard Claim from the Escrowed Funds pursuant to Section 5.8(C) of the Plan of Liquidation.

3.    <u>Distribution of Remaining Escrowed Funds</u>. The remaining Escrowed Funds after the payment of the Dream Yard Claim shall be distributed in accordance with the terms of the Plan of Liquidation.

4.    <u>Wavier of Remaining Claims</u>.  In consideration of the payment of the Dream Yard Claim pursuant to paragraph 2 above, Dream Yard waives and releases all other present or future claims and causes of action against the Debtors, whether arising before or after each Debtor's respective Petition Date.

5.    <u>Withdrawal of Objection</u>. In consideration of Dream Yard's agreements set forth herein, Bay Point shall file a notice of withdrawal of its Claim Objection.

6.    <u>Release by Debtors</u>. Effective immediately upon execution of this Settlement Agreement, each of the Debtors, on their own behalf and on behalf of each of their respective successors and assigns, hereby release Dream Yard and its successors, assigns, subsidiaries, and affiliates, and each of their respective shareholders, members, managers, directors, officers, employees, insurers, counsel and representatives (collectively, the "<u>Dream Yard Releasees</u>") from any and all obligations, liabilities, debts, claims, causes of action, and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, that the Debtors ever had, now have, or hereafter can, shall or may have against any of the Dream Yard Releasees, from the beginning of the world to the date hereof concerning the Debtors or arising from or related to, directly or indirectly, the above-captioned bankruptcy cases (collectively, the "<u>Debtor Release</u>"); provided, however, the Debtor Release shall not release claims for enforcement or breach of this Settlement Agreement.

7.    Release by Dream Yard. Effective immediately upon execution of this Settlement Agreement, Dream Yard, on behalf of itself and its successors and assigns, hereby releases (A) Bay Point, and its successors, assigns, subsidiaries, and affiliates, and each of their respective shareholders, members, managers, directors, officers, employees, insurers, counsel and representatives (collectively, the "Bay Point Releasees"), and (B) the Debtors, and each of their respective successors, assigns, subsidiaries, and affiliates, and each of their respective shareholders, members, managers, directors, officers, employees, insurers, counsel and representatives (collectively, the "Debtor Releasees") from any and all obligations, liabilities, debts, claims, causes of action, and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which Dream Yard ever had, now has, or hereafter can, shall or may have against any of the Bay Point Releasees and the Debtor Releasees from the beginning of the world to the date hereof concerning the Debtors or arising from or related to, directly or indirectly, the above-captioned bankruptcy cases (collectively, the "Dream Yard Release"); provided, however, the Dream Yard Release shall not release claims for enforcement or breach of this Settlement Agreement.

8.    Release by Bay Point. Effective immediately upon execution of this Settlement Agreement, Bay Point, on behalf of itself and its successors and assigns, hereby releases the Dream Yard Releasees from any and all obligations, liabilities, debts, claims, causes of action, and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, that Bay Point ever had, now has, or hereafter can, shall or may have against any of the Dream Yard Releasees, from the beginning of the world to the date hereof concerning the Debtors or arising from or related to, directly or indirectly, the above-captioned bankruptcy cases (collectively, the "Bay Point Release"); provided, however, the Bay Point Release shall not release claims for enforcement or breach of this Settlement Agreement.

9.    Compromise.  The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that no Party hereby admits, and each expressly denies, any liability on its part. This Settlement Agreement shall not be treated as or deemed to be evidence of or an admission of any fact or liability by any Party, or the merit or lack of merit of any claim or defense of any Party.

10.    Amendment.  No amendment or modification of this Settlement Agreement is binding or enforceable unless in writing and signed by the Parties.

11.    Governing Law; Consent to Jurisdiction.  This Settlement Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of New York, without regard to conflict of law principles. Each of the Parties hereby irrevocably consents to the jurisdiction of the Court with respect to any action to enforce and/or interpret the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum.

12.    Entire Agreement. This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

13.    <u>Successors and Assigns</u>.  This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

14.    <u>Further Assurances</u>. The Parties shall cooperate reasonably and execute all supplementary documents and take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Settlement Agreement.

15.    <u>Severability</u>.  Should any provision(s) of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, then the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby.

16.    <u>Counterparts and Electronic Signature</u>. This Settlement Agreement may be executed electronically, and in one or more counterparts, including by email, PDF, or facsimile, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

17.    <u>Authorization</u>.  Each person signing this Settlement Agreement on behalf of a Party represents and warrants that he has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party and to bind his respective client(s) to the terms and conditions of this Settlement Agreement.

*[space intentionally left blank]*

IN WITNESS WHEREOF, the Parties have each caused this Settlement Agreement to be executed by themselves, or their respective authorized agent, as of the date first written above.

**Dream Yard Landscaping, Inc.**                    **Bay Point Capital Partners II, LP**

By: /s/ Anne Rosenbach                                By: /s/ Alan R. Lepene
    Anne Rosenbach                                      Alan R. Lepene
    Anne Rosenbach, Esq., PLLC                     THOMPSON HINE LLP
    3 Delta Rd                                               3900 Key Center, 127 Public Square
    Massapequa, NY 11758                            Cleveland, OH 44114
    Phone: (516) 795-7808                            Phone: (216) 566-5520
    rosenbachlawfirm@gmail.com                 Alan.Lepene@Thompsonhine.com

    *Counsel to Dream Yard Landscaping Inc.*    *Counsel to Bay Point Capital Partners II, LP*

**Aberdeen Enterprises, Inc.**                      **Brickchurch Enterprises, Inc.**

By: /s/ Kevin Nash                                    By: /s/ Camisha L. Simmons
    Kevin Nash                                           Camisha L. Simmons
    Goldberg Weprin Finkel Goldstein LLP       Simmons Legal PLLC
    125 Park Avenue, 12th Floor                   6060 N. Central Expressway, Suite 500
    New York, New York 10017                       Dallas, Texas 75206

    *Counsel to Aberdeen Enterprises, Inc.*      *Counsel to Brickchurch Enterprises, Inc.*