IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ABERDEEN ENTERPRISES, INC. | Case No. 23-72834-AST |
| BRICKCHURCH ENTERPRISES, INC. | Case No. 22-70914-AST |
| Debtors. | Jointly Administered |

**BAY POINT CAPITAL PARTNERS II, LP'S RESPONSE IN OPPOSITION TO THE
OBJECTION FROM THE SOLE CREDITOR OF ABERDEEN AND BRICKCHURCH
ENTERPRISES BVI CHALLENGING THE PAYMENT RECEIVED BY BAY POINT
CAPITAL PARTNERS II, L.P. THAT IS INCONSISTENT WITH THE ASSIGNED JGB
FORECLOSURE JUDGMENT/CLAIMS**

Bay Point Capital Partners II, L.P. ("Bay Point"), by and through its undersigned counsel,

hereby responds in opposition (this "Response")[1] to the *Objection from the Sole Creditor of*

*Aberdeen and Brickchurch Enterprises BVI Challenging the Payment Received by Bay Point*

*Capital Partners II, L.P. that is Inconsistent with the Assigned JGB Foreclosure Judgment/Claims*

[Dkt. No. 339][2] (the "Objection") filed by Louise Blouin ("Ms. Blouin") on July 30, 2024. In

support of this Response, Bay Point respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      Although the history of these cases is lengthy and complex, this matter is

straightforward. Bay Point is the senior secured lender to the above-captioned debtors

(collectively, the "Debtors") on account of the debtor-in-possession financing provided in the

aggregate amount of $62 million (the "DIP Loan"). Louise Blouin is the ultimate beneficial owner

of the Debtors through a series of entities located in the British Virgin Islands, including

---

[1] Capitalized terms used but not defined herein have the meanings given to such terms in the Joint Plain and
Confirmation Order (each defined below), as applicable.
[2] Unless otherwise stated, docket references contained herein are to the Court's docket maintained for the lead debtor,
*Aberdeen Enterprises, Inc., Case No. 23-72834-AST* (the "Aberdeen Docket").

Brickchurch Enterprises (BVI) Ltd. and Aberdeen Enterprises (BVI) Ltd. (the "Equity Owners").

2.      On March 1, 2024 the Court confirmed the Joint Plan, which was the result of months of heavy negotiations between Bay Point and the Debtors and also involved input from Ms. Blouin's counsel. The Joint Plan provided for, among other things, the distribution of proceeds from the sale of Debtors' primary assets being the ultra-luxury residential real estate located in the Hamptons. Bay Point did not receive repayment in full of its claims. Ms. Blouin had actual knowledge of the terms of the Joint Plan and the Confirmation Order, including the time proscribed for making objections to claims. Despite such knowledge, Ms. Blouin waited more than four months after the claims objection deadline to file her Objection. Ms. Blouin's Objection is not only frivolous, but it is also severely tardy. As such, the Objection should be overruled and dismissed.

## FACTUAL BACKGROUND AND ARGUMENT

3.      The factual history of Bay Point's claims against the Debtors' estates (the "Bay Point Claims") is more fully set forth in the *Bay Point Capital Partners II, LP's Response in Opposition to Objection of the Aberdeen Debtor Seeking to Reduce and/or Reallocate the Closing Payments Received by Bay Point Capital Partners II, LP* [Dkt. No. 309].

4.      On February 16, 2024, the Debtors and Bay Point filed (i) the *Bay Point Capital Partners II, LP's and the Debtors' Second Amended Joint Liquidating Plan under Chapter 11 of the Bankruptcy Code* [D.I. 215] (the "Joint Plan"); and (ii) the *Bay Point Capital Partners II, LP's and the Debtors' Joint Disclosure Statement* [D.I. 218] (the "Disclosure Statement"). The Joint Plan was "intended to provide an efficient and effective method for distributing the Sale Proceeds resulting from the Auction [of the Properties] and other monetary assets of the Debtors." Joint Plan, at pg. 2.

5.      On March 1, 2024, following a contested confirmation hearing held on February

27, 2024 (the "Confirmation Hearing"), this Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Confirming Bay Point Capital Partners II, LP's and the Debtors' Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code; (II) Approving Bay Point Capital Partners II, LP's and the Debtors' Joint Disclosure Statement; and (III) Approving the Sale Transactions (as Defined Herein) and (IV) Granting Related Relief* [D.I. 248] (the "Confirmation Order") whereby the Court confirmed the Joint Plan (as so confirmed, the "Confirmed Joint Plan").

6.    The Confirmed Joint Plan provides in section 1.31 that the Claims Objection Deadline is 30 days from the entry of the Confirmation Order. Joint Plan, §1.31 ("'Claims Objection Deadline' shall mean . . . for all Claims other than Administrative Expense Claims, thirty (30) days after the entry of this Confirmation Order.").

7.    Likewise, the plan provides "[a]ny party-in-interest, including the Debtors, shall have the right to file, settle, compromise, withdraw or litigate to judgment objections to Disputed Claims. **Objections to Claims shall be served and filed on or before the Claims Objection Deadline**." Joint Plan, § 5.1 (emphasis added).

8.    Based on the foregoing, the last day to file an objection to claims, including the Bay Point Claims, passed on March 31, 2024.

9.    On July 30, 2024, Ms. Blouin filed an Objection whereby she objects to the Confirmed Joint Plan's distribution provisions as they relate to Bay Point and the Bay Point Claims. This comes more than five months after the Confirmation Hearing, which she personally attended, and four months after the Claims Objection Deadline.

10.    Ms. Blouin's Objection is irrefutably untimely.[3] The four-month delay in making

---

[3] Ms. Blouin's Objection refers to a "Preservation of Shareholder Rights in Aberdeen Enterprises, Inc. (Lead Case: 23-72834) and Brickchurch Enterprises, Inc. (Companion Case: 22-70914)" filed on May 14, 2024 [D.I. 317], which

her objection goes well beyond the realm of excusable delay.[4]

11.    Accordingly, the Objection must be overruled and dismissed for these reasons. However, should the Court consider the merits of Ms. Blouin's untimely Objection, Bay Point respectfully requests the opportunity to submit further briefing to address the substantive arguments set forth by Ms. Blouin.[5]

**WHEREFORE**, for all of the above-stated reasons, Bay Point Capital Partners II, L.P. respectfully requests that this Court (i) overrule and dismiss the Objection with prejudice, and (ii) grant such other relief as the Court deems just and proper.

Dated: August 7, 2024                    Respectfully submitted,

                                         **THOMPSON HINE LLP**

                                         By: /s/ *Alexander J. Andrews*
                                         Alexander J. Andrews
                                         300 Madison Avenue 27th Floor
                                         New York, NY 10017
                                         P: 212.908.3922 / F: 212.344.6101
                                         Alexander.Andrews@ThompsonHine.com
                                                          &
                                         John C. Allerding (admitted *pro hac vice*)
                                         3560 Lenox Road NE, Suite 1600
                                         Atlanta, Georgia 30326
                                         P: 404.407.3676 / F: 404.541.2905
                                         John.Allerding@ThompsonHine.com

                                         *Counsel for Bay Point Capital Partners II, L.P.*

---

[4] itself refers to a non-existent document that Ms. Blouin alleges was filed on April 8, 2024. A review of the Court's docket shows that no document was filed by Ms. Blouin on April 8, 2024. Moreover, any documents filed on April 8, 2024 and May 14, 2024 could not constitute valid objections to the Bay Point Claims because both of those dates also fall after the Claims Objection Deadline (i.e., March 31, 2024).

[4] Ms. Blouin has not sought leave from the Court to make such objection or attempted to address her tardiness.

[5] The substantive arguments raised in Ms. Blouin's Objection deficient on numerous grounds, including (i) application of the legal doctrines of *res judicata* and collateral estoppel; and (ii) Ms. Blouin's lack of standing with respect to the arguments raised.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ABERDEEN ENTERPRISES, INC. | Case No. 23-72834-AST |
| BRICKCHURCH ENTERPRISES, INC. | Case No. 22-70914-AST |
| Debtors. | Jointly Administered |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 7, 2024, the undersigned caused true and correct copies of the annexed document to be filed on the Court's docket which caused electronic service of the same upon the counsel and parties of record that have consented to such service through the Court's Electronic Case Filing System.

The undersigned hereby further certifies that, on August 7, 2024, the undersigned caused true and correct copies of the annexed document to be served via direct e-mail to the individuals listed in **<u>Exhibit A</u>** hereto.

*[Remainder of Page Intentionally Left Blank]*

Dated:  August 7, 2024

Respectfully submitted,

THOMPSON HINE LLP

By: /s/ *Alexander J. Andrews*
Alexander J. Andrews
300 Madison Avenue 27th Floor
New York, NY 10017
P: 212.908.3922 / F: 212.344.6101
Alexander.Andrews@ThompsonHine.com

## EXHIBIT A

- William Birmingham, counsel for the Office of the United States Trustee, at
  william.birmingham@usdoj.gov
- Camisha Simmons, counsel for Brickchurch Enterprises, Inc., at
  Camisha@SimmonsLegal.Solutions
- Kevin Nash, counsel for Aberdeen Enterprises, Inc., at
  kjnash@gwulaw.com
- Louise Blouin, on behalf of herself, Aberdeen Enterprises (BVI) Ltd., and
  Brickchurch Enterprises (BVI) Ltd., at
  lt@ltbholding.com